1
2
3
4
5
6

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Tel.: (818) 347-3333 | Fax: (818) 347-4118
*Attorneys for Plaintiffs*

7
8
9
10
11

Roger A. Colvin (SBN 068773)
rcolvin@acglawfirm.com
Christy M. Garcia (SBN 316570)
**ALVAREZ-GLASMAN & COLVIN**
13181 Crossroads Parkway North, Suite 400 – West Tower
City of Industry, California 91746
Tel. (562) 699-5500 - Fax (562) 692-2244
*Attorneys for Defendant City of Huntington Park*

12
13

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; C.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; J.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; M.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado,

Plaintiffs,

v.

CITY OF HUNTINGTON PARK; DOES 1 through 10, inclusive,

Defendants.

Case No. 2:23-cv-09412-CBM-AGR

*Hon. Dist. Judge Consuelo B. Marshall*
*Hon. Mag. Judge Alicia G. Rosenberg*

**JOINT RULE 26(f) REPORT**

Date:   April 30, 2024
Time:   10:00 a.m.
Crtrm: 8D

**Complaint (with Demand for Jury Trial) Filed**: Nov. 7, 2023
**Responsive Pleading**: January 2, 2024
**Trial (Proposed)**: June 23, 2025

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's January 9, 2024 Order setting the Scheduling Conference (Dkt. 19), the early meeting of counsel has been conducted between counsel for Plaintiffs D.S., C.S., J.S., and M.S. ("Plaintiffs") and counsel for Defendant City of Huntington Park. The early meeting of counsel took place via conference call on March 29, 2024, and was attended by Benjamin S. Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Roger A. Colvin and Christy M. Garcia of Alvarez-Glasman & Colvin, counsel for Defendant.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(1)   Subject Matter Jurisdiction**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

**(2)   Statement of the Case**

Plaintiffs' Summary: Plaintiffs allege that, on October 30, 2022, Plaintiffs' decedent, William Salgado ("Mr. Salgado") was at his home in Huntington Park, California, when City of Huntington Park police officers arrived at Mr. Salgado's apartment complex in response to a call reporting a man armed with a gun. On information and belief, Mr. Salgado was not armed with a gun, but officers encountered him behaving erratically outside of his residence, and an officer holding a ballistic shield used the shield to block an object Mr. Salgado threw. Then, on

information and belief, while Mr. Salgado was attempting to run away from officers, officers opened fire on Mr. Salgado with lethal and less-lethal ammunition while his back was turned, killing him. Plaintiffs further allege that Mr. Salgado posed no immediate threat of death or serious bodily injury to officers at the time they fired at Mr. Salgado, and that officers also failed to provide medical care and unreasonably delayed paramedics in providing medical care to Mr. Salgado.

As a result of these allegations, Plaintiffs bring causes of action under 42 U.S.C. § 1983 against the officers, who have yet to be identified and are currently named as Does, for excessive force, denial of medical care, and interference with familial relations. Plaintiffs also bring causes of action under state law against all Defendants for battery, negligence, and violation of the Bane Act, Cal. Civ. Code § 52.1. Defendant City of Huntington Park has been served and has answered the operative complaint.

**<u>Defendant's Summary</u>:** Defendant alleges that on October 30, 2022, City of Huntington Park officers were dispatched to a residence in Huntington Park pertaining to Plaintiff's decedent, William Salgado, (Mr. Salgado) who was allegedly armed with a gun. Upon arrival at the scene, officers saw Mr. Salgado with his left hand inside of his front left shorts pocket. Officers ordered Mr. Salgado to remove his hand from his pocket, but Mr. Salgado refused.

Mr. Salgado ultimately pulled out two stainless steel knives from the rear of his waistband. Mr. Salgado was given numerous oral commands to "drop the knives," but Mr. Salgado did not follow these instructions.

Officers used a 40-millimeter less lethal launcher which did not strike Mr. Salgado. Mr. Salgado was holding both knives in each hand with the pointed edges protruding from the top of his hands. Moments later, Mr. Salgado threw one of the knives toward one of the officers, striking the officer in his right hand causing an injury to the officer. An officer involved shooting occurred at that point.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### (3)   <u>Damages/Insurance</u>

#### a.   *Damages*

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Mr. Salgado, and Mr. Salgado's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Officers only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

#### a.   *Damages:  Defendant's Issues*:

#### <u>Compensatory Damages</u>

What, if any, amount of damages, Plaintiffs may be entitled to receive as a compensation for Plaintiffs' alleged injuries:

#### <u>Survival Action Damages – 42 U.S.C. § 1983</u>

What, if any, amount of damages Plaintiffs may be entitled as to Mr. Salgado's pre-death pain, suffering and loss of enjoyment of life.

#### <u>Punitive Damages</u>

Whether, under the totality of the circumstances known to each officer at the time of the incident, Defendant Doe officers acted toward Mr. Salgado with actual malice, oppression, or reckless/deliberate indifference to the exercise of Mr. Salgado's rights.

#### b.   *Insurance*

The City of Huntington Park is self-insured with excess coverage.

### (4)   <u>Parties, Evidence, etc.</u>

*Parties*: The parties are Plaintiffs D.S., C.S., J.S., and M.S. and Defendants City of Huntington Park and Does 1-10.

*Witnesses*: The percipient witnesses include City of Huntington Park Police Department officers and personnel present at the scene of the fatal shooting of Mr.

Salgado. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Defendant's Parties/Evidence:*

Besides the Defendant officers and personnel present at the scene who witnessed the use of force by the officers, there may be percipient witnesses who are unknown to the defense at the time.  The parties have not yet conducted discovery in the matter to ascertain the names of percipient witnesses or non-percipient.

**_Key Documents Plaintiffs May Use_**: The key documents will include City of Huntington Park Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

**_Key Documents Defendant May Use_**:  Any and all police incident reports, narrative reports, supplemental reports, audio and/or video recordings of the incident, including transcripts, statements made by officers and percipient witnesses related to the incident; investigative reports; diagrams; relevant photographs of the scene, all evidence collected at the scene; medical and autopsy reports; relevant autopsy photographs of decedent; Huntington Park Police Department policies, procedures and training documents; Defendant officers' training and personnel records, subject to restraints of a Protective Order.

**(5)**    **Discovery**

a.    *Status of Discovery*

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties agree to exchange initial disclosures by April 12, 2024. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

///

1

**b.** ***Discovery Plan***

2   The parties have discussed the anticipated discovery and propose a discovery

3   schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based

4   upon the trial calendars of counsel and their evaluation of the parties' discovery

5   needs.

6   Plaintiffs anticipate serving written discovery regarding City records

7   regarding the incident and taking the depositions of City of Huntington Park and

8   Huntington Park Police Department personnel who were involved in the fatal

9   shooting of Mr. Salgado. Plaintiffs may also depose EMTs, paramedics, and/or fire

10  department personnel who arrived to provide medical attention to Mr. Salgado.

11  Plaintiffs also plan to retain experts who will opine on, and potentially testify to,

12  issues of liability, causation, and damages. Plaintiffs intend to retain a police

13  practices expert and may retain additional experts as needed. Plaintiffs anticipate

14  serving written interrogatories, requests for admission, and requests for production

15  of documents.

16  Defendant anticipates service of disclosures pursuant to Federal Rule of Civil

17  Procedure 26 as well as propounding written discovery concerning the claims at

18  issue – potentially including interrogatories, requests for production, and requests

19  for admission (potentially including requests for authentication or other foundation

20  as to key record/documentary evidence).

21  Defendant anticipates the taking of the depositions of Plaintiffs, all percipient

22  witnesses, EMT's, paramedics, and/or fire personnel, medical examiner and

23  Plaintiff's police practices expert.  Defendant intends to retain a police procedures

24  and use of force expert and may retain additional experts as needed.

25  The parties will also take the depositions of any experts or witnesses

26  identified by the other.

27  The parties do not see any issues regarding electronically stored information

28  pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiffs learn through discovery that there were more City of Huntington Park and/or Huntington Park Police Department personnel who were present during relevant events and may be material witnesses than Plaintiffs would otherwise be able to depose.

The parties propose a non-expert discovery cut-off of December 20, 2024, which is also as set forth in Exhibit A hereto.

The parties have discussed expert discovery and proposed exchange dates of: Initial Expert Disclosure on January 17, 2025; Rebuttal Expert Disclosure on February 14, 2025; and Expert Discovery Cut-off of February 28, 2025. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(6)** **Plaintiffs' Legal Issues**

1.     Whether the Defendant Officers used excessive force against Mr. Salgado;

2.     Whether the Defendant Officers' actions were reasonable under the circumstances within the meaning of Fourth and Fourteenth Amendment jurisprudence;

3.     Whether the Defendant Officers denied timely medical care to Mr. Salgado;

4.     Whether the Defendant Officers unlawfully interfered with Plaintiffs' familial relationship with Mr. Salgado;

5.     Whether the Defendant Officers were negligent toward Mr. Salgado;

6.  Whether any individual Defendant acted with evil motive or intent, or reckless or callous indifference toward Plaintiffs, entitling Plaintiffs to punitive damages;

7.  The nature and scope of Plaintiffs' damages; and

8.  Whether Plaintiffs are entitled to punitive damages.

**Defendant's Legal Issues**

9.  **Reasonableness of Use of Force – All (Section 1983 Excessive Force, Battery, Negligence in Use of Force).** Whether, under the totality of the circumstances known to the officer)s_ at the time of the incident, from the perspective of a reasonable officer confronted with such circumstances, it was objectively reasonable for the Defendant officer(s) to use the force used upon the Decedent, to restrain Decedent, arrest/detain Decedent, and/or overcome Decedent's resistance or flight.

10. Whether the officers had probable cause to believe that the decedent posed an imminent threat of death or serious bodily injury, either to the officers, or others at the scene.

11. Whether there was probable cause to believe that the decedent threatened the officer(s) with a weapon and had probable cause to believe that the decedent had committed a crime involving the infliction or threatened infliction of physical harm, or deadly force.

12. Whether the decedent actively resisted arrest or attempts to evade arrest.

13. Whether, under the totality of the circumstances, known to such officer at the time of the incident, officers at the incident

promptly summoned medical care for decedent after his injury was known to the officers.

14. **<u>Substantive Due Process/Interference with Familial Relationship</u>** -- Whether the conduct of the officers shocked the consciousness and if the conduct was deliberately indifferent

15. **<u>Battery-State Law Claim</u>** – Whether the conduct of the officers at the incident was unreasonable or excessive.

16. **Bane Act – Civil Code section 52.1 – State Law** – Whether the officers at the incident interfered with the decedent's enjoyment of individual rights by the use of "threats, intimidate or coercion."

17. **Negligence – State Law** – Whether the officers at the incident used unreasonable or excessive force.

18. Whether the officers' use of force at the incident was objectively reasonable based upon the totality of the circumstances.

19. Whether the individual officers are entitled to qualified immunity regarding the federal 1983 claims.

20. 30(b)(6) witnesses, and depositions of percipient witnesses. The number of percipient witnesses to the incident is still being investigated, but it is possible that there could be dozens of percipient witnesses or other witnesses who need to be deposed in this action, so as to avoid surprise at trial.

Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

The parties also anticipate that each side (set of opposing parties) will designate 1-5 experts on liability and damages issues, potentially including non-retained experts, and that depositions of such experts will also be taken. However,

this estimate is not meant to limit the parties and each party reserves their right to call additional experts as appropriate as appropriate in light of the circumstances and the nature of the claims and defenses at issue.  The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

The parties have agreed to a Protective Order concerning documents that the parties contend are confidential.

The parties have discussed anticipated discovery, and based on the trial calendars of counsel for the parties and discovery needs, the parties propose the non-expert discovery cut-off, meaning the final day for completion of discovery, including resolution of all discovery motions be set for December 20, 2024.

**(7)** <u>**Motions**</u>

a. *Procedural Motions*

There are no pending motions. Plaintiffs anticipate filing either a stipulation to name the currently unidentified individual involved officers, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiffs are hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

*Defendant's Procedural Motions*

At present, the parties are not aware of any motions pending before this Court.  However, during the course of litigation of this action, Defendant may file the following potential motions:

Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;

Motion for summary judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar issues arising from the operative statutes of limitation;

Motion for bifurcation of trial or punitive damages;

Motion in limine, potentially including *Daubert* motions in limine; and other pretrial and/or post-trial motions as may be appropriate

**b.    *Dispositive Motions***

The parties have discussed potential motions and propose a deadline of April 8, 2025, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiffs may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendant agrees to Plaintiffs' proposal.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**c.    *Class Certification Motion***

Not applicable.

**(8)    Alternative Dispute Resolution (ADR)**

**a.    *Prior Discussions/Settlement Discussions***

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

**b.    *ADR Selection***

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge. The parties also reserve their right to pursue private mediation.

**(9)    Trial**

**a.    *Proposed Trial Date***

The parties propose a trial start date of June 23, 2025. These dates reflect the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for late 2024 and early 2025.

**b.    *Time Estimate***

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

**c.    *Jury or Court Trial***

The parties request a trial by jury.

**d.    *Magistrate Judge***

The parties are not requesting to try the case before a magistrate judge.

**e.    *Trial Counsel***

Dale K. Galipo will be lead trial counsel for Plaintiffs.  Roger A. Colvin will be lead trial counsel for Defendant.

**(10)    Special Requests/Other Issues**

**a.    *Independent Expert or Master***

The parties agree that this case does not require an independent expert or master.

///

**b.**   ***Manual for Complex Litigation***

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**c.**   ***Other Issues***

The parties do not believe there are any unusually complicated or technical issues at this time.

The parties will file a stipulated protective order with the Magistrate.

The parties do not propose severance.  Defendant believes that bifurcation of trial may be appropriate subject to discovery and motions *in limine*.

Respectfully submitted,

Dated: April 10, 2024          LAW OFFICES OF DALE K. GALIPO

By   */s/ Benjamin S. Levine*
　　　DALE K. GALIPO
　　　BENJAMIN S. LEVINE[1]
　　　*Attorneys for Plaintiffs*

Dated: April 10, 2024          ALVAREZ-GLASMAN & COLVIN

By   */s/ Roger A. Colvin*
　　　ROGER A. COLVIN
　　　CHRISTY M. GARCIA
　　　*Attorneys for Defendant City of Huntington Park*

---

[1] The filer, Benjamin S. Levine, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

1
2
3

## EXHIBIT A
## JUDGE CONSUELO B. MARSHALL
## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 2:23-cv-09412-CBM-AGR |
|---|---|
| Case Name: | *D.S., et al. v. City of Huntington Park, et al.* |

| Matter | Plaintiffs' Request | Defendant's Request | Court's Order |
|---|---|---|---|
| _X_ Jury Trial *or*__ Court Trial Length: 5-7 days | June 23, 2025 | Same | |
| Final Pretrial Conference [L.R. 16] Hearing on Motions *In Limine* | June 3, 2025 | Same | |
| Deadline to File Pretrial Documents | May 23, 2025 | Same | |
| Deadline to File Motions *In Limine* | May 16, 2025 | Same | |
| ADR Cutoff | May 2, 2025 | Same | |
| Dispositive Motion Hearing Cutoff | April 8, 2025 | Same | |
| Expert Discovery Cutoff | February 28, 2025 | Same | |
| Rebuttal Expert Disclosure | February 14, 2025 | Same | |
| Initial Expert Disclosure | January 17, 2025 | Same | |
| Fact Discovery Cutoff | December 20, 2024 | Same | |
| Last Date to Add Parties or Amend Pleadings | August 9, 2024 | Same | |

ADR [L.R. 16-15] Settlement Choice: Amenable to either of the following:

    _X_    Attorney Settlement Officer Panel

    ____    Private Mediation

    ____    Magistrate Judge