Exhibit A

1

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

2

3

4

5

**LAW OFFICES OF OSCAR H. GUTIERREZ, APC**
Oscar Rene Gutierrez (SBN 276101)
attorneygutierrez@gmail.com
6086 York Blvd.
Los Angeles, CA 90042
Tel: (323) 999-3500
Fax: (323) 999-3537

6

7

8

9

*Attorneys for Plaintiffs*

10

11

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

12

13   D.S., a minor by and through his
guardian *ad litem* Elsa Acosta,
individually and as successor-in-interest
to William Salgado; C.S., a minor by
and through his guardian *ad litem* Elsa
Acosta, individually and as successor-
in-interest to William Salgado; J.S., a
minor by and through her guardian *ad
litem* Elsa Acosta, individually and as
successor-in-interest to William
Salgado; M.S., a minor by and through
her guardian *ad litem* Elsa Acosta,
individually and as successor-in-interest
to William Salgado,

14

15

16

17

18

19

20

21

22

                    Plaintiffs,

23

24              v.

25   CITY OF HUNTINGTON PARK;
NICK NICHOLS; RENE REZA;
MATTHEW RINCON; APRIL
WHEELER; and DOES 5~~1~~ through 10,
inclusive,

26

27

28

**FIRST AMENDED COMPLAINT
FOR DAMAGES**

1.  Fourth Amendment, Excessive
    Force (42 U.S.C. § 1983)
2.  Fourth Amendment, Denial of
    Medical Care (42 U.S.C. § 1983)
3.  Fourteenth Amendment,
    Interference with Familial
    Relations (42 U.S.C. § 1983)
4.  Battery (Wrongful Death)
5.  Negligence (Wrongful Death)
6.  Violation of Bane Act (Cal. Civil
    Code §52.1)

**DEMAND FOR JURY TRIAL**

1  | Defendants.

2

## COMPLAINT FOR DAMAGES

3  D.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; C.S., a minor by and through his guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado; J.S., a minor by and through her guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado; M.S., a minor by and through her guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado (collectively, "Plaintiffs"), for their Complaint against Defendants CITY OF HUNTINGTON PARK, NICK NICHOLS, RENE REZA, MATTHEW RINCON, APRIL WHEELER, and DOES 5~~1~~-10, inclusive (collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law based on law enforcement officers' fatal shooting of

1  Plaintiffs' father, William Salgado, on October 30, 2022.

2      4.    Plaintiffs allege that the injuries and death of William Salgado was were

3  a result of the excessive use of less-lethal and deadly force by Defendants DOES 1-

4  10NICK NICHOLS, RENE REZA, MATTHEW RINCON, APRIL WHEELER, and

5  DOES 5-10; and was also a result of Defendants' failure to provide reasonable medical

6  care to William Salgado despite William Salgado's serious medical condition after

7  being shot numerous times; and was a result of Defendants' deliberate indifference to

8  William Salgado's Constitutional rights.

9                                     **PARTIES**

10      5.    At all relevant times, William Salgado ("DECEDENT") was an individual

11  residing in the County of Los Angeles, California.

12      6.    Plaintiff D.S. ("D.S.") is an individual residing in the County of Los

13  Angeles, California and is the natural minor child of DECEDENT. D.S. sues both in

14  his individual capacity as the minor child of DECEDENT and in a representative

15  capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil

16  Procedure §§ 377.30 and 377.60. D.S. seeks both survival and wrongful death damages

17  under federal and state law.

18      7.    Plaintiff C.S. ("C.S.") is an individual residing in the County of Los

19  Angeles, California and is the natural minor child of DECEDENT. C.S. sues both in

20  his individual capacity as the minor child of DECEDENT and in a representative

21  capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil

22  Procedure §§ 377.30 and 377.60. C.S. seeks both survival and wrongful death damages

23  under federal and state law.

24      8.    Plaintiff J.S. ("J.S.") is an individual residing in the County of Los

25  Angeles, California and is the natural minor child of DECEDENT. J.S. sues both in

26  her individual capacity as the minor child of DECEDENT and in a representative

27  capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil

28  Procedure §§ 377.30 and 377.60. J.S. seeks both survival and wrongful death damages

1  under federal and state law.

2      9.    Plaintiff M.S. ("M.S.") is an individual residing in the County of Los

3  Angeles, California and is the natural minor child of DECEDENT. M.S. sues both in

4  her individual capacity as the minor child of DECEDENT and in a representative

5  capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil

6  Procedure §§ 377.30 and 377.60. M.S. seeks both survival and wrongful death

7  damages under federal and state law.

8      10.   At all relevant times, Defendant CITY OF HUNTINGTON PARK

9  ("CITY") is and was a duly organized public entity, form unknown, existing under the

10  laws of the State of California. CITY is a chartered subdivision of the State of

11  California with the capacity to be sued. CITY is responsible for the actions, omissions,

12  policies, procedures, practices, and customs of its various agents and agencies,

13  including the City of Huntington Park Police Department and its agents and employees.

14  At all relevant times, Defendant CITY was responsible for assuring that the actions

15  omissions, policies, procedures, practices, and customs of the City of Huntington Park

16  Police Department, and its employees and agents complied with the laws of the United

17  States of the State of California. At all relevant times, CITY was the employer of all or

18  some of Defendant DOES 1-10.

19      11.   Defendant NICK NICHOLS ("NICHOLS") was a police officer for the

20  CITY's Police Department at the time of the incident. NICHOLS was acting under

21  color of law within the course and scope of his employment with the CITY at all

22  relevant times. NICHOLS was acting with the complete authority and ratification of

23  his principal, Defendant CITY.

24      12.   Defendant RENE REZA ("REZA") was a police officer for the CITY's

25  Police Department at the time of the incident. REZA was acting under color of law

26  within the scope of his employment with the CITY at all relevant times. REZA was

27  acting with the complete authority and ratification of his principal, Defendant CITY.

28      13.   Defendant MATTHEW RINCON ("RINCON") was a police officer for

the CITY's Police Department at the time of the incident. RINCON was acting under color of law within the scope of his employment with the CITY at all relevant times. RINCON was acting with the complete authority and ratification of his principal, Defendant CITY.

10.14. Defendant APRIL WHEELER ("WHEELER") was a police officer for the CITY's Police Department at the time of the incident. WHEELER was acting under color of law within the scope of her employment with the CITY at all relevant times. WHEELER was acting with the complete authority and ratification of her principal, Defendant CITY.

11.15. Defendants DOES 15-10 are police officers for the CITY's Police Department ("DOE OFFICERS"). At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Police Department; and were acting with the complete authority and ratification of their principal, Defendant CITY.

12.16. On information and belief, Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS were residents of the County of Los Angeles, California at all relevant times.

13.17. In doing the acts, failings, and/or omissions as hereinafter described, Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS were acting on the implied and actual permission and consent of Defendant CITY.

14.18. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 15-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herin.

15.19. Defendants DOES 15-10 are sued in their individual capacities.

16.20. At all times mentioned herein, each and every Defenadant, including

1  DOES ~~1~~5-10, was the agent of each and every other Defendant and had the legal duty
2  to oversee and supervise the hiring, conduct, employment of each and every Defendant.

3      ~~17.~~21.All of the acts complained of herein by Plaintiffs against Defendants,
4  including DOES ~~1~~5-10, were done and performed by said Defendants by and through
5  their authorized agents, servants, and/or employees, all of whom at all relevant times
6  herein were acting with the course, purpose, and scope of said agency, service, and/or
7  employment capacity. Moreover, Defendants and their agents ratified (or will ratify)
8  all of the acts complained herein.

9      ~~18.~~22.On or around March 15, 2023, Plaintiffs filed comprehensive and timely
10 claims for damages with the City of Huntington Park pursuant to the applicable
11 sections of the California Government Code. Said claims were rejected by operation
12 of law on April 29, 2023. As of the date of the filing of this Complaint, Plaintiffs have
13 not received any rejection or other response from the City of Huntington Park.

14                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15     ~~19.~~23.Plaintiffs repeat and reallege each and every allegation in the foregoing
16 paragraphs of this Complaint with the same force and effect as if fully set forth herein.

17     ~~20.~~24.On or about October 30, 2022, DECEDENT was at his residence located
18 on or about the 6300 block of Malabar Street in the City of Huntington Park, California.

19     ~~21.~~25.On information and belief, ~~DOE OFFICERS~~NICHOLS, REZA,
20 RINCON, WHEELER, and DOE OFFICERS arrived at the apartment complex in
21 which DECEDENT's residence was located in response to a 911 call reporting a man
22 armed with a gun.

23     ~~22.~~26.On information and belief, ~~DOE OFFICERS~~NICHOLS, REZA,
24 RINCON, WHEELER, and DOE OFFICERS encountered DECEDENT outside of his
25 residence and behaving erratically.

26     27.   On information and belief, DECEDENT was not armed with a gun.

27     ~~23.~~28.On information and belief, WHEELER escalated the situation when she
28 fired a less-lethal 40-milimeter launcher round at DECEDENT without legal

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   justification.

2   ~~24.~~29.On information and belief, DECEDENT then threw an object at an officer

3   who was holding a ballistic shield, which successfully blocked the object.

4   ~~25.~~30.On information and belief, DECEDENT then began to run away from

5   ~~DOE OFFICERS~~NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS.

6   ~~26.~~31.On information and belief, while DECEDENT was running away from

7   ~~DOE OFFICERS~~NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS

8   with his back facing toward ~~DOE OFFICERS~~them, ~~DOE OFFICERS opened fire with~~

9   ~~lethal and less-lethal ammunition~~NICHOLS fired at least one round at DECEDENT

10  using his firearm, REZA fired at least two rounds at DECEDENT using his firearm,

11  RINCON fired at least one round at DECEDENT using his firearm, and WHEELER

12  fired at least one round at DECEDENT using a 40-milimeter less-lethal launcher.

13  ~~27.~~32.~~DOE OFFICERS'~~NICHOLS, REZA, RINCON, and WHEELER'S shots

14  struck DECEDENT, causing him serious physical injury, pre-death pain and suffering,

15  and eventually killing him.

16  ~~28.~~33.On information and belief, after ~~the DOE OFFICERS~~NICHOLS, REZA,

17  RINCON, and WHEELER discharged their ~~firearms~~weapons and ~~became~~were aware

18  of DECEDENT's deteriorioating physical condition, ~~DOE OFFICERS~~ DEFENDANTS

19  waited several minutes before summoning paramedics to render medical care, and

20  further delayed paramedics' ability to render medical care once they arrived.

21  ~~29.~~34.On information and belief, at the time DECEDENT was fatally shot,

22  DECEDENT was ~~unarmed~~not armed with a gun. Further, based on information and

23  belief, at the time of the shooting, DECEDENT was sufficiently far away from any

24  other person such that he was not in striking distance of any other person.

25  ~~30.~~35.At the time of ~~the shooting DECEDENT~~DEFENDANTS' uses of deadly

26  and less-lethal force, DECEDENT posed no immediate threat of injury, including death

27  or serious physical injury, to ~~DOE OFFICERS~~DEFENDANTS, or any other person,

28  because, on information and belief, DECEDENT was running away and was

7

1  unarmednot carrying a gun, and was a safe distance away from all other individuals
2  who were present at the scene.

3  31.36. On information and belief, DECEDENT never verbally threatened anyone
4  prior to being fatally shotin the moments before deadly and less-lethal force was used
5  by DOE OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS.

6  32.37. On information and belief, DOE OFFICERSNICHOLS, REZA,
7  RINCON, WHEELER, and DOE OFFICERS did not give DECEDENT a verbal
8  warning that less-lethal or deadly force would be used prior to shooting using deadly
9  and less-lethal force against DECEDENT, despite it being feasible to do so, and DOE
10  OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS did not
11  issue appropriate commands to DECEDENT.

12  33.38. Despite DECEDENT's erratic behavior indicating that DECEDENT was
13  experiencing a mental health crisis, DOE NICHOLS, REZA, RINCON, WHEELER,
14  and DOE OFFICERS OFFICERS did not investigate whether DECEDENT was in fact
15  having a mental health crisis, including by summoning any specialized mental health
16  units or teams that were available at the time.

17  34.39. On information and belief, DOE OFFICERSNICHOLS, REZA,
18  RINCON, WHEELER, and DOE OFFICERS did not properly assess the situation
19  regarding DECEDENT's mental state; did not employ adequate tactics to de-escalate
20  the situation; did not give DECEDENT sufficient time to comprehend the presence of
21  DOE OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS at
22  his home; did not develop a tactical plan regarding DECEDENT's mental state; did not
23  speak to DECEDENT in a sensitive and non-threatening manner; and did not give
24  DECEDENT the an adequate opportunity to cooperate with instructions.

25  35.40. On information and belief, DECEDENT did not lunge toward DOE
26  OFFICERSNICHOLS, REZA, RINCON, WHEELER, or DOE OFFICERS;
27  DECEDENT did not move toward DOE OFFICERSNICHOLS, REZA, RINCON,
28  WHEELER, or DOE OFFICERS; and DECEDENT did not step forward toward DOE

8

1  OFFICERSNICHOLS, REZA, RINCON, WHEELER, or DOE OFFICERS.

2  36.41. On information and belief, DOE OFFICERSNICHOLS, REZA,

3  RINCON, WHEELER, and DOE OFFICERS did not employ tactics to de-escalate the

4  situation; failed to give DECEDENT time and space to understand and accept the

5  presence of DOE OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE

6  OFFICERS; failed to approach and speak to DECEDENT in a non-threatening manner;

7  and failed to give DECEDENT the opportunity to consent to and cooperate with any

8  instruction DOE OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE

9  OFFICERS provided.

10  37.42. On information and belief, DOE OFFICERSNICHOLS, REZA,

11  RINCON, WHEELER, and DOE OFFICERS were capable of neutralizing and/or

12  effectuating the seizure of DECEDENT using any of a variety of readily available less-

13  than-lethal means or strategies. The force used by DOE OFFICERSNICHOLS, REZA,

14  RINCON, WHEELER, and DOE OFFICERS was unnecessary, excessive, and

15  unreasonable under the totality of the circumstances.

16  38.43. DOE OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE

17  OFFICERS fatally shot DECEDENT even though he did not pose an immediate threat

18  of death or serious bodily injury to the officers or anyone else at the time they fired and

19  even though there were other less lethal options available. DOE OFFICERSNICHOLS,

20  REZA, RINCON, WHEELER, and DOE OFFICERS did not show reverence for

21  human life. DOE OFFICERSNICHOLS, REZA, RINCON, WHEELER, and DOE

22  OFFICERS are responsible for every single shot they fired and this was not an

23  immediate defense of life situation.

24  39.44. On information and belief, DECEDENT did not have a firearm and never

25  pointed a firearm at Defendants DOE OFFICERSNICHOLS, REZA, RINCON,

26  WHEELER, and DOE OFFICERS, or anyone else, prior to being fatally shot.

27  40.45. Plaintiff D.S. is DECEDENT's successor-in-interest as defined in Section

28  377.11 of the Califoria Code of Civil Procedure and succeeds to DECEDENT's interest

in this action as the natural child of DECEDENT.

41.46. Plaintiff C.S. is DECEDENT's successor-in-interest as defined in Section 377.11 of the Califoria Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural child of DECEDENT.

42.47. Plaintiff J.S. is DECEDENT's successor-in-interest as defined in Section 377.11 of the Califoria Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural child of DECEDENT.

43.48. Plaintiff M.S. is DECEDENT's successor-in-interest as defined in Section 377.11 of the Califoria Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural child of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment — Excessive Force (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS)

44.49. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45.50. Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS used excessive force against DECEDENT when they shot him several times with their firearms and with less-lethal weapons. Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46.51. The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury to anyone at the time of the shooting. Further, Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS' shooting and use of force violated their training and standard police officer training.

47.52. As a result of NICHOLS, REZA, RINCON, WHEELER and DOE

10

1  OFFICERS' unjustified use of force against DECEDENT, DECEDENT suffered
2  extreme pain and suffering and emotional distress up to the time of his death, loss of
3  enjoyment of life, loss of life, and loss of earning capacity. Plaintiffs have also been
4  deprived of the life-long love, companionship, comfort, support, society, care, and
5  sustenance of DECEDENT, and will continue to be so deprived for the remainder of
6  their natural lives.

7      48.53. As a result of the conduct of Defendants NICHOLS, REZA, RINCON,
8  WHEELER, and DOE OFFICERS, they are liable for DECEDENT's injuries, either
9  because they were integral participants in the use of excessive force, and/or because
10 they failed to intervene to prevent these violations.

11     49.54. The conduct of Defendants NICHOLS, REZA, RINCON, WHEELER,
12 and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard
13 for the rights and safety of DECEDENT and therefore warrants the imposition of
14 exemplary and punitive damages as to Defendants NICHOLS, REZA, RINCON,
15 WHEELER, and DOE OFFICERS.

16     50.55. As a direct and proximate result of the wrongful death of DECEDENT,
17 Plaintiffs suffered the loss of love, companionship, comfort, care, assistance,
18 protection, affection, society, financial support, moral support, and guidance of
19 DECEDENT. Accordingly, Defendants NICHOLS, REZA, RINCON, WHEELER,
20 and DOE OFFICERS are liable to Plaintiffs for wrongful death damages under 42
21 U.S.C. § 1983.

22     51.56. Plaintiffs also bring this claim as successors-in-interest to DECEDENT
23 and seek survival damages, including pre-death pain and suffering, emotional distress,
24 loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights.
25 Plaintiffs also seek wrongful death damages.

26     57.    Plaintiffs also seek attorney's fees and costs under this claim.
27 52.

28              **SECOND CLAIM FOR RELIEF**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**Fourth Amendment — Denial of Medical Care (42 U.S.C. § 1983)**

(By All Plaintiffs against Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS)

53.58. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54.59. The denial of medical care by Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

55.60. After the shooting use of deadly and less-lethal force by NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS, DECEDENT had obvious injuries and was bleeding profusely. Nevertheless, Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

56.61. As a result, DECEDENT suffered extreme mental and physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

57.62. Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

58.63. The conduct of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard

for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS.

59.64. As a result of the conduct of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS, they are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

60.65. As a direct and proximate result of the wrongful death of DECEDENT, Plaintiffs suffered the loss of love, companionship, comfort, care, assistance, protection, affection, society, financial support, moral support, and guidance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Accordingly, Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS are liable to Plaintiffs for wrongful death damages under 42 U.S.C. § 1983.

61.66. Plaintiffs also bring this claim as successors-in-interest to DECEDENT and seek survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights.

62.67. Plaintiffs also seek attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment — Interference with Familial Relations**

**(42 U.S.C. § 1983)**

(By All Plaintiffs against Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS)

63.68. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64.69. D.S. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in D.S.'s

1 familial relationship with his father, DECEDENT.

2   65.70. C.S. had a cognizable interest under the Due Process Clause of the

3 Fourteenth Amendment of the United States Constitution to be free from state actions

4 that deprive him of life, liberty, or property in such a manner as to shock the

5 conscience, including but not limited to unwarranted state interference in C.S.'s

6 familial relationship with his father, DECEDENT.

7   66.71. J.S. had a cognizable interest under the Due Process Clause of the

8 Fourteenth Amendment of the United States Constitution to be free from state actions

9 that deprive her of life, liberty, or property in such a manner as to shock the conscience,

10 including but not limited to unwarranted state interference in J.S.'s familial relationship

11 with her father, DECEDENT.

12   67.72. M.S. had a cognizable interest under the Due Process Clause of the

13 Fourteenth Amendment of the United States Constitution to be free from state actions

14 that deprive her of life, liberty, or property in such a manner as to shock the conscience,

15 including but not limited to unwarranted state interference in M.S.'s familial

16 relationship with her father, DECEDENT.

17   68.73. The aforementioned actions of NICHOLS, REZA, RINCON,

18 WHEELER, and DOE OFFICERS, along with other undiscovered conduct, shock the

19 conscience, in that NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS

20 acted with deliberate indifference to the constitutional rights of Plaintiffs, and with

21 purpose to harm unrelated to any legitimate law enforcement objective.

22   69.74. As a direct and proximate result of the acts of NICHOLS, REZA,

23 RINCON, WHEELER, and DOE OFFICERS, DECEDENT experienced pain and

24 suffering and eventually died. Defendants NICHOLS, REZA, RINCON, WHEELER,

25 and DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to

26 be free from unwarranted interference with their familial relationship with

27 DECEDENT.

28   70.75. As a direct and proximate cause of the acts of NICHOLS, REZA,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  RINCON, WHEELER, and DOE OFFICERS, Plaintiffs suffered extreme and severe

2  emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the

3  life-long love, companishionship, comfort, support, society, care, and sustenance of

4  DECEDENT, and will continue to be so deprived for the remainder of their natural

5  lives.

6      ~~71.~~76. The conduct of NICHOLS, REZA, RINCON, WHEELER, and DOE

7  OFFICERS was willful, wanton, malicious, and done with reckless disregard for the

8  rights and safety of DECEDENT and therefore warrants the imposition of exemplary

9  and punitive damages as to Defendants NICHOLS, REZA, RINCON, WHEELER,

10 and DOE OFFICERS.

11     ~~72.~~77. Plaintiff D.S. brings this claim individually for the interference with his

12 relationship with his father DECEDENT and seeks wrongful death damages for the

13 violation of Plaintiff D.S.'s rights.

14     ~~73.~~78. Plaintiff C.S. brings this claim individually for the interference with his

15 relationship with his father DECEDENT and seeks wrongful death damages for the

16 violation of Plaintiff C.S.'s rights.

17     ~~74.~~79. Plaintiff J.S. brings this claim individually for the interference with her

18 relationship with her father DECEDENT and seeks wrongful death damages for the

19 violation of Plaintiff J.S.'s rights.

20     ~~75.~~80. Plaintiff M.S. brings this claim individually for the interference with her

21 relationship with her father DECEDENT and seeks wrongful death damages for the

22 violation of Plaintiff M.S.'s rights.

23     ~~76.~~81. Plaintiffs also seek attorney's fees under this claim.

24                    **FOURTH CLAIM FOR RELIEF**

25           **Battery (Cal. Govt. Code § 820 and California Common Law)**

26                       **(Wrongful Death/Survival)**

27                  (By all Plaintiffs against all Defendants)

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

71.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.     Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS, while working as police officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT several times with lethal and less-lethal weapons and used unreasonable and excessive force against him. Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS had no legal justification for using force or deadlydeadly and less-lethal force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

73.     As a direct and proximate result of the actions of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS as alleged above, DECEDENT sustained injuries and experienced extreme mental and physical pain and suffering, loss of enjoyment of life, and ultimately died from his injuries and lost earning capacity.

74.     CITY is vicariously liable for the wrongful acts of NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.     The conduct of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS.

76.     Plaintiff D.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff D.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

16

77.     Plaintiff C.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff C.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

78.     Plaintiff J.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff J.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

79.     Plaintiff M.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff M.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

## FIFTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death/Survival)

(By all Plaintiffs against all Defendants)

80.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

81.     Police officers, including Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less-than-lethal options, and only using deadly force as a last resort.

82.     Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS breached this duty of care. On information and belief, the actions and inactions of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS were negligent, including but not limited to:

a.     The failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

b.     The negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

17

FIRST AMENDED COMPLAINT FOR DAMAGES

c.    The negligent use of force, including deadly force, against DECEDENT;

d.    The failure to promptly provide or summon medical care to DECEDENT;

e.    The failure to give a verbal warning or any kind of command prior to shooting;

f.    The negligent handling of evidence and witnesses; and

g.    The negligent communication of information during the incident.

83.    As a direct and proximate result of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer extreme mental and physical pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish. Plaintiffs also have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

84.    CITY is vicariously liable for the wrongful acts of NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.    Plaintiff D.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff D.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

86.    Plaintiff C.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff C.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

87.   Plaintiff J.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff J.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

88.   Plaintiff M.S. brings this claim individually and as successor-in-interest to DECEDENT. Plaintiff M.S. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By all Plaintiffs against all Defendants)

89.   Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

90.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for that person's exercise of their constitutional rights.

91.   On information and belief, Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him with lethal and less-lethal weapons without justification or excuse, and by denying him necessary medical care.

92.   When Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to medical care, to be free from state actions that shock the conscience, and to life and liberty.

93.   On information and belief, Defendants intentionally committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which DECEDENT was fully entitled to enjoy.

FIRST AMENDED COMPLAINT FOR DAMAGES

94.     On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

95.     Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS successfully interfered with the above civil rights of DECEDENT.

96.     The conduct of Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

97.     CITY is vicariously liable for the wrongful acts of NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

98.     The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages as to Defendants NICHOLS, REZA, RINCON, WHEELER, and DOE OFFICERS.

99.     Plaintiff D.S. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, loss of enjoyment of life, and pain and suffering under this claim.

100.    Plaintiff C.S. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, loss of enjoyment of life, and pain and suffering under this claim.

101.    Plaintiff J.S. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, loss of enjoyment of life, and pain and suffering under this claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

102.   Plaintiff M.S. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, loss of enjoyment of life, and pain and suffering under this claim.

103.   Plaintiffs also seek treble damages, costs, and attorney's fees under this claim.

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs D.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; C.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; J.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; and M.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado, request entry of judgment in their favor and against Defendants CITY OF HUNTINGTON PARK, NICK NICHOLS, RENE REZA, MATTHEW RINCON, APRIL WHEELER, and DOES ~~1~~5-10, inclusive, as follows:

A.   For compensatory damages, including both survival and wrongful death damages under federal and state law, in an amount to be proven at trial;

B.   For loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For treble damages pursuant to California Civil Code Sections 52, 52.1;

F.   For interest;

G.   For reasonable attorney's fees, including litigation expenses;

H.   For costs of suit; and

I.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED: ~~November 7, 2023~~July 1, 2024         LAW OFFICES OF DALE K. GALIPO

                                   By: /s/_____
                                       Dale K. Galipo
                                       Benjamin S. Levine
                                       *Attorneys for Plaintiffs*

FIRST AMENDED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2

The Plaintiffs named herein hereby demand a trial by jury.

3

4

5 DATED: ~~November 7, 2023~~July 1, 2024          LAW OFFICES OF DALE K.

6 GALIPO

7

8                                        By: /s/_____

9                                            Dale K. Galipo
                                             Benjamin S. Levine
10                                           *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24