Roger A. Colvin, Esq. (SBN 068773)
Christy M. Garcia Esq. (SBN 316570)
**ALVAREZ-GLASMAN & COLVIN**
Attorneys at Law
13181 Crossroads Parkway North, Ste. 400, West Tower
City of Industry, CA  91746
Tel. (562) 699-5500 - Fax (562) 692-2244
rcolvin@agclawfirm.com
cgarcia@agclawfirm.com
Attorneys for Defendants, City of Huntington Park, Nick Nichols,
Rene Reza, Matthew Rincon, and April Wheeler

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; C.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; J.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; M.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado, <br><br>               Plaintiffs, <br><br>      v. <br><br> CITY OF HUNTINGTON PARK; NICK NICHOLS; RENE REZA; MATTHEW RINCON; APRIL WHEELER; and DOES 5 through 10, inclusive, <br><br>               Defendants. | Case No. 2:23-cv-09412 CBM (AGR) <br><br> *Assigned to*: <br> District Judge: Consuelo B. Marshall <br> Magistrate Judge: Alicia G. Rosenberg <br><br> **DEFENDANTS CITY OF HUNTINGTON PARK, NICK NICHOLS, RENE REZA, MATTHEW RINCON, AND APRIL WHEELER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL AND REPORTER** |

1

This answer is filed on behalf of the following named DEFENDANTS only, and on behalf of no other party:   CITY OF HUNTINGTON PARK, NICK NICHOLS, RENE REZA, MATTHEW RINCON, AND APRIL WHEELER.

COME NOW DEFENDANTS, CITY OF HUNTINGTON PARK, NICK NICHOLS, RENE REZA, MATTHEW RINCON, AND APRIL WHEELER, in answer to the First Amended Complaint on file herein, and admit, deny and allege as follows:

1.     DEFENDANTS lack information and belief sufficient to enable them to answer, and basing their denial on those grounds, deny generally and specifically each and every allegation contained in the First Amended Complaint in paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 29, 39, 44, 45, 46, 47, 48, 69, 70, 71, 72, 77, 78, 79, 80, 87, 88, 89, 90, 96, 97, 98, 99, 101, 110, 111, 112, 113, and 114.

2.     DEFENDANTS deny generally and specifically each and every allegation contained in the First Amended Complaint in paragraphs 4, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 73, 74, 75, 76, 81, 83, 84, 85, 86, 92, 93, 94, 95, 102, 103, 104, 105, 106, 107, 108, and 109.

3.     Answering paragraph 23 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 2 of the First Amended Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

4.     Answering paragraph 49 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 48 of the First Amended Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

5.     Answering paragraph 58 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 57 of the First Amended

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

6.    Answering paragraph 68 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 67 of the First Amended Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

7.    Answering paragraph 82 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 81 of the First Amended Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

8.    Answering paragraph 91 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 90 of the First Amended Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

9.    Answering paragraph 100 of the First Amended Complaint, repeating and realleging each allegation contained in paragraphs 1 through 99 of the First Amended Complaint, DEFENDANTS incorporate by reference the admissions, denials, and allegations regarding said paragraphs contained therein.

**FIRST AFFIRMATIVE DEFENSE**

10.    Each purported cause of action fails to state facts sufficient to constitute a cause of action against DEFENDANTS.

**SECOND AFFIRMATIVE DEFENSE**

11.    Plaintiffs are barred from recovery by reason of the fact that any loss, injury or damages alleged in the First Amended Complaint were occasioned by a risk which decedent William Salgado ("DECEDENT") herein knowingly, voluntarily, and expressly assumed.

**THIRD AFFIRMATIVE DEFENSE**

12.    DEFENDANTS are informed and believe and based therein allege that

ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

3

at the times and places material to the First Amended Complaint, DEFENDANTS acted in good faith and without malice, in accordance with good practice and the apparent authority of the statutory and decisional law of the State of California; further, that the conduct, misconduct, and/or negligence of DECEDENT caused and contributed to the loss, injury, and damages alleged in the First Amended Complaint, and that by reason thereof, Plaintiffs should be barred from recovery herein, or in the alternative, should have any such recovery diminished by the amount or percentage that DECEDENT'S own conduct, misconduct and/or negligence caused or contributed to the damages sustained, if any.

### FOURTH AFFIRMATIVE DEFENSE

13.    DEFENDANTS at all times alleged in the First Amended Complaint, acted in good faith, without malice, and within the scope of the duties of police officers of the defendant public entity, and as peace officers within the State of California, and in accordance with the Constitutions of the United States and the State of California, and the laws of the United States and the State of California.

### FIFTH AFFIRMATIVE DEFENSE

14.    Plaintiffs' claims under the Federal Civil Rights Act against DEFENDANT are barred because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom, policy or practice.

### SIXTH AFFIRMATIVE DEFENSE

15.    Each and every action or omission alleged in the First Amended Complaint, if undertaken by DEFENDANTS was undertaken in the legitimate exercise of the police power as part of the enforcement of ordinances, laws, statutes, and regulations intended to protect the public health, safety and welfare.  Moreover, such activity which is alleged to have occurred was undertaken with a reasonable, good faith belief that such activity was necessary, lawful and proper.

### SEVENTH AFFIRMATIVE DEFENSE

16.    To the extent that any force was used in detaining DECEDENT, it was

ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

4

privileged as necessary to overcome resistance and/or in the exercise of the right of self-defense.

## EIGHTH AFFIRMATIVE DEFENSE

17.   Plaintiffs' federal claims are barred because the individually named DEFENDANTS and individual DOE DEFENDANTS are immune under the doctrine of qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

18.   Plaintiffs' claims under the Federal Civil Rights Act are barred because the First Amended Complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

## TENTH AFFIRMATIVE DEFENSE

19.   Plaintiffs' claims under the Federal Civil Rights Act are barred because there is no doctrine of *respondeat superior* under 42 U.S.C., § 1983.

## ELEVENTH AFFIRMATIVE DEFENSE

20.   DEFENDANTS are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.

## TWELFTH AFFIRMATIVE DEFENSE

21.   Plaintiffs' claims under the Federal Civil Rights Act are barred because the alleged deprivation of civil rights was not without due process of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

22.   Plaintiffs' claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to, the Due Process Clause, and the Fifth, Sixth and Eighth Amendments.

## FOURTEENTH AFFIRMATIVE DEFENSE

23.   Plaintiffs are barred from seeking punitive damages against DEFENDANTS.

## FIFTEENTH AFFIRMATIVE DEFENSE

24.   The actions of DEFENDANTS in all respects were reasonable, proper,

ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

5

and legal.

## SIXTEENTH AFFIRMATIVE DEFENSE

25. This action is barred by the applicable statute(s) of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' First Amended Complaint is barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

27. Pursuant to the provisions of Government Code section 815, a public entity is not liable for any injury, whether such injury arises out of an act or omission of the public entity or a public employee, or any other person, unless there is express statutory liability for the said act or omission, and even such statutory liability is subject to any statutory immunity of the public entity, and is further subject to any defenses that would be available to the public entity if it were a private person.

## NINTEENTH AFFIRMATIVE DEFENSE

28. Pursuant to the provisions of Government Code section 815.2(b), a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## TWENTIETH AFFIRMATIVE DEFENSE

29. Pursuant to the provisions of Government Code section 820.2, a public entity is not liable for any injury resulting from the act or omission of its employee where the act or omission was a result of the exercise of the discretion vested in that public employee, whether or not such discretion was abused.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

30. Pursuant to the provisions of Government Code sections 815.2 and 820.4, public entities and public employees are not liable for injuries resulting from the execution or enforcement of any law while exercising due care.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

31. Plaintiffs failed to mitigate damages.

6

ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2

32.    Each of Plaintiffs' claims are barred by the immunity provisions of Penal

3

Code sections 834(a) and 835(a).

4

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

5

33.    Plaintiffs' state law claims are barred against them as DEFENDANTS

6

are entitled to immunity caused by a person resisting arrest pursuant to California

7

Government Code section 845.8(b).  *Sacramento County v. Superior Court*, 8 Cal.3d

8

479 (1972); *Hooper v. City of Chula Vista*, 212 Cal.App.3d 442 (1989); *Cabral v.*

9

*County of Glenn*, 624 F.Supp.2d 1184 (E.D.Cal. 2009).

10

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

11

34.    DEFENDANTS are not liable pursuant to the doctrine of assumption of

12

risk.

13

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

14

35.    To the extent that Plaintiffs' decedent suffered any detriment, such

15

detriment was caused or contributed to by Plaintiffs' decedent's negligence and

16

damage, if any, should be reduced in direct proportion to his fault.

17

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18

36.    Pursuant to the provisions of Penal Code section 833.5, a police officer

19

may detain an individual related to possession of a deadly weapon if reasonable cause

20

exists that a person has a deadly weapon in his/her possession.

21

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22

37.    Plaintiffs' claim for violation of civil rights by denial of medical care

23

under 42 U.S.C. § 1983 is barred by failure of Plaintiffs to establish that the acts of

24

DEFENDANTS amounted to intentional, reckless and/or negligent conduct in

25

providing Plaintiffs' decedent medical care and treatment while in confinement.

26

### TWENTY-NINTH AFFIRMATIVE DEFENSE

27

38.    Plaintiffs are barred from recovery by reason of lack of standing to

28

bring the instant action.

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

### THIRTIETH AFFIRMATIVE DEFENSE

39.    Plaintiffs are barred from recovery against the individual DEFENDANTS for failure to establish that the conduct of the individual DEFENDANTS was reckless and/or callous to the rights of Plaintiffs' decedent or others similarly situated at the time of confinement.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

40.    The herein answering DEFENDANTS did not interfere with Plaintiffs' decedent's constitutional rights by threats, intimidation, or coercion.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

41.    Plaintiffs are barred from recovery because DEFENDANTS' alleged conduct was neither discriminatory nor done with deliberate indifference.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

42.    Pursuant to the provisions of Government Code sections 815.2 and 820.4, public entities and public employees are not liable for injuries resulting from the execution or enforcement of any law while exercising due care.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

43.    Plaintiffs' recovery is barred or reduced proportionately by the careless negligence, wrongful, reckless and/or willful conduct of DECEDENT, which proximately caused any damage claimed in this action pursuant to California Civil Code § 1431.2. *Weidenfeller v. Star & Garter*, 1 Cal.App.4th 1 (1991) *Martin v. United States*, 984 F.2d 1033 (9th Cir. 1993).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

44.    Each purported cause of action in the First Amended Complaint which seeks money or damages is barred because Plaintiffs failed to present any such claims in a timely manner in accordance with the requirements of the California Tort Claims Act, Government Code sections 900 et seq., prior to filing this lawsuit against DEFENDANTS. The Government claim fails to state facts sufficient to constitute a cause of action.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

45.   Plaintiffs failed to comply with the claims presentation and/or filing requirements of Government Code sections 905 et seq.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

46.   The claim which Plaintiffs presented to DEFENDANT, City of Huntington Park, if any, was insufficient pursuant to Government Code sections 910 et seq. The Government claim fails to state facts sufficient to constitute a cause of action.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

47.   The facts contained in Plaintiffs' First Amended Complaint were not adequately presented to DEFENDANTS in Plaintiffs' claim, if any.  Therefore, this action is barred.

WHEREFORE, DEFENDANTS pray that Plaintiffs take nothing by way of the First Amended Complaint, that DEFENDANTS recover their costs of suit and an award of their attorney's fees as a prevailing party, pursuant to 42 U.S.C section 1988, and such other and further relief as the Court may deem just, proper, and appropriate.

///
///
///
///
///
///
///
///
///
///
///

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that DEFENDANTS demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  July 31, 2024

ALVAREZ-GLASMAN & COLVIN
ARNOLD M. ALVAREZ-GLASMAN
CITY ATTORNEY

/s/ Roger A. Colvin, Esquire
Roger A. Colvin
Christy M. Garcia
Attorneys for Defendants
City of Huntington Park, Nick Nichols, Rene Reza, Matthew Rincon, and April Wheeler



ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Central District of California – by using the CM/ECF system on July 31, 2024.

I hereby certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on July 31, 2024, at City of Industry, California.


/s/ *Maria Luisa Espinosa*
Maria Luisa Espinosa

ALVAREZ-GLASMAN & COLVIN
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT