Angel Carrazco, Jr. (SBN 230845) angel@carrazcolawapc.com
Kent M. Henderson (SBN 139530) hendolaw@gmail.com
Christopher L. Holm (SBN 308446) chris@carrazcolawapc.com
**CARRAZCO LAW, A.P.C.**
18301 Irvine Boulevard
Tustin, CA 92780
Telephone: 714-541-8600
Facsimile: 714-541-8601

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

D.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado, et.al.

Plaintiffs,

v.

CITY OF HUNTINGTON PARK; et.al.

Defendants

AND CONSOLIDATED ACTION

Case No. 2:23-cv-09412 CBM (AGR) *[lead case]*
*(Consolidated with* 2:24-cv-04898 CBM *(AGR)*)
*Assigned to*: District Judge: Consuelo B. Marshall; Magistrate Judge: Alicia G. Rosenberg

**PLAINTIFFS'S RESPONSES TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

[Plaintiffs' Memorandum of Points and Authorities and Evidence filed concurrently herewith]

Date: April 1, 2025
Time: 10:00 a.m.
Courtroom: 8D

**TO THE HONORABLE COURT, DEFENDANTS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Plaintiffs, WILLIAM OMAR CASTILLO MIRANDA; JUANA MARIA MIRANDA; O.C.E. a minor by and through their Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA GUADELUPE ESPINOZA SALMERON, OSMAR ANTONIO CASTILLO BLANDON, and KARLA VANESSA BLANDON hereby submit the following Responses to Defendants' Separate Statement of Uncontroverted Facts in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgement or in the Alternative, Partial Summary Judgement as follows:

| DEFENDANTS' UNDISPUTED FACTS AND EVIDENCE IN SUPPORT | PLAINTIFFS' RESPONSE |
|---|---|
| 1. Decedent was born in Nicaragua to William Castillo and Marcia Mendez.<br>Garcia Declaration, Exhibit "A" Deposition of William Castillo, 16:2-3, 10-14; 19:21-24;<br>Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 9:21-23 | **<u>Undisputed</u>**. |
| 2. Decedent's biological mother, Marcia Mendez, left Decedent when he was forty (40) days old | **<u>Undisputed</u>**. |

| | |
|---|---|
| and was never heard from again. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 19:21-24. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 8:6-15; | |
| 3. By the age of two (2), Decedent was adopted by his grandmother, Juana Miranda Jimenez, and his grandfather, Inocente Salgado Peralta, in Nicaragua. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 17:4-14; 18:14-16. | Objection: lacks foundation, assumes facts as phrased, vague and ambiguous, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent that Decedent William Rene Salgado Miranda's living arrangements with Juana Maria Miranda Jimenez and Inocente Salgado Peralta was described as an 'adoption.'<br><br>**Disputed** in all other respects. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' |

3

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Request for Judicial Notice).<br><br>The actual details of this arrangement paint a different picture than what Defendants seek to conclude. William Omar Castillo Miranda testified that there was no legal adoption (no papers, no notary), and it was a situation where William Omar Castillo Miranda stated his mother (and William Rene Salgado Miranda's grandmother), Juana Maria Miranda Jimenez, wanted to help him out and assist in raising William Rene Salgado Miranda so that he could work and provide for the family, and she would give William his stepfather's last name "Chente." (Castillo Depo, Ex. 2, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 3, 8:8-15).<br><br>Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. |

4

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda is Juana Maria Miranda Jimenez's son. (Juana Depo, Ex. 3, 9:24-25, 10:1). William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24).<br><br>Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Deposition of Karla Vanessa Blandon ("Karla Depo"), Ex. 5, 10:15-19).<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the |

5

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4.<br><br>As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized |

| | |
|---|---|
| | William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. |
| 4. William Castillo, Decedent's biological father, consented to the adoption.<br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 17:23-25; 18:1-2; 43:23-25; 44:1-2 | Objection: lacks foundation, assumes facts as phrased, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **<u>Undisputed in part and disputed in part</u>**.<br><br>**<u>Undisputed</u>** to the extent that Decedent William Rene Salgado Miranda's living arrangements with Juana Maria Miranda Jimenez and Inocente Salgado Peralta was |

7

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | described as an 'adoption.'<br><br>**Disputed** in all other respects. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>The actual details of this arrangement paint a different picture than what Defendants seek to conclude. William Omar Castillo Miranda testified that there was no legal adoption (no papers, no notary), and it was a situation where William Omar Castillo Miranda stated his mother (and William Rene Salgado Miranda's grandmother), Juana Maria Miranda Jimenez, wanted to help him out and assist in raising William Rene Salgado Miranda so that he could work and provide for the family, and she would give William his stepfather's last name "Chente." (Castillo Depo, Ex. 2, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 3, 8:8-15). |
|---|---|

8

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda is Juana Maria Miranda Jimenez's son. (Juana Depo, Ex. 3, 9:24-25, 10:1). William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24).<br><br>Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Karla Depo, Ex. 5, 10:15-19). |

9

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4.<br><br>As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5. |

10

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. |
| 5. Juana Miranda Jimenez and Inocente Salgado raised Decedent.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 16:10-14 | Objection: lacks foundation, assumes facts as phrased, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part** |

11

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | **Undisputed** to the extent that Decedent William Rene Salgado Miranda's living arrangements with Juana Maria Miranda Jimenez and Inocente Salgado Peralta were described as an 'adoption.'<br><br>**Disputed** in all other respects. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>The actual details of this arrangement paint a different picture than what Defendants seek to conclude. William Omar Castillo Miranda testified that there was no legal adoption (no papers, no notary), and it was a situation where William Rene Salgado Miranda stated his mother (and William Rene Salgado Miranda's grandmother), Juana Maria Miranda Jimenez, wanted to help him out and raise him so that he could work and provide for the family, and she would give |

| | |
|---|---|
| | William his stepfather's last name "Chente". (Castillo Depo, Ex. 2, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 3, 8:8-15).<br><br>Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda is Juana Maria Miranda Jimenez's son. (Juana Depo, Ex. 3, 9:24-25, 10:1). William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24). Further, William Omar Castillo Miranda held out William Rene |

| | |
|---|---|
| | Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Karla Depo, Ex. 5, 10:15-19).<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4.<br><br>As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father |

14

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. |
| 6. In 2002, William Castillo left Nicaragua and arrived in the | Objection: lacks foundation, assumes facts as phrased, vague, ambiguous, and misstates facts. Without |

| | |
|---|---|
| United States. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 21:23-25; 22:1-5 | waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part.**<br><br>**Undisputed** solely to the extent that William Omar Castillo Miranda left Nicaragua to live in the United States.<br><br>**Disputed** to the extent this fact is proffered to show that William Omar Castillo Miranda abandoned or otherwise was disavowing William Rene Salgado Miranda. Juana Maria Miranda and William Omar Castillo Miranda both testified thatWilliam Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, |

| | |
|---|---|
| | Ex. 4, 12:2-4). The only reason Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24).<br><br>Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Karla Depo, Ex. 5, 10:15-19).<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4.<br><br>As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in |

17

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William |

18

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. |
| 7. In 2007, William Castillo returned to Nicaragua to marry Eugenia Espinoza Salmeron, the Decedent's stepmother. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 22:6-7; 18:17-24 | **Undisputed**. |
| 8. Juana Miranda ultimately arrived in the United States. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 10:18-22; 11:2-4, 24-25; 12:2-4 | **Undisputed**. |
| 9. Juana Miranda sent for Decedent, and Decedent arrived in the United States. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 11:2-4, 24-25. | **Undisputed**. |
| 10. Following his arrival in the | Objection vague, ambiguous, |

19

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| United States, Decedent lived with his grandmother in Los Angeles, until he reached the age of eighteen.<br><br>Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 12:9-14; 14:9-15 | assumes facts as phrased ,and misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part.**<br><br>**Undisputed** to the extent William Rene Salgado lived with Juana Maria Miranda Jimenez at some point in his life.<br><br>**Disputed** to the extent this fact is proffered to suggest that Juana Maria Miranda somehow has no standing to assert a claim under the14th Amendment. The facts, taken in favor of the nonmoving party, show that William Rene Salgado Miranda and Juana Maria Miranda maintained a close familial relationship; Juana testified in her sworn deposition that William Rene Salgado would call her 'daily,' and she bought him a cellphone, presumably to encourage this communication. (Juana Depo, Ex. 3, 28:8-14). |

20

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Additionally, **Disputed** to the extent that somehow this fact is proffered to suggest that somehow William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. do not have standing to assert Negligent Infliction of Emotional Distress. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>On and prior to October 30, 2022, William Rene Salgado Miranda resided with Plaintiffs, William Omar Castillo Miranda, Eugenia Espinoza, Osmar Antonio Castillo Blandon, and O.C.E. in the apartment located at 6315 Malabar Avenue, City of Huntington Park, and had done so since 2021 (and perhaps earlier). (Castillo Depo, Ex. 2, 34:3-10, 37:24-25, 38:1-3; O.C.E. Depo, Ex. 7, 16:19-25; Osmar Depo, |

21

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Ex. 6, 30:16-25; Karla Depo, Ex. 5, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5.)<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. have all established standing to assert all claims in Plaintiffs' complaint. |
| 11. Decedent had a longtime girlfriend, Elsa Acosta, and he moved out of his grandmother's home to live with her.<br>Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 13:15-23; 14:9-15 | Objection vague, ambiguous, assumes facts as phrased ,and misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part.**<br><br>**Undisputed** to the extent William Rene Salgado had a longtime girlfriend (Elsa Acosta) that he lived with at some point in his life.<br><br>**Disputed** to the extent this fact is proffered to suggest that Juana Maria |

| | |
|---|---|
| | Miranda somehow has no standing to assert a claim under the 14th Amendment. The facts, taken in favor of the nonmoving party, show that William Rene Salgado Miranda and Juana Maria Miranda maintained a close familial relationship; Juana testified in her sworn deposition that William Rene Salgado would call her 'daily,' and she bought him a cellphone, presumably to encourage this communication. (Juana Depo, Ex. 3, 28:8-14)<br><br>Additionally, <u>**Disputed**</u> to the extent that somehow this fact is proffered to suggest that somehow William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. do not have standing to assert Negligent Infliction of Emotional Distress. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the |

| | |
|---|---|
| | biological brothers of Decedent.<br><br>On and prior to October 30, 2022, William Rene Salgado Miranda resided with Plaintiffs, William Omar Castillo Miranda, Eugenia Espinoza, Osmar Antonio Castillo Blandon, and O.C.E. in the apartment located at 6315 Malabar Avenue, City of Huntington Park, and had done so since 2021 (and perhaps earlier). (Castillo Depo, Ex. 2, 34:3-10, 37:24-25, 38:1-3; O.C.E. Depo, Ex. 7, 16:19-25; Osmar Depo, Ex. 6, 30:16-25; Karla Depo, Ex. 5, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5.)<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. have all established standing to assert all claims in Plaintiffs' complaint. |

24

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 12. Over their years together, Ms. Acosta and Decedent had four children together.<br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 27: 18-25; 28:1-2; 28:19-14; 29:5-8 | **Undisputed**. |
| 13. However, Decedent and Ms. Acosta were never married.<br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 28: 5-8. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 11:2-4, 24-25; 13:6-14; 14:2-8 | **Undisputed**. |
| 14. In October of 2022, Decedent was living with his biological father, William Castillo, his stepmother, Eugenia Espinoza Salmeron, and his two siblings, Oscar Castillo and Osmar Castillo, in Huntington Park.<br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 29: 9-14; 34:3-6; 45:3-9.<br>Garcia Declaration, Ex. "C" Deposition | Objection: vague and ambiguous as phrased and as to time, lacks foundation, assumes facts, and misstates facts and evidence as phrased. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and Disputed in part**.<br><br>**Undisputed** to the extent that William Rene Salgado Miranda lived with Plaintiffs, William Omar |

25

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| of Oscar Castillo, 14:18-22 | Castillo Miranda, Eugenia Jimenez, Osmar Antonio Castillo Blandon, and Oscar Castillo in October of 2022.<br><br>**<u>Disputed</u>** in all other respects, including to the extent that this fact is proffered to suggest that William Rene Salgado Miranda lived with Plaintiffs <u>only</u> in October of 2022, in an effort to somehow minimize the depth of the relationship between Plaintiffs and Decedent. Plaintiffs all testified that William Rene Salgado Miranda lived with them throughout 2021 and 2022, and while William Rene Salgado would sometimes live elsewhere, he would return. (Castillo Depo, Ex. 2, 34:3-10, 37:24-25, 38:1-3; O.C.E. Depo, Ex. 7, 16:19-25; Osmar Depo, Ex. 6, 30:16-25; Karla Depo, Ex. 5, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5.).<br><br>Taken in a light most favorable to the nonmoving party, William Rene |

26

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Salgado Miranda thought of them as family and knew he always had a place to go if he wanted to be there.<br><br>Additionally, **Disputed** to the extent that somehow this fact is proffered to suggest that somehow William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. do not have standing to assert Negligent Infliction of Emotional Distress. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. have all established standing to assert all claims in Plaintiffs' complaint. |

| | |
|---|---|
| 15. On October 30, 2022, at approximately 5:00 p.m., Huntington Park Police Officers were dispatched to 6315 Malabar Street in Huntington Park regarding a suicidal male armed with a gun.<br><br>Garcia Declaration, Ex. "E" Deposition of Officer Jose Yamasaki, 17:7-24 | Objection: misstates facts, lacks foundation, assumes facts, vague, ambiguous, and calls for an expert opinion. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent that Huntington Park Police Officers were dispatched to 6315 Malabar Street in Huntington Park.<br><br>**Disputed** that William Rene Salgado Miranda was a "suicidal male armed with a gun." William Rene Salgado displayed no signs of being distressed, suicidal, and in fact all of his family members at scene that day stated he was 'normal,' and happy; indeed, everything was 'fine.' (Castillo Depo, Ex. 2, 61:24-25, 62:3-6; 104:18-21; Eugenia Depo, Ex. 4, 48:7-9, 12, 14-15, 19-20; Osmar Depo, Ex. 6, 29:8-18; O.C.E. Depo, Ex. 7, 57:18-25, 58:1-7, 61:6-11). |

28

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | City of Huntington Park Defendant Police Officers, Rene A. Reza, Jose Yamasaki, Nick Nichols,Matthew Rincon, and Lt. Saul Rodriguez, all testified in their depositions that Decedent, William Salgado did not have a gun on him at any time. (Reza Depo, Ex. 8, 8:19-20; Yamasaki Depo, Ex. 9, 41:3-4; Nichols Depo, Ex. 10, 52:6-8; Rincon Depo, Ex. 11, 20:10-14; Rodriguez Depo, Ex. 12, 53:3-5, 15-17). |
| 16. HPPD Officers encountered Decedent in the courtyard of the apartment complex. Garcia Declaration, Ex. "C" Deposition of Oscar Castillo, 36:11-21; 65:12-15 Garcia Declaration, Ex. "E" Deposition of Officer Jose Yamasaki, 25:7-20; 31:14-22, 40:11-13 | **Undisputed**. |
| 17. Ultimately, the encounter resulted in the death of Decedent. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 79:11-13. | **Undisputed**. |

29

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 33:25, 34:1-8 | |
| 18. Decedent was thirty (30) years old at the time of his death. Garcia Declaration, Exhibit "A". Deposition of William Castillo, 15:23-25;16:1 Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 9:18-20 | **Undisputed**. |
| 19. Decedent's grandmother, Juana Miranda, was not present at the scene when the incident occurred. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 33:13-24 | **Undisputed**. |
| 20. Decedent's sister, Karla Blandon, was not present at the scene when the incident occurred. Garcia Declaration, Exhibit "D", Deposition of Karla Blandon, 21:7-25; 22:1-9, 21-25 | **Undisputed**. |
| 21. Decedent is survived by his four | Objection: vague, ambiguous, misstates facts and calls for a legal |

30

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| children: D.S., a minor, J.S., a minor, C.S., a minor and M.S., a minor.<br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 27: 18-25; 28:1-2; 28:19-14; 29:5-8.<br>Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 14:24-25; 15: 1-12 | conclusion from a lay witness Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** solely to the extent that William Rene Salgado Miranda left behind four minor children when police officers from City of Huntington Park and its Police Department shot and killed him.<br><br>**Disputed** in all other respects, including but not limited to the extent this fact is proffered to allege that Plaintiffs have no causes of action as to Defendants in this action. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>To the contrary, Plaintiffs have alleged and meet the *prima facie* threshold to maintain causes of action for |

31

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Negligent Infliction of Emotional Distress and violation of their familial relationships under the 14th Amendment. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4.<br><br>As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in |

| | |
|---|---|
| | William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William |

33

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint.<br><br>William Omar Castillo Miranda and Osmar Antonio Castillo Blandon are, respectively, the biological father and brother of William Rene Salgado Miranda, saw William Rene Salgado Miranda be shot and killed the police, and suffered emotional distress as a result. (citations). Further, Oscar Castillo was also Decedent, William Rene Salgado Miranda's brother, was directly inside his apartment, heard the shots and knew his brother had been shot, and suffered emotional distress as a result. (citations).<br><br>Defendants have made no attempt to argue in their moving papers the merits of the claims, only as to whether any party has standing to assert such a right. |

| | |
|---|---|
| 22. William Castillo provided the County of Los Angeles Recorder's Office with the names of Juana Miranda and Inocente Salgado Peralta as the parents of Decedent for Decedent's Death Certificate.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 44:3-6, 22.<br><br>RJN, Ex. 2 | Objection: lacks foundation, assumes facts as phrased, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **<u>Undisputed in part and disputed in part</u>**.<br><br>**<u>Undisputed</u>** to the extent that the death certificate lists Inocente Salgado Peralta and Juana Maria Miranda as the partes of Decedent William Rene Salgado Miranda on the death certificate.<br><br>**<u>Disputed</u>** because in fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>The actual details of this arrangement paint a different picture than what Defendants seek to conclude. William Omar Castillo Miranda testified that there was no legal adoption (no papers, no notary), and it was a situation where |

| | |
|---|---|
| | William Rene Salgado Miranda stated his mother (and William Rene Salgado Miranda's grandmother), Juana Maria Miranda Jimenez, wanted to help him out and raise him so that he could work and provide for the family, and she would give William his stepfather's last name "Chente". (Castillo Depo, Ex. 1, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 2, 8:8-15). Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda is Juana Maria Miranda Jimenez's son. (Juana Depo, Ex. 3, 9:24-25, 10:1). William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). Juana |

36

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24).<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4.<br><br>As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father |

37

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint.<br><br>Thus when these facts are taken together, it is clear that if William Omar Castillo Miranda stated he was |

| | |
|---|---|
| | father, was acknowledged by all the immediate family as the biological father, and the law even recognizes that a person can have more than two parents, that William Omar Castillo Miranda is the father of William Rene Salgado Miranda and has standing to assert claims for NIED and violation of familial relations under the 14th Amendment. |
| 23. Following the death of Decedent, William Castillo, Juana Miranda, Oscar Castillo, and Osmar Castillo filed a government claim with the City of Huntington Park ("City") which was received on May 1, 2023 ("May 1, 2023 Government Claim"). RJN, Ex. 2 | **Undisputed**. |
| 24. Eugenia Espinoza Salmeron and Karla Blandon were not identified as claimants on the May 1, 2023 Government Claim submitted to the City. RJN, Ex. 2 | **Undisputed**. |

| | |
|---|---|
| 25. Eugenia Espinoza Salmeron and Karla Blandon never submitted government claims.<br><br>Garcia Declaration, ¶ 9 | **<u>Undisputed</u>**. |
| 26. The May 1, 2023 Government Claim did not identify Negligent Infliction of Emotional Distress as an element of the claim.<br><br>RJN, Ex. 2 | Objection: lacks foundation, vague, ambiguous, misstates facts and law, and calls for a legal conclusion from a lay witness. Without waiving and subject to said objections, Plaintiffs respond as follows: **<u>Disputed</u>**.<br><br>On the first page of Plaintiffs' Government Claim, underlined in the first paragraph, Plaintiffs assert general negligence against the Defendants. **Exhibit No. 1,** *Page 1,* ¶ 1. As stated in Plaintiffs' Government Claim, the Plaintiffs are asserting claims for damages including pain and suffering and loss of comfort and society. **Exhibit No. 1,** *Government Claim, Page 2, Heading 4., ¶ 2.* The Plaintiffs also asserted in the Government Claim that they witnessed the events and shooting unfold. **Exhibit No. 1.** The |

40

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | Plaintiffs also asserted in their government claim that they were making State and Federal claims for general damages, including for pain and suffering, and loss of comfort and society. **Exhibit No. 1,** *Government Claim, Page 2, Heading 4., ¶ 3, 2.*<br><br>Under State Theories of Liability, the Plaintiffs in their Government Claim submitted to the Defendants, list negligence. **Exhibit No. 1,** *Government Claim, Page 3, "State Theories of Liability", C.*<br><br>The purpose of a Government Claim under the Government Claims Act is "to provide the public entity sufficient information to enable it to adequately investigate the claims and to settle them, if appropriate, without the expense of litigation." *Hernandez v. City of Stockton* (2023) 90 Cal. App. 5th 1222, 1231; citing *Stockett v. Association of Cal. Water Agencies Joint Power Ins. Authority* (2004) 34 Cal.4th 441, 446; see |

41

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991. It is not subject to the same requirements as pleadings in court such as the Federal Rules of Civil Procedure, but instead must follow the mandatory requirements of the Government Claims Act.<br><br>Under the Government Claims Act, the Government Claim must include the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted, a general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim, and the name or names of the public employee or employees causing the injury, damage, or loss, if known. *Hernandez v. City of Stockton* (2023) 90 Cal. App. 5th 1222, 1231; *Government Claims Act, Section 910.*<br><br>Here, the Government Claim included the date, October 30, 2022, |

| | |
|---|---|
| | the exact address, and the fact that it was police officer employed by Huntington Park Police Department, a part of City of Huntington Park, who shot and killed Decedent William Rene Salgado Miranda. It also claimed that the claimants witnessed the events, were surviving family members of the Decedent, and were asserting claims for loss of comfort and society.<br><br>The Government Claim asserted the exact claims for negligence, along with all of the supporting evidence required to assert negligent infliction of emotional distress, that Defendants' call for in their MSJ. Therefore, Defendants' MSJ as to the state claims should be denied, as Plaintiffs' Government Claim provided Defendants sufficient information to investigate the claim. (Plaintiffs' Ex. 1, Government Claim, and Defendants' Exhibit 2 to Defendants' Request for Judicial Notice). |

43

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 27. Subsequently, on or about July 29, 2024, Plaintiffs William Castillo, Juana Miranda, Eugenia Salmeron, Oscar Castillo, Osmar Castillo, and Karla Blandon filed their First Amended Complaint ("FAC") alleging two causes of action: 1) Violation of Substantive Due Process §1983, and 2) Negligent Infliction of Emotional Distress.<br><br>Garcia Declaration, Ex. F, Plaintiffs' First Amended Complaint | Objection: lacks foundation, vague, ambiguous, misstates facts and law, and calls for a legal conclusion from a lay witness. Without waiving and subject to said objections, Plaintiffs respond as follows **Undisputed in part and disputed in part**.<br><br>**Undisputed** that Plaintiffs filed a First Amended Complaint on or about July 29, 2024.<br><br>**Disputed** to the extent that this fact is proffered to suggest that the Complaint somehow does not meet the standards for alleging, or that the facts do not support, these two claims for relief – See all facts cited *infra*. |

Plaintiffs, WILLIAM OMAR CASTILLO MIRANDA; JUANA MARIA MIRANDA; O.C.E. a minor by and through their Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA GUADELUPE ESPINOZA SALMERON, OSMAR ANTONIO CASTILLO BLANDON, and KARLA VANESSA BLANDON hereby provide the following Statement of Undisputed Facts in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgement, or in the alternative, Partial Summary Judgment, as follows:

| PLAINTIFFS' UNDISPUTED MATERIAL FACT | EVIDENCE IN SUPPORT |
|---|---|
| 1. In November of 1991, William Rene Salgado Miranda was born in a hospital in Nicaragua to William Omar Castillo Miranda and Marcia Mendez. | Deposition of William Omar Castillo Miranda ("Castillo Depo"), Ex. 2, 15:23-25, 16:1-3, 19:21-24; Deposition of Juana Maria Miranda ("Juana Depo"), Ex. 2, 9:18-19 |
| 2. William Omar Castillo Miranda was present in the hospital when William Rene Salgado Miranda was born and was listed on the original birth certificate. | Castillo Depo, Ex. 2, 16:4-12; Deposition of Eugenia Espinoza ("Espinoza Depo"), Ex. 4, 12:2-4; Declaration of William Omar Castillo Miranda, Ex. 13, para. 3. |
| 3. When William Rene Salgado Miranda was 40 days old, his biological mother Marcia Mendez left him and never returned, and William Omar Castillo Miranda's mom and stepdad helped him raise William Rene Salgado Miranda. | Castillo Depo, Ex. 2, 16:12-14; |
| 4. William Rene Salgado Miranda was the biological son of William Omar Castillo | Castillo Depo, Ex. 2, 15:10-15; Declaration of William Omar Castillo Miranda, Ex. 13, para. 3. |

45

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Miranda. | |
| 5. William Omar Castillo Miranda is the biological father of William Rene Salgado Miranda | Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Declaration of William Omar Castillo Miranda, Ex. 13, para. 3. |
| 6. The death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER.**" (Emphasis Added). | Exhibit 1 to Defendants' Request for Judicial Notice. |
| 7. William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. | Castillo Depo, Ex. 1, 15:16-18; Juana Depo, Ex. 2, 9:21-23; Deposition of Karla Vanessa Blandon ("Karla Depo"), Ex. 4, 10:15-19). |
| 8. When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. | Castillo Miranda Dec., Ex. 13, para. 4. |

| | |
|---|---|
| 9. As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. | Castillo Miranda Dec., Ex. 13, para. 5. |
| 10. Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. | Castillo Miranda Dec., Ex. 13, para. 5. |
| 11. William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. | Castillo Miranda Dec., Ex. 13, para. 7. |

47

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. | |
| 12. Juana Maria Mendoza is the mother of William Omar Castillo Miranda. | Juana Depo, Ex. 3, 9:24-25, 10:1; Castillo Depo, Ex. 2, 16:24-25, 17:4-5 |
| 13. Juana Maria Mendoza is the grandmother of William Rene Salgado Miranda. | Juana Depo, Ex. 3, 8:6-8; Castillo Depo, Ex. 2, 17:4-5; Espinoza Depo, Ex. 4, 12:11-16 |
| 14. Juana Maria Mendoza and her husband, Inocente Salgado Peralta offered to help William Omar Castillo Miranda, and raise William Rene Salgado Miranda. | Castillo Depo, Ex. 2, 16-12-14. |
| 15. While it was called an "adoption," it was not a legal adoption, or with a notary or with signed papers; William | Castillo Depo, Ex. 2, 17:6-16, 22-25, 17:1-2 |

| | |
|---|---|
| Omar Castillo Miranda's mother offered to 'help him' so that he could help the family financially. | |
| 16. Juana Maria Miranda offered to adopt William Rene Salgado Miranda so that he would not be left without documents i.e. a birth certificate. | Juana Depo, Ex. 3, 16:12-17, 23-24 |
| 17. William Omar Castillo Miranda's family knew and acknowledged that William Rene Salgado Miranda was the son of William Omar Castillo Miranda. | Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Deposition of Karla Vanessa Blandon ("Karla Depo"), Ex. 5, 10:15-19. |
| 18. Osmar Antonio Castillo Blandon was the brother of William Rene Salgado Miranda, Plaintiff, O.C.E., and Plaintiff, Karla Vanessa Blandon. | Osmar Depo, Ex. 6, 11:8-9, Juana Depo, Ex. 3, 18:14-23; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 2 and 3 |

49

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 19. O.C.E. was the brother of William Rene Salgado Miranda, Plaintiff, Osmar Antonio Castillo Blandon, and Plaintiff, Karla Vanessa Blandon. | O.C.E. Depo, Ex. 7, 67:3-5; Karla Depo, Ex. 5, 10:9-11, 15-19 |
| 20. Decedent, William Rene Salgado Miranda, Plaintiff, Osmar Antonio Castillo Blandon and Plaintiff, O.C.E. are the brothers of Plaintiff, Karla Vanessa Blandon. | Karla Depo, Ex. 5, 10:9-11, 15-19; Juana Depo, Ex. 3, 18:14-23 |
| 21. Karla Vanessa Blandon had no knowledge that William Rene Salgado Miranda was ever adopted, and was never told as such by anyone. | Karla Depo, Ex. 5, 24:5-10 |
| 22. On and prior to October 30, 2022, William Rene Salgado Miranda resided with Plaintiffs, William Omar Castillo Miranda, Eugenia Espinoza, Osmar Antonio Castillo Blandon, and O.C.E. | Castillo Depo, Ex. 1, 34:3-10, 37:24-25, 38:1-3; Oscar Depo, Ex. 6, 16:19-25; Osmar Depo, Ex. 5, 30:16-25; Karla Depo, Ex. 4, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5. |

50

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| in the apartment located at 6315 Malabar Avenue, City of Huntington Park, and had done so since 2021 (and perhaps earlier). | |
| 23. Plaintiffs, Eugenia Espinoza and O.C.E. were inside their apartment and heard, and Plaintiffs, William Omar Castillo Miranda and Plaintiff, Osmar Antonio Castillo Blandon, were standing outside on a balcony above the Incident and watched, William Rene Salgado Miranda be shot and killed. | Castillo Depo, Ex. 2, 12:19-25, 13:2-9, 79:11-13, 81:23-25, 82:1-4; Declaration of William Omar Castillo Miranda, Ex. 13, para. 9; Osmar Depo, Ex. 6, 14:21-25, 15:1-13, 47:10-16, 55:10-12, 23-25, 56:1-9, 14-19; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 6; O.C.E. Depo, Ex. 7, 40:19-22, 45:23-25, 46:1, 64:12-17, 65:2-19, 66:24-25, 67:1-21; Espinoza Depo, Ex. 4, 42:1-10, 63:11-14. |
| 24. Plaintiff, Osmar Antonio Castillo Blandon, and William Rene Salgado Miranda were brothers and were close. | Osmar Depo, Ex. 6, 31:4-6; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 10 and 11. |
| 25. Plaintiff, O.C.E. and William Rene Salgado Miranda were brothers and were very close. | O.C.E. Depo, Ex. 7, 66:24-25, 67:1-21 |

51

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | |
| 26.Plaintiff, O.C.E. was inside his apartment with his mother, Plaintiff Eugenia Espinoza located at 6315 Malabar Avenue, City of Huntington Park when the shots were fired., his father and his brother Osmar was outside and standing on the balcony. | O.C.E. Depo, Ex. 7, 40:19-25; 41:1-14; Castillo Depo, Ex. 2, 12:19-25, 13:2-9, 79:11-13, 81:23-25, 82:1-4; Declaration of William Omar Castillo Miranda, Ex. 13, para. 9; Osmar Depo, Ex. 6, 14:21-25, 15:1-13, 47:10-16, 55:10-12, 23-25, 56:1-9, 14-19; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 6 |
| 27.Plaintiff, O.C.E. heard the shots fired and knew immediately it was his brother, William Rene Salgado Miranda who had been shot because William was the only one in the area below with the police officers, and went to the window of his apartment after the shots were fired to look out. | Oscar Depo, Ex. 7, 42:3-10, 65:2-11, 16-19, 66:24-25, 67:1-21 |

52

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 28. Juana Maria Miranda talked to her grandson, William Rene Salgado Miranda on a daily basis after he turned 18, and bought him a cellphone. | Juana Depo, Ex. 3, 28:8-14 |
| 29. William Omar Castillo Miranda was scared to death, and incredibly stressed out, at the sight of seeing the officers shooting his son. He still struggles with the idea of seeing his child get shot. He felt completely helpless because they are the authority. Everything came at him at once. He wanted to run to his son and knew that he could not help him in any way. An anxiety that he cannot explain, the feeling of anguish. He felt so much pain that he does not know if it was pain or anger. He could not believe and he still does not understand. | Declaration of William Omar Castillo Miranda, Ex. 13, para. 8 |

53

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 30. The night of the shooting, William Omar Castillo Miranda could not sleep. He stayed up thinking about how awful his son had been treated. This stress and anxiety that he was feeling watching his son get shot, and later that evening, and even up to today, is far beyond any kind of stress or anxiety he has ever experienced in his life. He was trembling, thinking about how he watched my son die before his eyes. At some point in time after his son was shot, the police asked him if he knew who William Salgado was. He replied that he was his son. | Declaration of William Omar Castillo Miranda, Ex. 13, para. 9 |
| 31. William Omar Castillo Miranda misses his son so much. His son William was such a happy person. His son William loved to dance, he always danced. He remembers walking with William at a construction site and William | Declaration of William Omar Castillo Miranda, Ex. 13, para. 10 |

| | |
|---|---|
| was playing loud music and was just dancing and walking. He has all these beautiful memories and he knows he will never experience those moments again, but they have to give up that hope of having William here because we are just left with memories. Now they rarely listen to music that William enjoyed, because it only reminds them of what they lost, and makes them anxious, stressed out, and he relives that awful day. William would come home and ask me if I needed anything. | |
| 32. Now that his son William is gone, there is an emptiness that can't be filled. They try to pretend like they're okay, but it is so hard on all of them to keep it together. One of the reasons William Omar Salgado Miranda thinks he is so anxious, upset and stressed out about William being gone is | Declaration of William Omar Castillo Miranda, Ex. 13, para. 11 |

| | |
|---|---|
| that he saw William's life taken right in front of him and he will never be able to forget it, and it will bother him forever. | |
| 33. William Omar Castillo Miranda will be at the store and he will check to see where William is, and then he again remembers he is empty and William is not here.  His world has come to ruin.  These feelings will never go away and they will never stop thinking of William.  His son William has been gone for over two years, and he still has so much pain. | Declaration of William Omar Castillo Miranda, Ex. 13, para. 12 |
| 34. When Osmar Antonio Castillo Blandon's brother, William Salgado, was in the courtyard of the apartment with the police, he was so worried for him.  He saw his brother, William Salgado, shot dead by | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 6 |

| | |
|---|---|
| the police and it was so hard to watch his own brother killed in front of him and not be able to do anything. | |
| 35. Osmar Antonio Castillo Blandon was scared and panicked, and he didn't know what to do. He was also worried for his stepmom and his little brother.  Watching his dad be so worried and anxious was very hard. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 7 |
| 36. While the officers were all talking in English, Osmar Antonio Castillo Blandon couldn't understand why they shot his brother William Salgado and then he saw his brother, William Salgado, fall to the ground.  He saw his brother, William Salgado, lying on the ground and officers rushed in on top of him. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 8 |

| | |
|---|---|
| 37. The officers told them to go to their apartment, and this was not fair. Then Osmar Antonio Castillo Blandon was right behind his dad, and he was leaning on him and his stepmom fell on the floor and he went to pick his stepmom up, and then he saw his brother, William Salgado, on the gurney | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 9 |
| 38. Osmar Antonio Castillo Blandon looked over at his dad, and he was trembling, and he was also in shock. They were so desperate and so upset about how everything happened. He was in shock that this happened, and it was hard for him to understand that his brother was dead although he knew it was true because he saw his brother hit by the shots, he heard the shots, and he saw his brother lying on the ground. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 10 |

58

PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 39. Osmar Antonio Castillo Blandon saw his brother, William Salgado was killed, and even though it has been a couple of years it is like it just happened. He remember his brother while he is in the living room, looking at William's picture. He try to grieve William, but he is alone now. No more William blasting his music here at home, no more talking about their lives together or their plans. Even to this day, he get so upset and nervous about what happened. It is so hard to lose a brother and to watch him get killed in such a terrible way. The feelings of anxiety, stress, and fear that he feels because of having seen his brother get shot right in front of him are far beyond any kind of stress he has ever felt in his life. These feelings are still with him, even now. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 11 |

DATED: March 11, 2025

**CARRAZCO LAW, A.P.C.**

/S/ KENT M. HENDERSON

ANGEL CARRAZCO, JR.
KENT M. HENDERSON
CHRISTOPHER L. HOLM
Attorneys for Plaintiffs

60
PLAINTIFFS'S RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS; PLAINTIFFS'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT