EXHIBIT NO. 10

```
                UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA


D.S., a minor by and through his      )
guardian ad litem Elsa Acosta,        )
individually and as successor-in-     )
interest to William Salgado; C.S., a  )
minor by and through his guardian ad  )
litem Elsa Acosta, individually and   )
as successor-in-interest to William   )
Salgado; J.S., a minor by and through )
her guardian ad litem Elsa Acosta,    )
individually and as successor-in-     )
interest to William Salgado; M.S., a  )
minor by and through her guardian ad  )
litem Elsa Acosta, individually and   )
as successor-in-interest to William   )
Salgado,                              )
                                      )
              Plaintiffs,             )
                                      )
       vs.                            ) Case No.
                                      ) 2:23-CV-09412-CBM-AGR
CITY OF HUNTINGTON PARK; NICK NICHOLS,)
RENE REZA; MATTHEW RINCON; APRIL      )
WHEELER and DOES 5 through inclusive, )
                                      )
              Defendants.             )
_____)


          REMOTE VIDEOCONFERENCE DEPOSITION OF

                      NICK NICHOLS

                MONDAY, NOVEMBER 18, 2024



Reported Stenographically By:

Jinna Grace Kim, CSR No. 14151

Job No.:   115433
```

```
 1                UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3

 4    D.S., a minor by and through his      )
      guardian ad litem Elsa Acosta,        )
 5    individually and as successor-in-     )
      interest to William Salgado; C.S., a  )
 6    minor by and through his guardian ad  )
      litem Elsa Acosta, individually and   )
 7    as successor-in-interest to William   )
      Salgado; J.S., a minor by and through )
 8    her guardian ad litem Elsa Acosta,    )
      individually and as successor-in-     )
 9    interest to William Salgado; M.S., a  )
      minor by and through her guardian ad  )
10    litem Elsa Acosta, individually and   )
      as successor-in-interest to William   )
11    Salgado,                              )
                                            )
12                    Plaintiffs,           )
                                            )
13                    vs.                   ) Case No.
                                            ) 2:23-CV-09412-CBM-AGR
14    CITY OF HUNTINGTON PARK; NICK NICHOLS,)
      RENE REZA; MATTHEW RINCON; APRIL      )
15    WHEELER and DOES 5 through inclusive, )
                                            )
16                    Defendants.           )
      _____)
17

18         The remote videoconference deposition of NICK

19    NICHOLS, taken on behalf of the Plaintiffs, beginning at

20    10:03 a.m., and ending at 1:05 p.m., on Monday, November 18,

21    2024, before Jinna Grace Kim, Certified Stenographic

22    Shorthand Reporter No. 14151.

23

24

25
```

D.S., ET AL. vs CITY OF HUNTINGTON PARK, NICK NICHOLS, ET AL.
Nick Nichols on 11/18/2024

Page 3

```
 1    APPEARANCES OF COUNSEL:

 2
      For the Plaintiffs:
 3
              LAW OFFICES OF DALE K. GALIPO
 4            BY:  DALE K. GALIPO, ESQ.
              BY:  BENJAMIN  S. LEVINE, ESQ.
 5            21800 Burbank Boulevard, Suite 310
              Woodland Hills, California 91367
 6            Tel:  818-347-3333
              Fax:  818-347-4118
 7            E-mail:  dalekgalipo@yahoo.com
              E-mail:  blevine@galipolaw.com
 8

 9            CARRAZCO LAW, APC
              BY:  KENT M. HENDERSON, ESQ.
10            18301 Irvine Boulevard
              Tustin, California 92780
11            E-mail:  hendolaw@gmail.com

12

13

14    For the Defendants:

15            ATTORNEYS AT LAW
              BY:  ROGER A. COLVIN, ESQ.
16            BY:  CHRISTY M. GARCIA, ESQ.
              13181 Crossroads Parkway North
17            Suite 400-West Tower
              City of Industry, California 91746
18            E-mail:  rcolvin@agclawfirm.com
              E-mail:  cgarcia@agclawfirm.com
19

20

21

22

23

24

25
```

Page 4

```
 1                          INDEX

 2   WITNESS:                                          PAGE

 3   NICK NICHOLS

 4       BY: MR. GALIPO                                  5

 5       BY: MR. HENDERSON                              81

 6       BY: MR. COLVIN                                 85

 7       BY: MR. GALIPO                                 92

 8       BY: MR. HENDERSON                              95

 9

10                        EXHIBITS

11   MARKED FOR IDENTIFICATION                         PAGE

12   Exhibit 1              Photograph 445              17

13   Exhibit 2              Photograph 442              32

14   Exhibit 3              Photograph Overhead View of 66
                            the Building
15
     Exhibit 5              Photograph 203              72
16
     Exhibit 4              Photograph 618              74
17
     Exhibit 6              Photograph 784              76
18
     Exhibit 8              Photograph 796              77
19

20

21

22

23

24

25
```

```
 1                      CALIFORNIA

 2              MONDAY, NOVEMBER 18, 2024

 3                      10:03 A.M.

 4                    NICK NICHOLS,

 5   called as a witness on behalf of the Plaintiffs, having been

 6   first duly sworn remotely via videoconference, was examined

 7   and testified as follows:

 8                     EXAMINATION

 9   BY MR. GALIPO:

10       Q.   Can you please state your name and spell it for the

11   record.

12       A.   My name is Nick Nichols, N-i-c-h-o-l-s.

13       Q.   Who do you currently work for?

14       A.   City of Huntington Park.

15       Q.   What is your current assignment?

16       A.   I'm assigned as a -- I'm a police officer with the

17   title of corporal and assigned to the K-9 Unit under the

18   patrol unit.

19       Q.   Were you able to hear me?

20            I don't know if you froze for a second.

21       A.   Yeah.  As far as my --

22       Q.   I'm sorry.  You know, I got a little signal that my

23   connection was unstable which is very rare here.  I might

24   have my tech people help me.

25            But I had asked you to how long you had been a law
```

```
 1   enforcement officer.
 2             I don't know if you were able to hear that.
 3        A.   My apologies.  I did not hear that.
 4             I can answer your question, though.
 5             I'm going on 23 years.
 6        Q.   And with respect to your education background, I'm
 7   assuming you graduated high school?
 8        A.   Yes, sir.
 9        Q.   And what year did you do that in?
10        A.   1997.
11        Q.   Did you play any sports in high school?
12        A.   I did.
13        Q.   What sports did you play?
14        A.   I played water polo, baseball, and I swam on the
15   swim team.
16        Q.   And after high school did you go to any college?
17        A.   Yes.
18        Q.   And can you tell me about that, please.
19        A.   I attended Golden West Community College.
20        Q.   And what time frame were you there?
21        A.   From around 1997 to 2000.
22        Q.   Did you study anything in particular?
23        A.   Criminal Justice as well as General Studies.
24        Q.   Any military experience?
25        A.   No.
```

```
 1    A.   Well, not the best, but it was the stairwell that
 2  was cover for me.  I also had a little nook because where I
 3  was positioned, because it's a north, there was an area where
 4  I could recede into if it was necessary.  In my mind if he
 5  was going to start shooting, I could have dipped in there.
 6    Q.   At any time did you see a gun in Mr. Salgado's
 7  hand?
 8    A.   No.
 9    Q.   Did you ever see a gun on his person?
10    A.   No.
11    Q.   Do you recall there being some attempted
12  conversation about Mr. Salgado's kids?
13    A.   I want to say maybe Officer Rincon spoke about that
14  with him.
15    Q.   Do you recall Salgado saying something to the effect
16  "I have lost everything?"
17    A.   Yes.
18    Q.   Do you recall him saying something to the effect,
19  "Just fucking do it?"
20    A.   Yes.
21    Q.   And when he said, "Just fucking do it," what did you
22  think he was referring to?
23    A.   He said it multiple times from my memory, and I
24  perceived it as maybe taking his life.
25    Q.   Meaning, for the officers to shoot him, to take his
```

```
 1          MR. GALIPO:  Kent, are you good?
 2          MR. HENDERSON:  I did want to ask a couple more
 3   questions if I could.
 4          MR. GALIPO:  Sure.
 5                        EXAMINATION
 6   BY MR. HENDERSON:
 7      Q.  Officer Nichols, did Mr. Salgado before you shot
 8   him, in the moments before you shot him, did he put his hands
 9   in the air in a position of surrender?
10          Did that happen?
11      A.  I did --
12          MR. COLVIN:  Objection.  Calls for speculation.
13          You can respond.
14          THE WITNESS:  I did not see that.
15   BY MR. HENDERSON:
16      Q.  Are you saying that never happened; that Mr. Salgado
17   did not before you shot him, put his hands in the air in a
18   position of surrender?
19          Is that your testimony; that never happened, true?
20          MR. COLVIN:  Objection.  Asked and answered; calls
21   for speculation.
22   BY MR. HENDERSON:
23      Q.  Is that your testimony?  It never happened?
24      A.  My testimony is I did not observe that.
25      Q.  Is it fair to say that if Mr. Salgado had been in a
```

D.S., ET AL. vs CITY OF HUNTINGTON PARK, NICK NICHOLS, ET AL.
Nick Nichols on 11/18/2024

Page 96

1  position of surrender with his hands in the air, you would
2  not have shot him; is that true?
3          MR. COLVIN: Objection. Calls for speculation;
4  lacks foundation; incomplete hypothetical.
5          You can respond.
6          THE WITNESS: Well, in this assumption is he still
7  advancing towards us with the knife, or is he stopped?
8  BY MR. HENDERSON:
9      Q.  Let's say he has stopped and he has his hands in the
10 air.
11         MR. COLVIN: Objection. Lacks foundation; calls for
12 speculation; incomplete hypothetical.
13         But you can respond.
14         THE WITNESS: With that assumption in mind, can you
15 repeat the question, please.
16 BY MR. HENDERSON:
17     Q.  Sure. Let's say Mr. Salgado stops; he puts his hand
18 in the air in a position of surrender, is it fair to say that
19 at that moment you would not have shot him?
20         MR. COLVIN: Same objections.
21         THE WITNESS: Yes, that is fair to say.
22         MR. LEVINE: All right. I don't have anything
23 else.
24         MR. GALIPO: Nothing further.
25         MR. COLVIN: Nothing on my end.

D.S., ET AL. vs CITY OF HUNTINGTON PARK, NICK NICHOLS, ET AL.
Nick Nichols on 11/18/2024

Page 97

1  MR. GALIPO:  Okay.  Let's go off the record.
2  (Deposition proceeding concluded at 1:05 p.m.)
3                    *   *   *
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 98

1  DECLARATION UNDER PENALTY OF PERJURY

2

3  Case Name:  D.S., a minor et al. vs. City of Huntington Park,

4  et al.

5  Date of Deposition:  November 18, 2024

6  Job No.:  115433

7

8          I, _____, hereby certify

9  under penalty of perjury under the laws of the State of

10 California that the foregoing is true and correct.

11         Executed this _____ day of _____,

12 20____, at _____, California.

13

14

15

16

17

18                              _____
                                      NICK NICHOLS
19

20

21

22

23

24

25

CERTIFICATE

OF

CERTIFIED STENOGRAPHIC SHORTHAND REPORTER

I, JINNA GRACE KIM, CSR No. 14151, a Certified Stenographic Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth;

That any witnesses in the foregoing proceedings, prior to testifying, were placed under oath;

That a verbatim record of the proceedings was made by me, using machine shorthand, which was thereafter transcribed under my direction;

Further, that the foregoing is an accurate transcription thereof.

I further certify that I am neither financially interested in the action, nor a relative or employee of any attorney of any of the parties.

IN WITNESS WHEREOF, I have subscribed my name, this date: November 18, 2024.

Jinna Grace Kim, CSR No. 14151

Page 100

```
 1   DEPOSITION ERRATA SHEET
 2   Case Name:  D.S., a minor et al. vs. City of Huntington Park,
 3   et al.
 4   Witness:  Nick Nichols
 5   Date of Deposition:  November 18, 2024
 6   Job No.:  115433
 7   Reason Codes:    1. To clarify the record.
 8                    2. To conform to the facts.
 9                    3. To correct transcription errors.
10
11   Page _____  Line _____  Reason _____
12   From _____ To _____
13   Page _____  Line _____  Reason _____
14   From _____ To _____
15   Page _____  Line _____  Reason _____
16   From _____ To _____
17   Page _____  Line _____  Reason _____
18   From _____ To _____
19   Page _____  Line _____  Reason _____
20   From _____ To _____
21   Page _____  Line _____  Reason _____
22   From _____ To _____
23   Page _____  Line _____  Reason _____
24   From _____ To _____
25   Page _____  Line _____  Reason _____
```

```
 1    DEPOSITION ERRATA SHEET

 2    From _____ To _____

 3    Page _____ Line _____ Reason _____

 4    From _____ To _____

 5    Page _____ Line _____ Reason _____

 6    From _____ To _____

 7    Page _____ Line _____ Reason _____

 8    From _____ To _____

 9    Page _____ Line _____ Reason _____

10    From _____ To _____

11    Page _____ Line _____ Reason _____

12    From _____ To _____

13    Page _____ Line _____ Reason _____

14    From _____ To _____

15    Page _____ Line _____ Reason _____

16    From _____ To _____

17

18    _____ Subject to the above changes, I certify that the

19    transcript is true and correct.

20    _____ No changes have been made.  I certify that the

21    transcript is true and correct.

22

23                          _____

24                                    NICK NICHOLS

25
```