Roger A. Colvin, Esq. (SBN 068773)
Christy M. Garcia, Esq. (SBN 316570)
Alvarez-Glasman & Colvin
Attorneys at Law
13181 Crossroads Parkway North
Suite 400 – West Tower
City of Industry, CA  91746
Telephone: (562) 699-5500
Facsimile:  (562) 692-2244
rcolvin@agclawfirm.com
cgarcia@agclawfirm.com

Attorneys for Defendants, City of Huntington Park, Nick Nichols, Rene Reza, Matthew Rincon, April Wheeler, Saul Rodriguez, and Jose A. Yamasaki

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM OMAR CASTILLO MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; JUANA MARIA MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; O.C.E. a minor by and through their Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA GUADELUPE ESPINOZA SALMERON, an individual; OSMAR ANTONIO CASTILLO BLANDON, an individual; KARLA VANESSA BLANDON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HUNTINGTON PARK; RENE REZA, an individual; APRIL WHEELER, an individual; MATTHEW RINCON, an individual; NICK NICHOLS, an individual; JOSE A. YAMASAKI, an individual; SAUL RODRIGUEZ, an individual; and DOES 1 TO 10, inclusive, DOES 1-10, inclusive,<br><br>Defendants | Case No. 2:24-cv-04898 CBM *(AGR)* (Consolidated with Lead Case No. 2:23-cv-09412 CBM (AGR))<br><br>*Assigned to*:<br>District Judge: Consuelo B. Marshall<br>Magistrate Judge: Alicia G. Rosenberg<br><br>REPLY IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT<br><br>Date:     April 1, 2025<br>Time:    10:00 a.m.<br>Courtroom:  8D<br><br>[Response to Statement of Uncontroverted Facts filed concurrently herewith] |

1

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

AND CONSOLIDATED ACTION.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION:**

Plaintiffs' Opposition misses the mark in responding to Defendants' Motion for Summary Judgment ("Motion"). As a preliminary matter, Plaintiffs failed to oppose and address several arguments at issue in Defendants' Motion. Instead, Plaintiffs' address immaterial facts and issues and unpersuasively argue that Defendants' Motion be denied simply because the Motion was filed in the instant case docket rather than the lead the case. Importantly, however, in their Opposition, Plaintiffs expressly and/or implicitly concede the following points from Defendants' Motion:

1. Plaintiffs lack standing to bring a Fourteenth Amendment Claim on Behalf of Decedent;
2. Eugenia Espinoza Salmeron, Decedent's stepmother, lacks standing to raise Fourteenth Amendment claims;
3. O.C.E., Osmar Castillo and Karla Blandon, Decedent's siblings, lack standing to allege Fourteenth Amendment claims;
4. Eugenia Espinoza Salmeron and Karla Blandon lack standing to allege state law claims because they failed to timely file a government claim; and
5. Juana Miranda and Karla Blandon cannot satisfy the elements of negligent infliction of emotional distress and thus must be dismissed from this claim.

Accordingly, Defendants' Motion should be granted, at least in part, on the foregoing points.

In addition, the remainder of Plaintiffs' Opposition predominately addresses the standing issues related to William Castillo's and Juana Miranda's Fourteenth Amendment claims, and Plaintiffs' Negligent Infliction of Emotional distress

2

claims. As will be discussed in greater detail below, Defendants' Motion should be granted because Plaintiffs failed to establish standing of their Fourteenth Amendment Claims and fail to allege valid state law claims thus barring relief.

## II. LEGAL ANALYSIS:

### A. PLAINTIFFS CONCEDE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

In Opposition to Defendants' Motion, Plaintiffs make multiple expressed and implicit concessions that warrant the granting of Defendants' Motion. Those issues will be discussed first.

#### 1. Plaintiffs Expressly Concede Decedent's Siblings Lack Standing To Allege Fourteenth Amendment Claims

Plaintiffs expressly acknowledge that O.C.E, Osmar Castillo, and Karla Blandon lack standing to assert Fourteenth Amendment Claims, in their own right, for loss of companionship. Indeed, Decedent's siblings' lack of standing is supported by Ninth Circuit authority, *Ward v. City of San Jose*, 967 F. 2d 280, 284 (9th Cir. 1991), as amended on denial of reh'g (June 16, 1992). Accordingly, Defendants' Motion should be granted on this ground.

#### 2. Plaintiffs Expressly Concede Juana Miranda and Karla Blandon Lack Standing to Allege Negligent Infliction of Emotional Distress

Plaintiffs do not dispute that Juana Miranda and Karla Blandon lack standing to allege negligent infliction of emotional distress damages because they cannot satisfy the required elements. It is undisputed that Juana Miranda and Karla Blandon were not present at the scene on the day of the incident that is the subject of this litigation. To that end, Plaintiffs Juana Miranda and Karla Blandon should be dismissed from the purported negligent infliction of emotional distress claim and Defendants' Motion should be granted on this ground.

///

### 3. Plaintiffs Implicitly Concede They Lack Standing To Raise Fourteenth Amendment Claims on Behalf of Decedent

Local Rule 7-9 requires, in part, the opposing party file a "…complete memorandum which shall contain a statement of **all the reasons** in opposition and the points an authorities upon which the opposing party will rely…" (emphasis added) Here, Plaintiffs' Opposition is devoid of any argument or legal authority that establishes they have standing to assert Decedent's survivorship claims under the Fourteenth Amendment. In fact, Plaintiffs fail to address this issue in its entirety. As a result, Plaintiffs' purported survivorship claims should be dismissed for lack of standing and Defendants' Motion should be granted on this ground.

### 4. Plaintiffs Implicitly Concede Eugenia Espinoza Salmeron Lacks Standing to Raise Fourteenth Amendment Claims

Similarly, Plaintiffs' Opposition fails to contest the standing issues related to Eugenia Espinoza Salmeron's purported Fourteenth Amendment Claims. Importantly, there is no dispute that Salmeron lacks standing to raise Fourteenth Amendment claims as a de-facto parent using the rationale in *Miller v. California*, 355 F. 3d 1172 (9th Cir. 2004). Moreover, the Ninth Circuit has also held that foster parents do not enjoy the same constitutional protections that natural parents do," (*Backlund v. Barnhart*, 778 F. 2d 1386 (9th Cir. 1985 internal citations omitted). Significantly, Plaintiffs failed to put forth any evidence to establish a protected liberty interest in her familial relationship with Decedent. For example, there is no evidence to support Salmeron maintained a mother-son relationship with Decedent, or that she was actively involved in child-rearing activities. The lack of legal authority and argument coupled with the lack of evidence of an established familial relationship should undoubtedly lean in favor of granting Defendants' Motion. As such, Defendants Motion should be granted on this basis.

///

///

### 5. Plaintiffs Implicitly Concede Eugenia Espinoza Salmeron and Karla Blandon Lack Standing To Allege State Law Claims Because They Failed To Timely File A Government Claim

State law tort claims against both individual and public entity defendants are barred unless the claims are presented to them before commencement of a lawsuit. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F. 2d 621, 627 (9th Cir. 1988). Plaintiffs do not dispute that Eugenia Esponiza Salmeron and Karla Blandon never submitted government claims. (See. Dkt. No. 50-1; UF #25). Eugenia Espinoza Salmeron and Karla Blandon were required by law to present a government claim prior to filing their lawsuit alleging state law tort claims, but they failed to do so. In that regard, Eugenia Espinoza Salmeron and Karla Blandon's state law claims are barred as a matter of law against Defendants.

### B. PLAINTIFFS FAIL TO ESTABLISH THAT JUANA MIRANDA AND WILLIAM CASTILLO HAVE STANDING TO ALLEGE FOURTEENTH AMENDMENT CLAIMS

Plaintiffs assert that the issue of the Decedent's relationship with his father and his adoptive mother is disputed and therefore Defendants' Motion should be denied. "Issues of fact do not preclude summary judgment unless they are material to the substantive claim at issue; that is, unless they 'might affect the outcome of the suit under the governing law.'" (*Moreland v. Las Vegas Metropolitan Police Dept.* 159 F. 3d 365 (1998). Contrary to Plaintiffs' assertion, their disputes to the facts do not affect the outcome-Plaintiffs Juana Miranda and William Castillo lack standing to raise Fourteenth Amendment Claims.

### 1. Juana Miranda Lacks Standing To Allege Fourteenth Amendment Claims As an Adoptive Parent and As a De Facto Parent

Plaintiffs want to have their cake and eat it too. Throughout this case, and as can be clearly seen from their Opposition, Plaintiffs have taken inconsistent positions related to Juana Miranda's adoption of Decedent. On the one hand,

Plaintiffs allege that Decedent was the adopted son of Juana Miranda (Plaintiffs' Opposition "Opp." 14:13; 20:4,7). And on the other hand, Plaintiffs "vehemently dispute" this point by contending that "there was no formal adoption." (Opp. 2:13,21:18-20; 22:1, 23:22). Notwithstanding the position they take, the result remains the same-Juana Miranda lacks standing to allege Fourteenth Amendment claims.

As discussed in Defendants' Motion, the concurring opinion of *Napouk v. Las Vegas Metropolitan Police Department*, 123 F. 4th 904, 926 (9th Cir. 2024) provides guidance on the lack of a custodial parent-child relationship between parents who had long ago raised their son, who was forty-four years old when he died, and were not cohabitating with him at the time of his death. In fact, Plaintiffs response to Defendants' UF#14 clearly states that that at the time of Decedent's death in October 2022, Decedent lived with his father, step-mother and his brothers Osmar Castillo and O.C.E. (Dkt. No. 50-1, UF #14) As such, there is no dispute that Juana Miranda had long ago raised Decedent and was not cohabitating with him at the time of his death. Thus, this Court should similarly find that Juana Miranda lacks standing to allege Fourteenth Amendment claims as an adoptive mother of Decedent.

However, taking the facts most favorable to Plaintiffs, if the adoption was informal and no legal documents were prepared, Defendants have a stronger argument to support Juana Miranda's lack of standing. *Miller v. California*, is directly on point as it pertains to a non-custodial grandparent. 355 F. 3d 1172 (9th Cir. 2004). In *Miller*, the Ninth Circuit held that a non-custodial grandparent **does not** have a protectable liberty interest. (*Id*., bolding added) In that vein, Plaintiffs concede that Juana Miranda is not the legal adoptive mother Decedent, rather she was his non-custodial grandmother and Decedent's de facto mother.

In addition, Plaintiffs contend that California follows the Uniform Parentage Act section 7610 ("UPA"). This statute has no bearing on analyzing

standing in a federal Fourteenth Amendment claim. Indeed, Plaintiffs fail to cite to any Ninth Circuit authority that requires this Court to analyze UPA section 7610 in connection with standing challenges to a substantive due process claim. Moreover, UPA section 7610 (b) provides that a parent child relationship may be established "[b]etween a child and an adoptive parent, it may be established by proof of adoption. To that end, UPA section 7610 cannot be used to establish Juana Miranda's standing because the statute contradicts the facts that Plaintiffs put before Court-namely that Juana Miranda never formally adopted Decedent.

As a matter of law, cannot establish a substantive due process right and therefore lacks standing to raise Fourteenth Amendment claims.

## 2. Plaintiffs Failed to Establish The Closeness of the Relationship Between Plaintiff William Castillo and Decedent

In Opposition to Defendants' Motion, Plaintiff William Castillo provides a declaration that states that he continued to remain involved in Decedent's life when Decedent was a child, that he was always recognized as Decedent's father, and also describes his feelings of sadness over the loss of Decedent. (Dkt. No. 50-15). However, these facts are not and have never been at issue in Defendants' Motion[1]. The mere fact that Plaintiff William Castillo was Decedent's biological father does not automatically provide him with the required legal standing to a Fourteenth Amendment claim. The Ninth Circuit established that "the mere existence of a biological link between parent and child is not a sufficient basis to support a Fourteenth Amendment claim for loss of familial relationship rights. *Wheeler v. v. City of Santa Clara*, 894 F. 3d 1046, 1051 (9th Cir. 2018).

The central issue in Defendants' Motion is the closeness of the relationship

---

[1] Plaintiffs filed a tardy "Supplement Plaintiffs Addendum to Plaintiffs Undisputed Material Facts" which includes a Declaration of their counsel and seeks to introduce evidence which was not produced in discovery-namely, Decedent's birth certificate. Defendants object to the admission of this evidence and request this Court strike and or disregard the improper evidence submitted.

7

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

between Plaintiff William Castillo and Decedent. Regardless of whether Decedent was formally adopted or not, like Wheeler Plaintiff William Castillo has not sufficiently supported his loss of companionship claim. Specifically, Plaintiff William Castillo provides that Decedent always recognized him as his father, he describes being scared and incredibly stressed out at the sight of seeing the officers shoot his son, that he misses his son, Decedent was a happy person who loved to dance, he used to walk with Decedent to work, and that he has "all these beautiful memories." (Dkt. No. 50-15) However, none of these facts sufficiently describe the *relationship* between Decedent and Plaintiff or demonstrate how close they were. In reviewing Plaintiffs' FAC, and Plaintiffs' evidence in support of their Opposition, there is no evidence to support that Plaintiff William Castillo and Decedent maintained a close familial relationship, and even if a close relationship was alleged, which Defendants contend there was not, the mere allegation, without evidence, would be insufficient to support a loss of companionship claim. Moreover, as established above the Fourteenth Amendment claim a federal claim governed by Federal law and an analysis of the UPA is irrelevant in analyzing Plaintiff William Castillo's standing to raise Fourteenth Amendment claims. Further, Plaintiffs reliance on *Fosbinder v. City of San Diego*, 2024 U.S. Dist. LEXIS 197571 is unavailing and is not binding on this Court.

To that end, Plaintiff William Castillo lacks standing to raise a Fourteenth Amendment claim.

### C. PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED

Plaintiffs nonsensically argue that Defendants failed to shift the burden to Plaintiffs to prove negligence. This issue was never a basis of Defendants' Motion. As to the state law claims, the issues in Defendants' Motion are as follows: 1) Plaintiffs failed to timely file a Government Claim as to negligent

infliction of emotional distress; 2) negligent infliction of emotional distress is not a separate tort or cause of action under California law, and 3) Juana Miranda and Karla Blandon were not present at the scene and thus cannot satisfy the elements of negligent infliction of emotional distress-which Plaintiffs concede. Therefore, the only two remaining issues for the Court to decide are whether Plaintiffs timely submitted a Government Claim for negligent infliction of emotional distress and whether Plaintiffs can proceed on their state law claim. In that vein, Plaintiffs' arguments related to their individual standing to raise negligent infliction of emotional distress claims are irrelevant and should be disregarded by this Court.

In their Opposition, Plaintiffs dissect and analyze various sentences of their government claim trying to find ways to demonstrate that they asserted negligent infliction of emotional distress, however, the plain language of the claim does not specifically state "negligent infliction of emotional distress." (RJN, Ex. 2). California law requires the filing of a government claim prior to the filing of a state law claim subject to the California Tort Claims Act. If a plaintiff relies on more than one theory of recovery, ***each cause of action*** must be reflected in a timely claim. *Nelson v. State of California*, 139 Cal. App. 3d. 72, 79 (1982), emphasis added. Simply put, Plaintiffs did not allege negligent infliction of emotional distress in their May 1, 2023 government claim and therefore a barred from raising it in the instant lawsuit. Additionally, Plaintiffs contend that the FAC conforms to pleading requirements, but they leapfrog over the underlying issue-negligent infliction of emotional distress is not a separate tort or cause of action under California law. See *Ragland v. U.S. Bank Nat'l Assn.,* 209 Cal. App. 4th 182, 205 (2012). As a result, Plaintiffs have not alleged a valid state law claim against Defendants, and their claim for negligent infliction of emotional distress should be dismissed.

///

///

## D. PLAINTIFFS FAILED TO ESTABLISH PREJUDICE BY THE FILING OF DEFENDANTS' MOTION IN THE LEAD CASE

The argument that Defendants' Motion should be denied on the sole bases that it was filed in the instant case and not in the lead case is disingenuous at best. Plaintiffs have not alleged any prejudice as a result of the filing. Rather, Plaintiffs quibble that they have not been called to the correct court, despite the fact that this case, and the lead case, have been assigned to the same District Judge, the same Magistrate Judge and the same courtroom. To the contrary, Plaintiffs had notice of Defendants' Motion as evidenced by the filing of their Opposition. As such, Plaintiffs' request to deny Defendants' Motion on the sole basis that it was not filed in the lead case should be disregarded. Importantly, however, counsel for Defendants will ensure the instant Reply is filed in both the instant and lead case. Counsel also apologizes any inconvenience this may have caused the court.

## III. CONCLUSION:

For the foregoing reasons, Defendants City of Huntington Park, Nick Nichols, Rene Reza, Matthew Rincon, April Wheeler, Saul Rodriguez, And Jose A. Yamasaki respectfully request that the Court grant their Motion for Summary Judgment, or in the alternative, grant partial summary judgment as the Court deems appropriate.

Dated: March 18, 2025

ALVAREZ-GLASMAN & COLVIN
ARNOLD M. ALVAREZ-GLASMAN
CITY ATTORNEY

/s/ Christy M. Garcia, Esquire
Christy M. Garcia
City of Huntington Park, Nick Nichols, Rene Reza, Matthew Rincon, April Wheeler, Saul Rodriguez, and Jose A. Yamasaki

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Central District of California – by using the CM/ECF system on March 18, 2025

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on March 18, 2025, 2025, at City of Industry, California.

/s/ Melinda Arredondo
Melinda Arredondo

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**