1  Roger A. Colvin, Esq. (SBN 068773)
2  Christy M. Garcia, Esq. (SBN 316570)
   Alvarez-Glasman & Colvin
3  Attorneys at Law
   13181 Crossroads Parkway North
4  Suite 400 – West Tower
   City of Industry, CA  91746
5  Telephone: (562) 699-5500
   Facsimile:  (562) 692-2244
6  rcolvin@agclawfirm.com
   cgarcia@agclawfirm.com
7
8  Attorneys for Defendants, City of Huntington Park, Nick Nichols,
   Rene Reza, Matthew Rincon, April Wheeler, Saul Rodriguez, and Jose A.
9  Yamasaki

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  WILLIAM OMAR CASTILLO          )  Case No. 2:24-cv-04898 CBM *(AGR)*
    MIRANDA, an individual and as   )  *(Consolidated with Lead Case No.* 2:23-
13  Successor in Interest for Decedent,  )  cv-09412 CBM (AGR))
    WILLIAM RENE SALGADO           )
14  MIRANDA; JUANA MARIA           )
    MIRANDA, an individual and as   )  *Assigned to*:
15  Successor in Interest for Decedent,  )  District Judge: Consuelo B. Marshall
    WILLIAM RENE SALGADO           )  Magistrate Judge: Alicia G. Rosenberg
16  MIRANDA; O.C.E. a minor by and  )
    through their Guardian ad Litem,  )
17  EUGENIA GUADELUPE ESPINOZA     )
    SALMERON; EUGENIA GUADELUPE    )  DEFENDANTS' RESPONSES AND
18  ESPINOZA SALMERON, an individual;  )  OBJECTIONS TO PLAINTIFFS'
    OSMAR ANTONIO CASTILLO         )  SEPARATE STATEMENT OF
19  BLANDON, an individual; KARLA   )  UNCONTROVERTED FACTS
    VANESSA BLANDON, an individual,  )  SUBMITTED IN OPPOSITION TO
20                                 )  DEFENDANTS' MOTION FOR
              Plaintiffs,           )  SUMMARY JUDGMENT, OR IN THE
21                                 )  ALTERNATIVE, PARTIAL
           v.                      )  SUMMARY JUDGMENT
22                                 )
    CITY OF HUNTINGTON PARK; RENE  )
23  REZA, an individual; APRIL      )  Date:        April 1, 2025
    WHEELER, an individual; MATTHEW  )  Time:        10:00 a.m.
24  RINCON, an individual; NICK     )  Courtroom:  8D
    NICHOLS, an individual; JOSE A.  )
25  YAMASAKI, an individual; SAUL   )  [*Reply Memorandum filed concurrently*
    RODRIGUEZ, an individual; and DOES  )  *herewith*]
26  1 TO 10, inclusive, DOES 1-10,   )
    inclusive,                      )
27              Defendants         )
                                   )
28  _____    1

_____

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

<table>
<tr><td>1</td><td></td></tr>
<tr><td>2</td><td>AND CONSOLIDATED ACTION.</td></tr>
</table>

)

AND CONSOLIDATED ACTION.   )

)

TO THE HONORABLE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants CITY OF HUNTINGTON PARK, NICK NICHOLS, RENE REZA, MATTHEW RINCON, APRIL WHEELER, SAUL RODRIGUEZ, AND JOSE A. YAMASAKI ("Collectively, Defendants") hereby submit the following Response and Objections to Plaintiffs' Response to Defendants Separate Statement of Uncontroverted and Plaintiffs Separate Statement In Support of Opposition to Defendants' Motion for Summary Judgment or, in the alternative, Partial Summary Judgment. Importantly, on March 17 (the eve before Defendants' Reply brief is due for filing), Plaintiffs submitted a Supplemental and Amended Separate Statement seeking to introduce documents not produced in discovery, i.e., Decedent's birth certificate through the declaration of their counsel. Defendants object to the admissibility and introduction of any and all evidence Plaintiffs improperly intend on utilizing that was not produced during the fact discovery period and request this Court to exclude such evidence on that basis.

**A. PLAINTIFFS' FOURTEENTH AMENDMENT CLAIMS FOR VIOLATION OF SUBSTANTIVE DUE PROCESS MUST BE DISMISSED BECAUSE PLAINTIFFS LACK STANDING**

**B. PLAINTIFFS EUGENIA GUADALUPE ESPINOZA SALMERON AND KARLA VANESSA BLANDON LACK STANDING TO ASSERT STATE LAW CLAIMS BECAUSE THEY FAILED TO TIMELY FILE A GOVERNMENT CLAIM**

**C. PLAINTIFFS FAILED TO ALLEGE STATE LAW CLAIMS AGAINST DEFENDANTS**

   **1. Plaintiffs Failed To Timely File A Government Claim For**

2

---

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Negligent Infliction Of Emotional Distress.**

**2. Negligent Infliction Of Emotional Distress Is Not A Separate Tort Or Cause Of Action Under California Law.**

**3. It Is Undisputed Juana Miranda and Karla Blandon Were Not Present At The Scene And Thus Cannot Satisfy the Elements of Negligent Infliction of Emotional Distress**

| DEFENDANTS' UNDISPUTED FACTS AND EVIDENCE IN SUPPORT | PLAINTIFFS' RESPONSE | |
|---|---|---|
| 1.    Decedent was born in Nicaragua to William Castillo and Marcia Mendez. Garcia Declaration, Exhibit "A" Deposition of William Castillo, 16:2-3, 10-14; 19:21-24; Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 9:21-23 | **Undisputed**. | |
| 2.    Decedent's biological mother, Marcia Mendez, left Decedent when he | **Undisputed**. | |

3

| | | |
|---|---|---|
| was forty (40) days old and was never heard from again. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 19:21-24. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 8:6-15; | | |
| 3.    By the age of two (2), Decedent was adopted by his grandmother, Juana Miranda Jimenez, and his grandfather, Inocente Salgado Peralta, in Nicaragua. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 17:4-14; 18:14-16. | Objection: lacks foundation, assumes facts as phrased, vague and ambiguous, misstates facts.  Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent that Decedent William Rene | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE |

4

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | Salgado Miranda's living arrangements with Juana Maria Miranda Jimenez and Inocente Salgado Peralta was described as an 'adoption.'<br><br>**Disputed** in all other respects. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>The actual details of this arrangement paint a different picture than what Defendants seek to conclude.  William | 901, and consists of inadmissible hearsay-FRE 801. |

5

| | | |
|---|---|---|
| 1 | Omar Castillo | |
| 2 | Miranda testified that | |
| 3 | there was no legal | |
| 4 | adoption (no papers, | |
| 5 | no notary), and it was | |
| 6 | a situation where | |
| 7 | William Omar | |
| 8 | Castillo Miranda | |
| 9 | stated his mother | |
| 10 | (and William Rene | |
| 11 | Salgado Miranda's | |
| 12 | grandmother), Juana | |
| 13 | Maria Miranda | |
| 14 | Jimenez, wanted to | |
| 15 | help him out and | |
| 16 | assist in raising | |
| 17 | William Rene | |
| 18 | Salgado Miranda so | |
| 19 | that he could work | |
| 20 | and provide for the | |
| 21 | family, and she | |
| 22 | would give William | |
| 23 | his stepfather's last | |
| 24 | name "Chente." | |
| 25 | (Castillo Depo, Ex. 2, | |
| 26 | 16:12-14, 17:4-16, | |
| 27 | 22-25, 18:1-6; Juana | |
| 28 | | |

6

---

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1 | Depo, Ex. 3, 8:8-15). | |
| 2 | | |
| 3 | Juana Maria Miranda | |
| 4 | and William Omar | |
| 5 | Castillo Miranda both | |
| 6 | testified that William | |
| 7 | Omar Castillo | |
| 8 | Miranda was the | |
| 9 | biological father of | |
| 10 | William Rene | |
| 11 | Salgado Miranda and | |
| 12 | Juana Maria Miranda | |
| 13 | was the grandmother. | |
| 14 | (Juana Depo, Ex. 3, | |
| 15 | 8:6-8, 9:21-23; | |
| 16 | Castillo Depo, Ex. 2, | |
| 17 | 15:10-18).  William | |
| 18 | Omar Castillo | |
| 19 | Miranda is Juana | |
| 20 | Maria Miranda | |
| 21 | Jimenez's son. (Juana | |
| 22 | Depo, Ex. 3, 9:24-25, | |
| 23 | 10:1).  William Omar | |
| 24 | Castillo Miranda was | |
| 25 | on the original birth | |
| 26 | certificate and was | |
| 27 | present when William | |
| 28 | | |

7

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24).<br><br>Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Deposition of Karla Vanessa Blandon ("Karla Depo"), Ex. 5, 10:15-19). | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate.  Castillo Miranda Dec., Ex. 13, para. 4.

As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain

9

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5. | |
| | Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5. | |
| | William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado | |

10

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all | |

11

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | claims in Plaintiffs' complaint. | |
|---|---|---|
| 4.    William Castillo, Decedent's biological father, consented to the adoption.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 17:23-25; 18:1-2; 43:23-25; 44:1-2 | Objection: lacks foundation, assumes facts as phrased, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent that Decedent William Rene Salgado Miranda's living arrangements with Juana Maria Miranda Jimenez and Inocente Salgado Peralta was described as an 'adoption.'<br><br>**Disputed** in all other | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | respects. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>The actual details of this arrangement paint a different picture than what Defendants seek to conclude. William Omar Castillo Miranda testified that there was no legal adoption (no papers, no notary), and it was a situation where William Omar Castillo Miranda stated his mother | |

13

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | (and William Rene Salgado Miranda's grandmother), Juana Maria Miranda Jimenez, wanted to help him out and assist in raising William Rene Salgado Miranda so that he could work and provide for the family, and she would give William his stepfather's last name "Chente." (Castillo Depo, Ex. 2, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 3, 8:8-15). Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and | |

14

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1 | Juana Maria Miranda | |
| 2 | was the grandmother. | |
| 3 | (Juana Depo, Ex. 3, | |
| 4 | 8:6-8, 9:21-23; Castillo | |
| 5 | Depo, Ex. 2, 15:10-18). | |
| 6 | William Omar Castillo | |
| 7 | Miranda is Juana Maria | |
| 8 | Miranda Jimenez's | |
| 9 | son. | |
| 10 | (Juana Depo, Ex. 3, | |
| 11 | 9:24-25, 10:1). | |
| 12 | William Omar | |
| 13 | Castillo Miranda was | |
| 14 | on the original birth | |
| 15 | certificate and was | |
| 16 | present when William | |
| 17 | Rene Salgado | |
| 18 | Miranda was being | |
| 19 | born. (Castillo Depo, | |
| 20 | Ex. 2, 16:8-12; | |
| 21 | Eugenia Depo, Ex. 4, | |
| 22 | 12:2-4).  Juana | |
| 23 | wanted to 'adopt' | |
| 24 | William Rene | |
| 25 | Salgado Miranda to | |
| 26 | make sure that he had | |
| 27 | a birth certificate. | |

15

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | (Juana Depo, Ex. 3, 16:12-17, 23-24). | |
| | Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Karla Depo, Ex. 5, 10:15-19). When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate.  Castillo Miranda Dec., Ex. 13, para. 4. | |
| | As a matter of | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father William Omar Castillo Miranda | |

17

| | | |
|---|---|---|
| | under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father.  Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son.  Castillo | |

18

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. | |
| | 5.    Juana Miranda Jimenez and Inocente Salgado raised Decedent.<br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 16:10-14 | Objection: lacks foundation, assumes facts as phrased, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **<u>Undisputed in part and disputed in part</u>** | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion- FRE 701. Defendants |

19

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

|   |   |   |
|---|---|---|
| | **Undisputed** to the extent that Decedent William Rene Salgado Miranda's living arrangements with Juana Maria Miranda Jimenez and Inocente Salgado Peralta were described as an 'adoption.'<br><br>**Disputed** in all other respects. In fact, the death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). (Exhibit 1 to Defendants' Request for Judicial Notice).<br><br>The actual details of | further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | this arrangement paint a different picture than what Defendants seek to conclude.  William Omar Castillo Miranda testified that there was no legal adoption (no papers, no notary), and it was a situation where William Rene Salgado Miranda stated his mother (and William Rene Salgado Miranda's grandmother), Juana Maria Miranda Jimenez, wanted to help him out and raise him so that he could work and provide for the family, and she would give William his stepfather's last name "Chente". | |

21

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | (Castillo Depo, Ex. 2, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 3, 8:8-15).<br><br>Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda is Juana Maria Miranda Jimenez's son. (Juana Depo, Ex. 3, 9:24-25, 10:1). William Omar Castillo Miranda was on the original birth | |

22

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24). Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Karla Depo, Ex. 5, 10:15-19). | |

23

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1 | When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4. | |

As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's

24

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5. | |
| | Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5. | |
| | William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized | |

25

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | William Omar Castillo Miranda as his father.  Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son.  Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | complaint. | |
| 6.   In 2002, William Castillo left Nicaragua and arrived in the United States.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 21:23-25; 22:1-5 | Objection: lacks foundation, assumes facts as phrased, vague, ambiguous, and misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** solely to the extent that William Omar Castillo Miranda left Nicaragua to live in the United States.<br><br>**Disputed** to the extent this fact is proffered to show that William Omar Castillo Miranda abandoned or | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | otherwise was disavowing William Rene Salgado Miranda. Juana Maria Miranda and William Omar Castillo Miranda both testified thatWilliam Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, 15:10-18). William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4). The only reason Juana wanted to | |

28

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24).<br><br>Further, William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. (Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Karla Depo, Ex. 5, 10:15-19).<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth | |

29

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | certificate. Castillo Miranda Dec., Ex. 13, para. 4. | |
| | As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5. | |

30

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father.  Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – | |

31

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | relatives, friends, or strangers – he always told them that William Salgado is his son.  Castillo Miranda Dec., Ex. 13, para. 7.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. | |
| 7.    In 2007, William Castillo returned to Nicaragua to marry Eugenia Espinoza Salmeron, the | **Undisputed**. | |

32

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Decedent's stepmother. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 22:6-7; 18:17-24 | | |
| 8. Juana Miranda ultimately arrived in the United States. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 10:18-22; 11:2-4, 24-25; 12:2-4 | **<u>Undisputed</u>**. | |
| 9. Juana Miranda sent for Decedent, and Decedent arrived in the United States. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 11:2-4, 24-25. | **<u>Undisputed</u>**. | |
| 10. Following his arrival in the United States, Decedent lived with | Objection vague, ambiguous, assumes facts as phrased ,and misstates facts. | Objection. Defendants object to Plaintiffs' response on the grounds that it |

33

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| his grandmother in Los Angeles, until he reached the age of eighteen.<br><br>Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 12:9-14; 14:9-15 | Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent William Rene Salgado lived with Juana Maria Miranda Jimenez at some point in his life.<br><br>**Disputed** to the extent this fact is proffered to suggest that Juana Maria Miranda somehow has no standing to assert a claim under the14th Amendment. The facts, taken in favor of the nonmoving party, | constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | show that William Rene Salgado Miranda and Juana Maria Miranda maintained a close familial relationship; Juana testified in her sworn deposition that William Rene Salgado would call her 'daily,' and she bought him a cellphone, presumably to encourage this communication. (Juana Depo, Ex. 3, 28:8-14). Additionally, **<u>Disputed</u>** to the extent that somehow this fact is proffered to suggest that somehow William Omar Castillo Miranda, Osmar Antonio Castillo | |

35

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Blandon, and O.C.E. do not have standing to assert Negligent Infliction of Emotional Distress. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>On and prior to October 30, 2022, William Rene Salgado Miranda resided with Plaintiffs, William | |

36

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Omar Castillo Miranda, Eugenia Espinoza, Osmar Antonio Castillo Blandon, and O.C.E. in the apartment located at 6315 Malabar Avenue, City of Huntington Park, and had done so since 2021 (and perhaps earlier). (Castillo Depo, Ex. 2, 34:3-10, 37:24-25, 38:1-3; O.C.E. Depo, Ex. 7, 16:19-25; Osmar Depo, Ex. 6, 30:16-25; Karla Depo, Ex. 5, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5.)<br><br>Thus, taking all facts in light most | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | favorable to Plaintiffs, William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. have all established standing to assert all claims in Plaintiffs' complaint. | |
| 11.  Decedent had a longtime girlfriend, Elsa Acosta, and he moved out of his grandmother's home to live with her. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 13:15-23; 14:9-15 | Objection vague, ambiguous, assumes facts as phrased ,and misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**. **Undisputed** to the extent William Rene Salgado had a longtime girlfriend | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | (Elsa Acosta) that he lived with at some point in his life. | 901, and consists of inadmissible hearsay- FRE 801. |
| | **<u>Disputed</u>** to the extent this fact is proffered to suggest that Juana Maria Miranda somehow has no standing to assert a claim under the 14th Amendment. The facts, taken in favor of the nonmoving party, show that William Rene Salgado Miranda and Juana Maria Miranda maintained a close familial relationship; Juana testified in her sworn deposition that William Rene Salgado would call her 'daily,' and she bought him a | |

39

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1 | cellphone, | |
| 2 | presumably to | |
| 3 | encourage this | |
| 4 | communication. | |
| 5 | (Juana Depo, Ex. 3, | |
| 6 | 28:8-14) | |
| 7 | | |
| 8 | Additionally, | |
| 9 | **<u>Disputed</u>** to the | |
| 10 | extent that somehow | |
| 11 | this fact is proffered | |
| 12 | to suggest that | |
| 13 | somehow William | |
| 14 | Omar Castillo | |
| 15 | Miranda, Osmar | |
| 16 | Antonio Castillo | |
| 17 | Blandon, and O.C.E. | |
| 18 | do not have standing | |
| 19 | to assert Negligent | |
| 20 | Infliction of | |
| 21 | Emotional Distress. | |
| 22 | As set forth *infra* in | |
| 23 | this Response, | |
| 24 | Plaintiffs' | |
| 25 | Undisputed Material | |
| 26 | Facts, and supporting | |
| 27 | evidence, William | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>On and prior to October 30, 2022, William Rene Salgado Miranda resided with Plaintiffs, William Omar Castillo Miranda, Eugenia Espinoza, Osmar Antonio Castillo Blandon, and O.C.E. in the apartment located at 6315 Malabar Avenue, City of Huntington Park, and had done so since 2021 (and | |

41

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | perhaps earlier). (Castillo Depo, Ex. 2, 34:3-10, 37:24-25, 38:1-3; O.C.E. Depo, Ex. 7, 16:19-25; Osmar Depo, Ex. 6, 30:16-25; Karla Depo, Ex. 5, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5.) Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. have all established standing to assert all claims in Plaintiffs' complaint. | |

42

| | | |
|---|---|---|
| 12. Over their years together, Ms. Acosta and Decedent had four children together.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 27: 18-25; 28:1-2; 28:19-14; 29:5-8 | **<u>Undisputed</u>**. | |
| 13. However, Decedent and Ms. Acosta were never married.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 28: 5-8.<br>Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 11:2-4, 24-25; 13:6-14; 14:2-8 | **<u>Undisputed</u>**. | |
| 14. In October of 2022, Decedent was living with his biological father, William | Objection: vague and ambiguous as phrased and as to time, lacks foundation, assumes | Objection. Defendants object to Plaintiffs' response on the grounds that it |

43

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Castillo, his stepmother, Eugenia Espinoza Salmeron, and his two siblings, Oscar Castillo and Osmar Castillo, in Huntington Park.<br><br>Garcia Declaration, Exhibit "A", Deposition of William Castillo, 29: 9-14; 34:3-6; 45:3-9.<br><br>Garcia Declaration, Ex. "C" Deposition of Oscar Castillo, 14:18-22 | facts, and misstates facts and evidence as phrased.  Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and Disputed in part**.<br><br>**Undisputed** to the extent that William Rene Salgado Miranda lived with Plaintiffs, William Omar Castillo Miranda, Eugenia Jimenez, Osmar Antonio Castillo Blandon, and Oscar Castillo in October of 2022.<br><br>**Disputed** in all other respects, including to the extent that this fact is proffered to | constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | suggest that William Rene Salgado Miranda lived with Plaintiffs <u>only</u> in October of 2022, in an effort to somehow minimize the depth of the relationship between Plaintiffs and Decedent. Plaintiffs all testified that William Rene Salgado Miranda lived with them throughout 2021 and 2022, and while William Rene Salgado would sometimes live elsewhere, he would return. (Castillo Depo, Ex. 2, 34:3-10, 37:24-25, 38:1-3; O.C.E. Depo, Ex. 7, 16:19-25; Osmar Depo, Ex. 6, 30:16-25; Karla Depo, Ex. | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | 5, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5.). | |
| | Taken in a light most favorable to the nonmoving party, William Rene Salgado Miranda thought of them as family and knew he always had a place to go if he wanted to be there. | |
| | Additionally, **Disputed** to the extent that somehow this fact is proffered to suggest that somehow William Omar Castillo Miranda, Osmar Antonio Castillo Blandon, and O.C.E. | |

46

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | do not have standing to assert Negligent Infliction of Emotional Distress. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda, Osmar Antonio Castillo | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Blandon, and O.C.E. have all established standing to assert all claims in Plaintiffs' complaint. | |
| 15. On October 30, 2022, at approximately 5:00 p.m., Huntington Park Police Officers were dispatched to 6315 Malabar Street in Huntington Park regarding a suicidal male armed with a gun.<br><br>Garcia Declaration, Ex. "E" Deposition of Officer Jose Yamasaki, 17:7-24 | Objection: misstates facts, lacks foundation, assumes facts, vague, ambiguous, and calls for an expert opinion. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent that Huntington Park Police Officers were dispatched to 6315 Malabar Street in Huntington Park. | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

|  |  |  |
|---|---|---|
|  | **<u>Disputed</u>** that William Rene Salgado Miranda was a "suicidal male armed with a gun." William Rene Salgado displayed no signs of being distressed, suicidal, and in fact all of his family members at scene that day stated he was 'normal,' and happy; indeed, everything was 'fine.' (Castillo Depo, Ex. 2, 61:24-25, 62:3-6; 104:18-21; Eugenia Depo, Ex. 4, 48:7-9, 12, 14-15, 19-20; Osmar Depo, Ex. 6, 29:8-18; O.C.E. Depo, Ex. 7, 57:18-25, 58:1-7, 61:6-11).<br><br>City of Huntington |  |

49

| | | | |
|---|---|---|---|
| | | Park Defendant Police Officers, Rene A. Reza, Jose Yamasaki, Nick Nichols,Matthew Rincon, and Lt. Saul Rodriguez, all testified in their depositions that Decedent, William Salgado did not have a gun on him at any time. (Reza Depo, Ex. 8, 8:19-20; Yamasaki Depo, Ex. 9, 41:3-4; Nichols Depo, Ex. 10, 52:6-8; Rincon Depo, Ex. 11, 20:10-14; Rodriguez Depo, Ex. 12, 53:3-5, 15-17). | |
| 16. | HPPD Officers encountered Decedent in the courtyard of the apartment complex. | **<u>Undisputed</u>**. | |

50

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Garcia Declaration, Ex. "C" Deposition of Oscar Castillo, 36:11-21; 65:12-15 Garcia Declaration, Ex. "E" Deposition of Officer Jose Yamasaki, 25:7-20; 31:14-22, 40:11-13 | | |
| 17. Ultimately, the encounter resulted in the death of Decedent. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 79:11-13. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 33:25, 34:1-8 | **Undisputed**. | |
| 18. Decedent was thirty (30) years old at the time of his death. Garcia Declaration, Exhibit "A". Deposition of William Castillo, 15:23-25;16:1 | **Undisputed**. | |

51

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 9:18-20 | | |
| 19. Decedent's grandmother, Juana Miranda, was not present at the scene when the incident occurred. <br><br> Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 33:13-24 | **<u>Undisputed</u>**. | |
| 20. Decedent's sister, Karla Blandon, was not present at the scene when the incident occurred. <br><br> Garcia Declaration, Exhibit "D", Deposition of Karla Blandon, 21:7-25; 22:1-9, 21-25 | **<u>Undisputed</u>**. | |

52

| | | |
|---|---|---|
| 21.    Decedent is survived by his four children: D.S., a minor, J.S., a minor, C.S., a minor and M.S., a minor. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 27: 18-25; 28:1-2; 28:19-14; 29:5-8. Garcia Declaration, Exhibit "B", Deposition of Juana Miranda, 14:24-25; 15: 1-12 | Objection: vague, ambiguous, misstates facts and calls for a legal conclusion from a lay witness Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**. **Undisputed** solely to the extent that William Rene Salgado Miranda left behind four minor children when police officers from City of Huntington Park and its Police Department shot and killed him. **Disputed** in all other respects, including but not limited to the | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion- FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay- FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 1 | | extent this fact is | |
| 2 | | proffered to allege | |
| 3 | | that Plaintiffs have no | |
| 4 | | causes of action as to | |
| 5 | | Defendants in this | |
| 6 | | action.  In fact, the | |
| 7 | | death certificate lists | |
| 8 | | the "informant's | |
| 9 | | name," as | |
| 10 | | "WILLIAM | |
| 11 | | CASTILLO, | |
| 12 | | **FATHER**." | |
| 13 | | (Emphasis Added). | |
| 14 | | (Exhibit 1 to | |
| 15 | | Defendants' Request | |
| 16 | | for Judicial Notice). | |
| 17 | | | |
| 18 | | To the contrary, | |
| 19 | | Plaintiffs have alleged | |
| 20 | | and meet the *prima* | |
| 21 | | *facie* threshold to | |
| 22 | | maintain causes of | |
| 23 | | action for Negligent | |
| 24 | | Infliction of Emotional | |
| 25 | | Distress and violation | |
| 26 | | of their familial | |
| 27 | | relationships under the | |
| 28 | | | |

54

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | | 14th Amendment. As set forth *infra* in this Response, Plaintiffs' Undisputed Material Facts, and supporting evidence, William Omar Castillo Miranda is the biological father of Decedent, and Plaintiffs, Osmar Antonio Castillo Blandon and O.C.E. are the biological brothers of Decedent.<br><br>When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. Castillo Miranda Dec., Ex. 13, para. 4. | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support him and the family, but he needed his parents' help. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>Decedent William Salgado continued to live with his father William Omar | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Castillo Miranda under the same roof in Nicaragua for about 10 years. Castillo Miranda Dec., Ex. 13, para. 5.<br><br>William Omar Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father.  Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | his son. Castillo Miranda Dec., Ex. 13, para. 7. | |
| | Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint. | |
| | William Omar Castillo Miranda and Osmar Antonio Castillo Blandon are, respectively, the biological father and brother of William Rene Salgado Miranda, saw William Rene | |

58

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | | |
|---|---|---|---|
| | Salgado Miranda be shot and killed the police, and suffered emotional distress as a result. (citations). Further, Oscar Castillo was also Decedent, William Rene Salgado Miranda's brother, was directly inside his apartment, heard the shots and knew his brother had been shot, and suffered emotional distress as a result.  (citations).<br><br>Defendants have made no attempt to argue in their moving papers the merits of the claims, only as to whether any party has standing to assert such a right. | |

59

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 22. | William Castillo provided the County of Los Angeles Recorder's Office with the names of Juana Miranda and Inocente Salgado Peralta as the parents of Decedent for Decedent's Death Certificate. Garcia Declaration, Exhibit "A", Deposition of William Castillo, 44:3-6, 22. RJN, Ex. 2 | Objection: lacks foundation, assumes facts as phrased, misstates facts. Without waiving and subject to said objections, Plaintiffs respond as follows: **Undisputed in part and disputed in part**.<br><br>**Undisputed** to the extent that the death certificate lists Inocente Salgado Peralta and Juana Maria Miranda as the partes of Decedent William Rene Salgado Miranda on the death certificate.<br><br>**Disputed** because in fact, the death certificate lists the "informant's name," | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

60

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

as "WILLIAM

CASTILLO,

**FATHER**."

(Emphasis Added).

(Exhibit 1 to

Defendants' Request

for Judicial Notice).

The actual details of

this arrangement

paint a different

picture than what

Defendants seek to

conclude.  William

Omar Castillo

Miranda testified that

there was no legal

adoption (no papers,

no notary), and it was

a situation where

William Rene

Salgado Miranda

stated his mother

(and William Rene

Salgado Miranda's

grandmother), Juana

Maria Miranda

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Jimenez, wanted to help him out and raise him so that he could work and provide for the family, and she would give William his stepfather's last name "Chente". (Castillo Depo, Ex. 1, 16:12-14, 17:4-16, 22-25, 18:1-6; Juana Depo, Ex. 2, 8:8-15). Juana Maria Miranda and William Omar Castillo Miranda both testified that William Omar Castillo Miranda was the biological father of William Rene Salgado Miranda and Juana Maria Miranda was the grandmother. (Juana Depo, Ex. 3, 8:6-8, 9:21-23; Castillo Depo, Ex. 2, | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | 15:10-18).  William Omar Castillo Miranda is Juana Maria Miranda Jimenez's son. (Juana Depo, Ex. 3, 9:24-25, 10:1).  William Omar Castillo Miranda was on the original birth certificate and was present when William Rene Salgado Miranda was being born. (Castillo Depo, Ex. 2, 16:8-12; Eugenia Depo, Ex. 4, 12:2-4).  Juana wanted to 'adopt' William Rene Salgado Miranda to make sure that he had a birth certificate. (Juana Depo, Ex. 3, 16:12-17, 23-24). | |
| | When Decedent, William Salgado was | |

63

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate.  Castillo Miranda Dec., Ex. 13, para. 4. | |
| | As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially support | |

64

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | him and the family, | |
| 2 | but he needed his | |
| 3 | parents' help. | |
| 4 | Castillo Miranda | |
| 5 | Dec., Ex. 13, para. 5. | |
| 6 | | |
| 7 | Decedent William | |
| 8 | Salgado continued to | |
| 9 | live with his father | |
| 10 | William Omar | |
| 11 | Castillo Miranda | |
| 12 | under the same roof | |
| 13 | in Nicaragua for | |
| 14 | about 10 years. | |
| 15 | Castillo Miranda | |
| 16 | Dec., Ex. 13, para. 5. | |
| 17 | | |
| 18 | William Omar | |
| 19 | Castillo Miranda has | |
| 20 | always held out | |
| 21 | Decedent, William | |
| 22 | Salgado as his son, | |
| 23 | and Decedent, | |
| 24 | William Salgado | |
| 25 | always recognized | |
| 26 | William Omar | |
| 27 | Castillo Miranda as | |

28

65

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. Castillo Miranda Dec., Ex. 13, para. 7.

Thus, taking all facts in light most favorable to Plaintiffs, William Omar Castillo Miranda was the father of William Rene Salgado Miranda and has standing to assert all claims in Plaintiffs' complaint.

66

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Thus when these facts are taken together, it is clear that if William Omar Castillo Miranda stated he was father, was acknowledged by all the immediate family as the biological father, and the law even recognizes that a person can have more than two parents, that William Omar Castillo Miranda is the father of William Rene Salgado Miranda and has standing to assert claims for NIED and violation of familial relations under the 14th Amendment. | |
| 23.    Following the death | **<u>Undisputed</u>**. | |

67

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| of Decedent, William Castillo, Juana Miranda, Oscar Castillo, and Osmar Castillo filed a government claim with the City of Huntington Park ("City") which was received on May 1, 2023 ("May 1, 2023 Government Claim"). RJN, Ex. 2 | | |
| 24.   Eugenia Espinoza Salmeron and Karla Blandon were not identified as claimants on the May 1, 2023 Government Claim submitted to the City. RJN, Ex. 2 | **<u>Undisputed</u>**. | |
| 25.   Eugenia Espinoza Salmeron and Karla Blandon never | **<u>Undisputed</u>**. | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| submitted government claims. Garcia Declaration, ¶ 9 | | |
| 26. The May 1, 2023 Government Claim did not identify Negligent Infliction of Emotional Distress as an element of the claim. RJN, Ex. 2 | Objection: lacks foundation, vague, ambiguous, misstates facts and law, and calls for a legal conclusion from a lay witness.  Without waiving and subject to said objections, Plaintiffs respond as follows: **Disputed**.<br><br>On the first page of Plaintiffs' Government Claim, underlined in the first paragraph, Plaintiffs assert general negligence against the Defendants. **Exhibit No. 1,** *Page 1,* ¶ 1. As stated in | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion- FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay- FRE 801. |

69

Plaintiffs' Government Claim, the Plaintiffs are asserting claims for damages including pain and suffering and loss of comfort and society. **Exhibit No. 1,** *Government Claim, Page 2, Heading 4., ¶ 2.* The Plaintiffs also asserted in the Government Claim that they witnessed the events and shooting unfold. **Exhibit No. 1.** The Plaintiffs also asserted in their government claim that they were making State and Federal claims for general damages, including for pain and suffering, and

70

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

loss of comfort and society. **Exhibit No. 1,** *Government Claim, Page 2, Heading 4., ¶ 3, 2.*

Under State Theories of Liability, the Plaintiffs in their Government Claim submitted to the Defendants, list negligence. **Exhibit No. 1,** *Government Claim, Page 3, "State Theories of Liability", C.*

The purpose of a Government Claim under the Government Claims Act is "to provide the public entity sufficient information to enable it to adequately

71

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

investigate the claims and to settle them, if appropriate, without the expense of litigation." *Hernandez v. City of Stockton* (2023) 90 Cal. App. 5th 1222, 1231; citing *Stockett v. Association of Cal. Water Agencies Joint Power Ins. Authority* (2004) 34 Cal.4th 441, 446; see *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991. It is not subject to the same requirements as pleadings in court such as the Federal Rules of Civil Procedure, but instead must follow the mandatory requirements of the Government Claims

72

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Act.

Under the
Government Claims
Act, the Government
Claim must include
the date, place, and
other circumstances
of the occurrence or
transaction which
gave rise to the claim
asserted, a general
description of the
injury, damage or
loss incurred so far as
it may be known at
the time of
presentation of the
claim, and the name
or names of the
public employee or
employees causing
the injury, damage, or
loss, if known.
*Hernandez v. City of
Stockton* (2023) 90
Cal. App. 5th 1222,

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1231; *Government Claims Act, Section 910.*

Here, the Government Claim included the date, October 30, 2022, the exact address, and the fact that it was police officer employed by Huntington Park Police Department, a part of City of Huntington Park, who shot and killed Decedent William Rene Salgado Miranda. It also claimed that the claimants witnessed the events, were surviving family members of the Decedent, and were asserting claims for loss of comfort and

74

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | society.<br><br>The Government Claim asserted the exact claims for negligence, along with all of the supporting evidence required to assert negligent infliction of emotional distress, that Defendants' call for in their MSJ. Therefore, Defendants' MSJ as to the state claims should be denied, as Plaintiffs' Government Claim provided Defendants sufficient information to investigate the claim. (Plaintiffs' Ex. 1, Government Claim, and Defendants' Exhibit 2 to Defendants' | |

75

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | Request for Judicial Notice). | |
| 27.   Subsequently, on or about July 29, 2024, Plaintiffs William Castillo, Juana Miranda, Eugenia Salmeron, Oscar Castillo, Osmar Castillo, and Karla Blandon filed their First Amended Complaint ("FAC") alleging two causes of action: 1) Violation of Substantive Due Process §1983, and 2) Negligent Infliction of Emotional Distress.  Garcia Declaration, Ex. F, Plaintiffs' First Amended Complaint | Objection: lacks foundation, vague, ambiguous, misstates facts and law, and calls for a legal conclusion from a lay witness.  Without waiving and subject to said objections, Plaintiffs respond as follows **Undisputed in part and disputed in part**.  **Undisputed** that Plaintiffs filed a First Amended Complaint on or about July 29, 2024.  **Disputed** to the extent that this fact is proffered to suggest that the Complaint | Objection. Defendants object to Plaintiffs' response on the grounds that it constitutes improper legal argument, contains improper legal conclusions and is generally an improper opinion-FRE 701. Defendants further object on the grounds that their response lacks foundation and authentication-FRE 901, and consists of inadmissible hearsay-FRE 801. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | somehow does not meet the standards for alleging, or that the facts do not support, these two claims for relief – See all facts cited *infra*. | |

**Defendants Responses to Plaintiffs' Separate Statement**

| PLAINTIFFS' UNDISPUTED MATERIAL FACT | EVIDENCE IN SUPPORT | DEFENDANTS' OBJECTIONS AND RESPONSES |
|---|---|---|
| 1. In November of 1991, William Rene Salgado Miranda was born in a hospital in Nicaragua to William Omar Castillo Miranda and Marcia Mendez. | Deposition of William Omar Castillo Miranda ("Castillo Depo"), Ex. 2, 15:23-25, 16:1-3, 19:21-24; Deposition of Juana Maria Miranda ("Juana Depo"), Ex. 2, 9:18-19 | Objection: 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE 401-403; 4) Improper Opinion- FRE 701-702 |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | Without waiver of the foregoing objections, Defendants respond as follows: Undisputed Plaintiff William Castillo is Decedent's biological father, and that Plaintiff testified that Marcia Mendez was Decedent's biological mother. |
|---|---|---|
| 2. William Omar Castillo Miranda was present in the hospital when William Rene Salgado Miranda was born and was listed on the original birth certificate. | Castillo Depo, Ex. 2, 16:4-12; Deposition of Eugenia Espinoza ("Espinoza Depo"), Ex. 4, 12:2-4; Declaration of William Omar Castillo Miranda, Ex. 13, para. 3. | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>Without waiver of the foregoing objections, Defendants respond as |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | follows: Undisputed that Plaintiff William Castillo is Decedent's biological father. |
| 3. When William Rene Salgado Miranda was 40 days old, his biological mother Marcia Mendez left him and never returned, and William Omar Castillo Miranda's mom and stepdad helped him raise William Rene Salgado Miranda. | Castillo Depo, Ex. 2, 16:12-14; | Undisputed. |
| 4. William Rene Salgado Miranda was the biological son of William Omar Castillo Miranda. | Castillo Depo, Ex. 2, 15:10-15; Declaration of William Omar Castillo Miranda, Ex. 13, para. 3. | Undisputed. |

79

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 5. William Omar Castillo Miranda is the biological father of William Rene Salgado Miranda | Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Declaration of William Omar Castillo Miranda, Ex. 13, para. 3. | Undisputed. |
|---|---|---|
| 6. The death certificate lists the "informant's name," as "WILLIAM CASTILLO, **FATHER**." (Emphasis Added). | Exhibit 1 to Defendants' Request for Judicial Notice. | Undisputed. |
| 7. William Omar Castillo Miranda held out William Rene Salgado Miranda as his son. | Castillo Depo, Ex. 1, 15:16-18; Juana Depo, Ex. 2, 9:21-23; Deposition of Karla Vanessa Blandon ("Karla Depo"), Ex. 4, 10:15-19). | Objection: 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | Relevance-FRE 401-403; Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that Plaintiff William Castillo is Decedent's biological father. |
| 8. When Decedent, William Salgado was born in 1991 in Nicaragua, William Omar Castillo Miranda was listed as the biological father on the original birth certificate. | Castillo Miranda Dec., Ex. 13, para. 4. | Objection: <br> 1) Lacks Foundation and Lack of Authentication FRE 901; <br> 2) Inadmissible Hearsay- FRE 801, 802; <br> 3) Lack of Relevance-FRE 401-403; <br> 4) Improper Opinion- FRE 701-702 <br> Without waiver of the foregoing objections, |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | Defendants respond as follows: Undisputed that Plaintiff William Castillo is Decedent's biological father. |
|---|---|---|
| 9. As a matter of convenience, seven (7) years later in 1998, William Salgado's grandparents were listed on a birth certificate because William's natural mother had left when he was forty days old. William Omar Castillo Miranda continued to remain involved in William's life, and he continued to financially | Castillo Miranda Dec., Ex. 13, para. 5. | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| support him and the family, but he needed his parents' help. | | |
| 10. Decedent William Salgado continued to live with his father William Omar Castillo Miranda under the same roof in Nicaragua for about 10 years. | Castillo Miranda Dec., Ex. 13, para. 5. | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony. |
| 11. William Omar | Castillo Miranda Dec., | Objection: |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Castillo Miranda has always held out Decedent, William Salgado as his son, and Decedent, William Salgado always recognized William Omar Castillo Miranda as his father. Whenever William Omar Castillo Miranda talked to anyone about Decedent, William Salgado – relatives, friends, or strangers – he always told them that William Salgado is his son. | Ex. 13, para. 7. | 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE 401-403; 4) Improper Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that Plaintiff William Castillo is Decedent's biological father. |
| 12.Juana Maria | Juana Depo, Ex. 3, | Undisputed. |

84

| | | |
|---|---|---|
| Mendoza is the mother of William Omar Castillo Miranda. | 9:24-25, 10:1; Castillo Depo, Ex. 2, 16:24-25, 17:4-5 | |
| 13. Juana Maria Mendoza is the grandmother of William Rene Salgado Miranda. | Juana Depo, Ex. 3, 8:6-8; Castillo Depo, Ex. 2, 17:4-5; Espinoza Depo, Ex. 4, 12:11-16 | Undisputed. |
| 14. Juana Maria Mendoza and her husband, Inocente Salgado Peralta offered to help William Omar Castillo Miranda, and raise William Rene Salgado Miranda. | Castillo Depo, Ex. 2, 16-12-14. | Undisputed. |
| 15. While it was called an "adoption," it was not a legal adoption, or with | Castillo Depo, Ex. 2, 17:6-16, 22-25, 17:1-2 | Objection: 1) Lacks Foundation and Lack of Authentication |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | a notary or with signed papers; William Omar Castillo Miranda's mother offered to 'help him' so that he could help the family financially. | | FRE 901; <br> 2) Inadmissible Hearsay- FRE 801, 802; <br> 3) Lack of Relevance-FRE 401-403; <br> 4) Improper Opinion- FRE 701-702 <br> Without waiver of the foregoing objections, Defendants respond as follows: <br> Undisputed that Plaintiff Juana Miranda is Plaintiff William Castillo's mother and offered to adopt Decedent.  Also undisputed that this is Plaintiff's testimony. |
|---|---|---|---|
| 16. | Juana Maria Miranda offered to adopt William Rene Salgado Miranda so that | Juana Depo, Ex. 3, 16:12-17, 23-24 | Objection: <br> 1) Lacks Foundation and Lack of Authentication |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| he would not be left without documents i.e. a birth certificate. | | FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that Plaintiff Juana Miranda offered to adopt Decedent.    Also undisputed that this is Plaintiff's testimony. |
| 17. William Omar Castillo Miranda's family knew and acknowledged that William Rene Salgado | Castillo Depo, Ex. 2, 15:16-18; Juana Depo, Ex. 3, 9:21-23; Deposition of Karla Vanessa Blandon ("Karla Depo"), Ex. 5, 10:15-19. | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Miranda was the son of William Omar Castillo Miranda. | | Hearsay- FRE 801, 802; <br><br> 3) Lack of Relevance-FRE 401-403; <br><br> 4) Improper Opinion- FRE 701-702 <br><br> Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that William Castillo is Decedent's biological father. |
| 18. Osmar Antonio Castillo Blandon was the brother of William Rene Salgado Miranda, Plaintiff, O.C.E., and Plaintiff, Karla Vanessa Blandon. | Osmar Depo, Ex. 6, 11:8-9, Juana Depo, Ex. 3, 18:14-23; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 2 and 3 | Undisputed. |

88

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| 19. O.C.E. was the brother of William Rene Salgado Miranda, Plaintiff, Osmar Antonio Castillo Blandon, and Plaintiff, Karla Vanessa Blandon. | O.C.E. Depo, Ex. 7, 67:3-5; Karla Depo, Ex. 5, 10:9-11, 15-19 | Undisputed. |
| 20. Decedent, William Rene Salgado Miranda, Plaintiff, Osmar Antonio Castillo Blandon and Plaintiff, O.C.E. are the brothers of Plaintiff, Karla Vanessa Blandon. | Karla Depo, Ex. 5, 10:9-11, 15-19; Juana Depo, Ex. 3, 18:14-23 | Undisputed. |
| 21. Karla Vanessa Blandon had no knowledge that William Rene Salgado Miranda was ever adopted, | Karla Depo, Ex. 5, 24:5-10 | Objection: <br> 1) Lacks Foundation and Lack of Authentication FRE 901; |

89

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN**
**SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| and was never told as such by anyone. | | 2) Improper Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony. |
| 22.On and prior to October 30, 2022, William Rene Salgado Miranda resided with Plaintiffs, William Omar Castillo Miranda, Eugenia Espinoza, Osmar Antonio Castillo Blandon, and | Castillo Depo, Ex. 1, 34:3-10, 37:24-25, 38:1-3; Oscar Depo, Ex. 6, 16:19-25; Osmar Depo, Ex. 5, 30:16-25; Karla Depo, Ex. 4, 13:7-13, 14:2-4, 13-17; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 5. | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Improper Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403; |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| O.C.E. in the apartment located at 6315 Malabar Avenue, City of Huntington Park, and had done so since 2021 (and perhaps earlier). | | 4) Improper Opinion- FRE 701-702 <br> Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that Decedent lived with Eugenia Espinoza Salmeron, Osmar Castillo, O.C.E, and William Castillo at the time of his death on October 30, 2022. |
| 23. Plaintiffs, Eugenia Espinoza and O.C.E. were inside their apartment and heard, and Plaintiffs, William Omar Castillo Miranda and Plaintiff, Osmar Antonio Castillo Blandon, were standing | Castillo Depo, Ex. 2, 12:19-25, 13:2-9, 79:11-13, 81:23-25, 82:1-4; Declaration of William Omar Castillo Miranda, Ex. 13, para. 9; Osmar Depo, Ex. 6, 14:21-25, 15:1-13, 47:10-16, 55:10-12, 23-25, 56:1-9, 14-19; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. | Objection: <br> 1) Lacks Foundation and Lack of Authentication FRE 901; <br> 2) Inadmissible Hearsay- FRE 801, 802; <br> 3) Lack of Relevance-FRE 401-403; <br> 4) Improper |

91

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| outside on a balcony above the Incident and watched, William Rene Salgado Miranda be shot and killed. | 6; O.C.E. Depo, Ex. 7, 40:19-22, 45:23-25, 46:1, 64:12-17, 65:2-19, 66:24-25, 67:1-21; Espinoza Depo, Ex. 4, 42:1-10, 63:11-14. | Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 24. Plaintiff, Osmar Antonio Castillo Blandon, and William Rene Salgado Miranda were brothers and were close. | Osmar Depo, Ex. 6, 31:4-6; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 10 and 11. | Objection: 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE 401-403; |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | 4) Improper Opinion- FRE 701-702<br><br>Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony, but the closeness of Plaintiff's relationship to Decedent is irrelevant and outside the scope of Defendants' Motion. Therefore, this evidence should be excluded. |
| 25. Plaintiff, O.C.E. and William Rene Salgado Miranda were brothers and were very close. | O.C.E. Depo, Ex. 7, 66:24-25, 67:1-21 | Objection:<br>1) Lacks Foundation a FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403; |

93

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | 4) Improper Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony, but the closeness of Plaintiff's relationship to Decedent is irrelevant and outside the scope of Defendants' Motion. Therefore, this evidence should be excluded. |
| 26. Plaintiff, O.C.E. was inside his apartment with his mother, Plaintiff Eugenia Espinoza located at 6315 Malabar Avenue, City of Huntington Park when the shots | O.C.E. Depo, Ex. 7, 40:19-25; 41:1-14; Castillo Depo, Ex. 2, 12:19-25, 13:2-9, 79:11-13, 81:23-25, 82:1-4; Declaration of William Omar Castillo Miranda, Ex. 13, para. 9; Osmar Depo, Ex. 6, 14:21-25, 15:1-13, | Objection: 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| were fired., his father and his brother Osmar was outside and standing on the balcony. | 47:10-16, 55:10-12, 23-25, 56:1-9, 14-19; Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 6 | Relevance-FRE 401-403; 4) Improper Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 27. Plaintiff, O.C.E. heard the shots fired and knew immediately it was his brother, William Rene Salgado Miranda who had been shot because | Oscar Depo, Ex. 7, 42:3-10, 65:2-11, 16-19, 66:24-25, 67:1-21 | Objection: 1) Lacks Foundation-FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| William was the only one in the area below with the police officers, and went to the window of his apartment after the shots were fired to look out. | | 401-403;<br>4) Improper Opinion- FRE 701-702;<br>5) Lack of Personal Knowledge- FRE 601-606<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 28. Juana Maria Miranda talked to her grandson, William Rene Salgado Miranda on a daily basis after he turned | Juana Depo, Ex. 3, 28:8-14 | Objection:<br>1) Lacks Foundation FRE 901;<br>2) Improper Hearsay- FRE 801, 802; |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 18, and bought him a cellphone. | | 3) Lack of Relevance-FRE 401-403; Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony. |
| 29. William Omar Castillo Miranda was scared to death, and incredibly stressed out, at the sight of seeing the officers shooting his son.  He still struggles with the idea of seeing his child get shot. He felt completely helpless because they are the authority. | Declaration of William Omar Castillo Miranda, Ex. 13, para. 8 | Objection: 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Improper Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE 401-403; 4) Improper Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as |

97

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Everything came at him at once. He wanted to run to his son and knew that he could not help him in any way. An anxiety that he cannot explain, the feeling of anguish. He felt so much pain that he does not know if it was pain or anger. He could not believe and he still does not understand. | | follows: Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 30. The night of the shooting, William Omar Castillo Miranda could not sleep. He | Declaration of William Omar Castillo Miranda, Ex. 13, para. 9 | Objection: 1) Lacks Foundation and Lack of Authentication |

98

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| stayed up thinking about how awful his son had been treated.  This stress and anxiety that he was feeling watching his son get shot, and later that evening, and even up to today, is far beyond any kind of stress or anxiety he has ever experienced in his life.  He was trembling, thinking about how he watched my son die before his eyes.  At some point in time after his son was shot, the police asked him if he knew who | | FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |

99

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| William Salgado was. He replied that he was his son. | | |
| 31. William Omar Castillo Miranda misses his son so much. His son William was such a happy person. His son William loved to dance, he always danced. He remembers walking with William at a construction site and William was playing loud music and was just dancing and walking. He has all these beautiful memories and he knows he will | Declaration of William Omar Castillo Miranda, Ex. 13, para. 10 | Objection: <br> 1) Lacks Foundation-FRE 901; <br> 2) Inadmissible Hearsay- FRE 801, 802; <br> 3) Lack of Relevance-FRE 401-403; <br> 4) Improper Opinion- FRE 701-702 <br> Without waiver of the foregoing objections, Defendants respond as follows: <br> Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| never experience those moments again, but they have to give up that hope of having William here because we are just left with memories. Now they rarely listen to music that William enjoyed, because it only reminds them of what they lost, and makes them anxious, stressed out, and he relives that awful day. William would come home and ask me if I needed anything. | | Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 32. Now that his son William is gone, | Declaration of William Omar Castillo | Objection: 1) Lacks |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| there is an emptiness that can't be filled. They try to pretend like they're okay, but it is so hard on all of them to keep it together. One of the reasons William Omar Salgado Miranda thinks he is so anxious, upset and stressed out about William being gone is that he saw William's life taken right in front of him and he will never be able to forget it, and it will bother him forever. | Miranda, Ex. 13, para. 11 | Foundation and Lack of Authentication FRE 901; <br> 2) Inadmissible Hearsay- FRE 801, 802; <br> 3) Lack of Relevance-FRE 401-403; <br> 4) Improper Opinion- FRE 701-702 <br> Without waiver of the foregoing objections, Defendants respond as follows: <br> Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 33. William Omar | Declaration of William | Objection: |

102

| | | |
|---|---|---|
| Castillo Miranda will be at the store and he will check to see where William is, and then he again remembers he is empty and William is not here. His world has come to ruin. These feelings will never go away and they will never stop thinking of William. His son William has been gone for over two years, and he still has so much pain. | Omar Castillo Miranda, Ex. 13, para. 12 | 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE 401-403; 4) Improper Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |

103

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 34. When Osmar Antonio Castillo Blandon's brother, William Salgado, was in the courtyard of the apartment with the police, he was so worried for him. He saw his brother, William Salgado, shot dead by the police and it was so hard to watch his own brother killed in front of him and not be able to do anything. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 6 | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | be excluded. |
|---|---|---|
| 35. Osmar Antonio Castillo Blandon was scared and panicked, and he didn't know what to do. He was also worried for his stepmom and his little brother. Watching his dad be so worried and anxious was very hard. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 7 | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | Therefore, this should be excluded. |
|---|---|---|
| 36. While the officers were all talking in English, Osmar Antonio Castillo Blandon couldn't understand why they shot his brother William Salgado and then he saw his brother, William Salgado, fall to the ground.  He saw his brother, William Salgado, lying on the ground and officers  rushed in on top of him. | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 8 | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of Defendants' Motion as |

106

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | to the issue of NIED. Therefore, this should be excluded. |
| 37. The officers told them to go to their apartment, and this was not fair.  Then Osmar Antonio Castillo Blandon was right behind his dad, and he was leaning on him and his stepmom fell on the floor and he went to pick his stepmom up, and then he saw his brother, William Salgado, on the gurney | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 9 | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of the scope of |

107

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
|---|---|---|
| 38. Osmar Antonio Castillo Blandon looked over at his dad, and he was trembling, and he was also in shock. They were so desperate and so upset about how everything happened. He was in shock that this happened, and it was hard for him to understand that his brother was dead although he knew it was true because he saw his brother hit by the shots, he | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 10 | Objection:<br>1) Lacks Foundation and Lack of Authentication FRE 901;<br>2) Inadmissible Hearsay- FRE 801, 802;<br>3) Lack of Relevance-FRE 401-403;<br>4) Improper Opinion- FRE 701-702<br>Without waiver of the foregoing objections, Defendants respond as follows:<br>Undisputed that this is Plaintiff's testimony, but this is irrelevant material and outside of |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| heard the shots, and he saw his brother lying on the ground. | | the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |
| 39. Osmar Antonio Castillo Blandon saw his brother, William Salgado was killed, and even though it has been a couple of years it is like it just happened. He remember his brother while he is in the living room, looking at William's picture. He try to grieve William, but he is alone now. No more William blasting his music here at home, no more | Declaration of Osmar Antonio Castillo Blandon, Ex. 14, para. 11 | Objection: 1) Lacks Foundation and Lack of Authentication FRE 901; 2) Inadmissible Hearsay- FRE 801, 802; 3) Lack of Relevance-FRE 401-403; 4) Improper Opinion- FRE 701-702 Without waiver of the foregoing objections, Defendants respond as follows: Undisputed that this is Plaintiff's testimony, |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| talking about their lives together or their plans. Even to this day, he get so upset and nervous about what happened. It is so hard to lose a brother and to watch him get killed in such a terrible way. The feelings of anxiety, stress, and fear that he feels because of having seen his brother get shot right in front of him are far beyond any kind of stress he has ever felt in his life. These feelings are still with him, even | | but this is irrelevant material and outside of the scope of Defendants' Motion as to the issue of NIED. Therefore, this should be excluded. |

110

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN**
**SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| now. | | |
| 40. The birth certificate issued for the decedent William Salgado lists Plaintiff William Castillo Miranda as the biological/natural father of decedent William Salgado. | Birth Certificate of Decedent William Salgado at Ex. 15 of the Declaration of Kent M. Henderson date March 17, 2025. | Objection:<br>1) Prejudicial FRE 403-Defendants object to this evidence on the ground that it was not produced in discovery and the admission of such evidence would be prejudicial to Defendants.<br>2) Lack of Personal Knowledge FRE 601-606;<br>3) Lacks Foundation and Lack of Authentication FRE 901;<br>4) Improper Hearsay- FRE 801, 802 |

111

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | | Undisputed that William Castillo is the biological father of Decedent. |

Dated:  March 18, 2025

ALVAREZ-GLASMAN & COLVIN
ARNOLD M. ALVAREZ-GLASMAN
CITY ATTORNEY

/s/ Christy M. Garcia, Esquire
Christy M. Garcia
Attorneys for Defendants
City of Huntington Park, Nick Nichols,
Rene Reza, Matthew Rincon, April Wheeler, Saul
Rodriguez, and Jose A. Yamasaki

112

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Central District of California – by using the CM/ECF system on March 18, 2025

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on March 18, 2025, at City of Industry, California.

/s/ Melinda Arredondo
Melinda Arredondo

113

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**