**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; C.S., a minor by and through his guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; J.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado; M.S., a minor by and through her guardian *ad litem* Elsa Acosta, individually and as successor-in-interest to William Salgado,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HUNTINGTON PARK; NICK NICHOLS; RENE REZA; MATTHEW RINCON; APRIL WHEELER; and DOES 5 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-09412-CBM-AGR<br><br>*Hon. Consuelo B. Marshall*<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS D.S., C.S., J.S., AND M.S.**<br><br>[*Verification by Guardian ad Litem Elsa Acosta, Declaration of Benjamin S. Levine and Exhibits thereto, and Proposed Order filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, D.S., C.S., J.S., and M.S., by and through their guardian *ad litem*, Elsa Acosta, ("Plaintiffs") hereby move this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of minor plaintiffs D.S., C.S., J.S., and M.S.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Benjamin S. Levine, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on July 14 and 15, 2025, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. Defendants are represented by:

> Caroline A. Byrne, Esq.
> Brian A. Moore, Esq.
> Roberta A. Kraus, Esq.
> Woodruff & Smart
> 555 Anton Blvd., Suite 1200
> Costa Mesa, CA 92626
> (714) 558-7000
> cbyrne@woodruff.law
> bmoore@woodruff.law
> bkraus@woodruff.law

Defendants' counsel does not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, nor do Defendants or their counsel oppose the proposed distribution of the settlement funds. Declaration of Benjamin S. Levine in Support of Ex Parte Application for Approval of Minors' Compromise ("Levine Decl.") at ¶¶ 2-3. Plaintiffs seek approval of the minors' compromise on an *ex parte* basis because the interest rates for the annuities will expire if this matter is heard as a regularly noticed motion, particularly when factoring in the time that Defendants and their counsel need to request the checks and fund the annuities (approximately 30 days). Levine Decl. at ¶ 4. **Specifically,**

**the interest rates that Plaintiffs have locked in through their settlement broker will expire on October 15, 2025. If the minors' annuities are not funded prior to October 15, 2025, then Plaintiffs will need to lock in new rates and file an amended petition.** (*Id.*)

Respectfully submitted,

DATED: July 18, 2025         LAW OFFICES OF DALE K. GALIPO

                             By: _____/s/ Benjamin S. Levine_____
                                 Dale K. Galipo
                                 Benjamin S. Levine
                                 *Attorneys for Plaintiffs*

# UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF D.S., C.S., J.S., AND M.S.

## I. INTRODUCTION

Elsa Acosta, guardian *ad litem* for minor plaintiffs D.S., C.S., J.S., and M.S., hereby submits this petition and proposed order for approval of the minors' compromise in this matter, and requests that the Court approve of the proposed distribution of the minors' funds. Elsa Acosta is D.S., C.S., J.S., and M.S.'s legal guardian and natural mother.

The instant claims of minor plaintiffs D.S., C.S., J.S., and M.S. arose out of the fatal shooting of the plaintiffs' father, decedent William Salgado, by City of Huntington Park police officers Nick Nichols, Rene Reza, and Matthew Rincon on October 30, 2022. Plaintiffs and Defendants have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper City of Huntington Park authorities.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $2,000,000 divided equally between the four Plaintiffs, as follows:

| | |
|---|---|
| D.S. and her attorneys | $500,000 |
| C.S. and her attorneys | $500,000 |
| J.S. and her attorneys | $500,000 |
| M.S. and her attorneys | $500,000 |

All four plaintiffs to this action are minor children and accordingly have been identified by their initials throughout this litigation.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is

unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (internal citation omitted).

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable . . . . If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Elsa Acosta as guardian *ad litem* for D.S., C.S., J.S., and M.S. and also as the legal guardian and mother of D.S., C.S., J.S., and M.S.

2. Plaintiffs D.S., C.S., J.S., and M.S. are both minor children and the children of the decedent in this case, William Salgado. D.S. was born on January 19, 2011; C.S. was born on March 10, 2013; J.S. was born on May 10, 2015; and M.S. was

born on December 1, 2016.

3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, the minors' claims will be compromised without a trial on the merits. Levine Decl. at ¶ 6.

4. Plaintiffs D.S., C.S., J.S., and M.S.'s damages in this case arise from (1) the injuries suffered by their father, William Salgado (the decedent), for which Plaintiffs D.S., C.S., J.S., and M.S. can recover survival damages as successors in interest (survival damages); and (2) Plaintiffs D.S., C.S., J.S., and M.S.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Levine Decl. at ¶ 7.

5. Neither medical treatment nor medical billing are relevant to this case; Plaintiffs D.S., C.S., J.S., and M.S. have not received medical treatment in connection with this case.

6. The total amount of the settlement that Defendant City of Huntington Park agrees to pay in this action is $2,000,000. As set forth above, of the $2,000,000 gross settlement amount, $500,000 is proposed to be distributed to D.S. and his attorneys; $500,000 is proposed to be distributed to C.S. and his attorneys; $500,000 is proposed to be distributed to J.S. and her attorneys; and $500,000 is proposed to be distributed to M.S. and her attorneys. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the $500,000 in gross settlement proceeds allocated to D.S. ($200,000); 40% of the $500,000 in gross settlement proceeds allocated to C.S. ($200,000); 40% of the $500,000 in gross settlement proceeds allocated to J.S. ($200,000); and 40% of the $500,000 in gross settlement proceeds allocated to M.S. ($200,000). Levine Decl. at ¶¶ 5, 8, 10. Plaintiffs' attorneys also seek reimbursement for the minor Plaintiffs' *pro rata* share of the Plaintiffs' total litigation costs advanced by Plaintiffs' attorneys. Plaintiffs and their attorneys propose to allocate these costs on a *pro rata* basis reflecting the total recovery to

each plaintiff, such that each plaintiff would pay 25% of the total costs. The total advanced litigation costs are $37,842.05. Plaintiffs D.S., C.S., J.S., and M.S.'s equal share of the costs is $9,460.51 each. Levine Decl. at ¶ 9.

These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo and the Law Offices of Oscar H. Gutierrez, APC, that provide for a 40% contingency fee, which is a total of $800,000, shared equally among the four Plaintiffs and divided among Plaintiffs' attorneys' offices. Levine Decl. at ¶¶ 5, 8, 10.

The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Levine Decl. at ¶ 10.

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the shooting death case *Lewis v. County of Kern*, tried in federal court before the Honorable Kirk E. Sherriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the

Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney. Levine Decl. at ¶ 10.

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,200 an hour and up to $1,400 an hour by multiple federal courts. In the case *I.H. v. State of California*, tried in federal court in October 2024 in front of the Honorable Dale A. Drozd, Mr. Galipo achieved a verdict of $1.5 million, and Judge Drozd awarded Mr. Galipo an hourly rate of $1,300 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in attorneys' fees. In *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case and $1,200 per hour for work in defending defendants' appeals to the Ninth Circuit and the United States Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the full 40% contingency attorney

fee in this case. Levine Decl. at ¶ 10.

Additionally, this case involved a substantial amount of risk. For example, in this case, multiple of the defendant officers alleged that, prior to the fatal shooting of the decedent, the decedent threw a knife toward the officers and brandished a second knife while approaching them, and further alleged that the decedent had made statements indicating that he desired for the officers to kill him. There was no video of the shooting and there were few civilian witnesses. If Plaintiffs' counsel were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, minor plaintiffs such as D.S., C.S., J.S., and M.S. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs. Levine Decl. at ¶ 10.

7. As stated above, the gross amount of the settlement is $2,000,000. The gross share of these proceeds apportioned for minor Plaintiff D.S. and his attorneys is $500,000. After deducting requested attorneys' fees of $200,000 and deducting D.S.'s *pro rata* share of costs, the total net settlement proceeds to D.S. is $290,539.48. Because the gross share of the proceeds for minor Plaintiffs D.S. C.S., J.S., and M.S. are the same, the *pro rata* share of attorneys' fees for each minor Plaintiff is the same, and the *pro rata* share of costs for each minor Plaintiff is the same, each minor Plaintiff's total net settlement proceeds is $290,539.48. Levine Decl. at ¶ 11.

8. It is requested that $290,539.48 be used to fund a structured settlement annuity for D.S. Attached as "Exhibit A" to the Declaration of Benjamin S. Levine is the proposed structured settlement annuity for D.S.., which is incorporated herein in its entirety by reference. D.S.'s guardian *ad litem,* Elsa Acosta, agrees to this proposal and believes that it is in the best interests of D.S. Under the proposal set forth in "Exhibit A," the total amount that D.S. will receive after the last payment is made from the annuity is $490,108.51. Levine Decl. at ¶ 12.

It is likewise requested that $290,539.48 be used to fund a structured settlement annuity for C.S. Attached as "Exhibit B" to the Declaration of Benjamin S. Levine is the proposed structured settlement annuity for C.S., which is incorporated herein in its entirety by reference. C.S.'s guardian *ad litem,* Elsa Acosta, agrees to this proposal and believes that it is in the best interests of C.S. Under the proposal set forth in "Exhibit B," the total amount that C.S. will receive after the last payment is made from the annuity is $545,405.79. Levine Decl. at ¶ 13.

It is likewise requested that $290,539.48 be used to fund a structured settlement annuity for J.S. Attached as "Exhibit C" to the Declaration of Benjamin S. Levine is the proposed structured settlement annuity for J.S., which is incorporated herein in its entirety by reference. J.S.'s guardian *ad litem,* Elsa Acosta, agrees to this proposal and believes that it is in the best interests of J.S. Under the proposal set forth in "Exhibit C," the total amount that J.S. will receive after the last payment is made from the annuity is $608,014.87. Levine Decl. at ¶ 14.

It is likewise requested that $290,539.48 be used to fund a structured settlement annuity for M.S. Attached as "Exhibit D" to the Declaration of Benjamin S. Levine is the proposed structured settlement annuity for M.S., which is incorporated herein in its entirety by reference. M.S.'s guardian *ad litem,* Elsa Acosta, agrees to this proposal and believes that it is in the best interests of M.S. Under the proposal set forth in "Exhibit D," the total amount that M.S. will receive after the last payment is made from the annuity is $640,564.08. Levine Decl. at ¶ 15.

9. The moving guardian *ad litem* is not plaintiff in this case and has no claims against any party in connection with the subject incident.

10. California Welfare and Institutions Code Section 14124.73 does not apply.

11. This motion does not seek an order for payment of money to a special needs trust. Levine Decl. at ¶ 17.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Benjamin S. Levine (California State Bar Number 342060), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. Levine Decl. at ¶ 18.

2. The Law Offices of Dale K. Galipo and/or Law Offices of Oscar H. Gutierrez, APC did not become concerned with this matter at the insistence of any party against whom the claims of D.S., C.S., J.S., and M.S. are asserted. Levine Decl. at ¶ 19.

3. The Law Offices of Dale K. Galipo and Law Offices of Oscar H. Gutierrez, APC represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter. Levine Decl. at ¶ 20.

4. The Law Offices of Dale K. Galipo and Law Offices of Oscar H. Gutierrez, APC have not to date received any compensation for their services in connection herewith from any person. Levine Decl. at ¶ 21.

5. D.S., C.S., J.S., and M.S. are the only plaintiffs in this action. Accordingly, Plaintiffs' attorneys do not expect to receive compensation for their services in connection herewith from any source besides from the gross settlement proceeds allocated to D.S., C.S., J.S., and M.S. Levine Decl. at ¶ 22.

6. The Law Offices of Dale K. Galipo and Law Offices of Oscar H. Gutierrez, APC accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit. Levine Decl. at ¶ 10.

**Petitioner's endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands that if the compromise proposed in

this petition is approved by the Court and is consummated, the minor children will be forever barred from seeking any further recovery of compensation even though the minors' injuries and loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the minors have made some sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Petitioner recommends the compromise settlement and the proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of the minors, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable.

Petitioner Elsa Acosta requests that the Court enter the proposal attached to the Declaration of Benjamin S. Levine as "Exhibit A" for D.S., enter the proposal attached to the Declaration of Benjamin S. Levine as "Exhibit B" for C.S., enter the proposal attached to the Declaration of Benjamin S. Levine as "Exhibit C" for J.S., and enter the proposal attached to the Declaration of Benjamin S. Levine as "Exhibit D" for M.S. Specifically, Petitioner Elsa Acosta requests that the Court enter the Proposed Order filed concurrently herewith. As stated, Petitioner Elsa Acosta is D.S., C.S., J.S., and M.S.'s guardian *ad litem*, natural mother, and legal guardian. Petitioner Elsa Acosta's verification is attached hereto.

### III.   CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED:   July 18, 2025                         LAW OFFICES OF DALE K. GALIPO

                                               By:   */s/ Benjamin S. Levine*
                                                     Dale K. Galipo
                                                     Benjamin S. Levine
                                                     *Attorneys for Plaintiffs*