1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S., a minor by and through his guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado; C.S., a minor by and through his guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado; J.S., a minor by and through her guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado; M.S., a minor by and through her guardian ad litem Elsa Acosta, individually and as successor-in-interest to William Salgado, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HUNTINGTON PARK; NICK NICHOLS; RENE REZA; MATTHEW RINCON; APRIL WHEELER; and DOES 5 through 10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-09412-CBM-AGR <br><br> *District Judge Consuelo B. Marshall* <br><br> **[PROPOSED] ORDER APPROVING PLAINTIFFS' PETITION FOR COMPROMISE OF MINOR PLAINTIFFS D.S., C.S., J.S., AND M.S.** |

[PROPOSED] ORDER

# [PROPOSED] ORDER

This Court, having considered Elsa Acosta's Application for Approval of the Compromise of the Claims of minor Plaintiffs D.S., C.S., J.S., and M.S., and GOOD CAUSE appearing therefor, hereby **GRANTS** the Application and makes the following orders:

1. The settlement of minor Plaintiffs D.S., C.S., J.S., and M.S.'s action against the Defendants in the net amount of $290,539.48 each ($1,162,157.95 total) is hereby approved.

2. Within 30 days of this order, Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $2,000,000, payable as follows:

    a. Defendants will purchase a structured annuity for each of the four minor Plaintiffs in the amount of $290,539.48 per Plaintiff from Prudential Assigned Settlement Services Corp. (hereinafter referred to as "Assignee(s)"), which will provide periodic payments to be made by The Prudential Insurance Company of America (hereinafter referred to as "Annuity Carrier(s)") rated A+ by A.M. Best Company. Defendants shall purchase the four annuities via a single draft for the combined annuity amount of $1,162,157.95.

    b. Defendants shall also make a draft for $837,842.05 payable to "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by Plaintiffs D.S., C.S., J.S., and M.S., and (2) reimbursement of the advanced litigation costs in the amount of $37,842.05.

3. For D.S., Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Benjamin S. Levine and as set forth as follows:

  a. $30,000.00 payable annually, guaranteed tax free for 4 years, beginning on January 19, 2029, with the last guaranteed payment on January 19, 2032;

  b. $75,000 lump sum, guaranteed tax free, payable on January 19, 2036;

  c. $295,108.51 lump sum, guaranteed tax free, payable on January 19, 2041.

4. For C.S., Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibit B" to the Declaration of Benjamin S. Levine and as set forth as follows:

  a. $35,000.00 payable annually, guaranteed tax free for 4 years, beginning on March 10, 2031, with the last guaranteed payment on March 10, 2034;

  b. $80,000 lump sum, guaranteed tax free, payable on March 10, 2038;

  c. $325,405.79 lump sum, guaranteed tax free, payable on March 10, 2043.

5. For J.S., Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibit C" to the Declaration of Benjamin S. Levine and as set forth as follows:

  a. $40,000.00 payable annually, guaranteed tax free for 4 years, beginning on May 10, 2033, with the last guaranteed payment on May 10, 2036;

  b. $90,000 lump sum, guaranteed tax free, payable on May 10, 2040;

  c. $358,014.87 lump sum, guaranteed tax free, payable on May 10, 2045.

6. For M.S., Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibit D" to the Declaration of Benjamin S. Levine and as set forth as follows:

     a. $45,000.00 payable annually, guaranteed tax free for 4 years, beginning on December 1, 2034, with the last guaranteed payment on December 1, 2037;

     b. $95,000 lump sum, guaranteed tax free, payable on December 1, 2041;

     c. $365,564.08 lump sum, guaranteed tax free, payable on December 1, 2046.

7. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

8. Disbursement drafts will be made payable to and will begin being issued directly to D.S., C.S., J.S., and M.S. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit A," "Exhibit B," "Exhibit C," and "Exhibit D" to the Declaration of Benjamin S. Levine filed concurrently with Elsa Acosta's application.

9. Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s), of the Defendants' liability to make the periodic payments as described above and in "Exhibit A," "Exhibit B," "Exhibit C," and "Exhibit D" to the Declaration of Benjamin S. Levine. Such assignment, when made, shall be accepted by Plaintiffs D.S., C.S., J.S., and M.S. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee(s).

10. Defendants and/or Assignee(s) shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier(s).

11. The Assignee(s) shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

12. The Assignee(s) may have Annuity Carrier(s) transmit payments directly to D.S., C.S., J.S., and M.S. as set forth above. Elsa Acosta (until Plaintiffs D.S., C.S., J.S., and M.S. reach the age of majority) and then D.S., C.S., J.S., and M.S. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee(s).

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE