Angel Carrazco, Jr. (SBN 230845)
Kent M. Henderson, of counsel (SBN 139530)
Christopher L. Holm (SBN 308446)
**CARRAZCO LAW, A.P.C.**
2400 Main Street, Suite 200
Irvine, CA 92614
Telephone: (714) 541-8600
Facsimile: (714) 541-8601

Attorneys for Plaintiffs
William Omar Castillo Miranda, et al

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM OMAR CASTILLO MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; JUANA MARIA MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; O.C.E. a minor by and through their Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA GUADELUPE ESPINOZA SALMERON, an individual; OSMAR ANTONIO CASTILLO BLANDON, an individual; KARLA VANESSA BLANDON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HUNTINGTON PARK; RENE REZA, an individual; APRIL WHEELER, an individual; MATTHEW RINCON, an individual; NICK NICHOLS, an individual; JOSE A. YAMASAKI, an individual; SAUL RODRIGUEZ, an individual; and DOES 1 TO 10, inclusive, DOES 1-10, inclusive.<br><br>Defendants. | CASE NO.: 2:23-cv-09412-CBM-AGR<br><br>EX PARTE APPLICATION AND PETITION FOR APPROVAL OF MINORS' COMPROMISE OF MINOR PLAINTIFF, O.C.E.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declaration of Kent M. Henderson and Exhibits thereto filed concurrently herewith]<br><br>The Hon. Consuelo Marshall |

**TO THE CLERK OF THE COURT AND TO THE HONORABLE CONSUELO MARSHALL:**

**PLEASE TAKE NOTICE** that Plaintiff, O.C.E., a minor by and through their Guardian Ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON, hereby petitions this Court Ex Parte to approve the minor's proposed compromise of their claims in this matter. The details of the history of the litigation and the terms of the minor's\ compromise and settlement are set forth in the Petition for Compromise of the Claim of Minor, supporting Declaration and Exhibits attached hereto and/or filed herewith.

Statement of Local Rule 7-3 Compliance: Prior to filing this motion, the parties conferred in detail regarding its contents and Defense counsel, Caroline Byrne, of WOODRUFF & SMART, has been given notice of this Application and Defendants have no objection to it. Defendants and their counsel have agreed to the terms of the minors' compromises and settlements, obtained the necessary approvals of them and have agreed to allow Plaintiffs to seek the Order Approving Compromises Ex Parte and to obtain the approval without a hearing.

This Application is based on this Petition, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of Kent M. Henderson and exhibits thereto.

DATED: July 25, 2025

**CARRAZCO LAW, A.P.C.**

/s/ *Kent M. Henderson*

By: ______________________________

ANGEL CARRAZCO, JR.
KENT M. HENDERSON
CHRISTOPHER L. HOLM
Attorneys for Plaintiffs
William Omar Castillo Miranda, et al

## EX PARTE APPLICATION AND PETITON FOR ORDER APPROVING MINOR'S COMPROMISE

### I. INTRODUCTION:

### A. Statutory Basis for Petition for Minor's Compromise and Brief Description of Overall Settlement

Central District of California L.R. 17-1.2 provides that "no claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Petitioner hereby submits this petition for the approval of the settlement obtained in this matter for Minor, O.C.E. and requests that the Court approve the proposed distribution of the minor's funds. Plaintiffs are filing the current Petition to Approve Minor's Compromise and Supporting documents in compliance with Local Rule 17-1.2.

A global settlement of the case as to all parties was reached in the total sum of $500,000.00. This settlement requires court approval of the claims of the minor, O,C.E. (age 16). The minor O.C.E. will receive a gross settlement amount of $100,000.00, of which they will receive a net sum of $60,000.00. Minor, O.C.E. will utilize structured settlement/annuity. The settlement will include settlement of the minor Plaintiff's claim and Plaintiffs' dismissal of the current action (in exchange for the Defendants' global settlement payment of $500,000.00 as to all of the Miranda Plaintiffs). The details of the settlement for which approval is sought, including the net amounts and the distribution of the proceeds are set forth herein and in the supporting documents and exhibits filed herewith.

**B. Factual Background/Procedural History**

This is a case regarding the October 30, 2022, police shooting death of Decedent, WILLIAM RENE SALGADO MIRANDA (aka WILLIAM SALGADO) (age 31 at time of death). He was shot by CITY OF HUNTINGTON PARK and its HUNTINGTON PARK POLICE DEPARTMENT (hereinafter sometimes referred to collectively as "HPPD") police Officers RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, and SAUL RODRIGUEZ (referred to at times collectively as "Defendant Officers'). Plaintiff, O.C.E. is one of six Plaintiffs collectively referred to as the "Miranda Plaintiffs," and is the biological half-brother of Decedent, WILLIAM RENE SALGADO MIRANDA (aka WILLIAM SALGADO) represented by current Plaintiffs' counsel. Plaintiff, O.C.E. is the only minor Plaintiff of the six Miranda Plaintiffs.

On October 30, 2022, HPPD Defendant Officers arrived at Plaintiffs' residence in Huntington Park. When they arrived, Decedent, WILLIAM SALGADO was in the courtyard of the apartment complex, talking on the phone with his children and with his father, Plaintiff WILLIAM OMAR CASTILLO MIRANDA, stepmother, Plaintiff EUGENIA GUADELUPE ESPINOZA SALMERON, half-brother Plaintiff, OSMAR ANTONIO CASTILLO BLANDON, and half-brother / minor plaintiff, O.C.E. HPPD Defendant Officers instructed the Plaintiffs to go into their second-floor apartment, and engaged in a conversation with Decedent, WILLIAM SALGADO for an extended period of time. Plaintiffs, WILLIAM OMAR CASTILLO MIRANDA and OSMAR

ANTONIO CASTILLO BLANDON remained outside, but moved to a balcony overlooking the courtyard and with a clear view of Decedent WILLIAM SALGADO and HPPD Defendant Officers. Minor Plaintiff, O.C.E. went inside, but was near a window and could clearly hear the entire interaction going on. Plaintiffs allege that during the course of this interaction, HPPD Defendant Officers suddenly and unjustifiably used deadly force, shooting and killing Decedent, WILLIAM SALGADO. Some of the Plaintiffs watched and/or directly heard the events and the shooting death taking place.

On May 1, 2023, Plaintiffs' counsel timely presented Government Claims to City of Huntington Park and HPPD on behalf of Plaintiffs. On June 11, 2024, Plaintiffs thereafter timely filed a lawsuit in the United States District Court for the Central District of California containing causes of action for violation of Substantive Due Process (42 U.S.C. §1983 (14th Amendment)), and Negligent Infliction of Emotional Distress. Plaintiffs filed a First Amended Complaint on July 29, 2024, and was promptly served thereafter. Prior to filing suit, the Miranda Plaintiffs' counsel had diligently sought information about the Incident, including the names of the shooters through a Public Records Request. The Miranda Plaintiffs were then able to include the HPPD Defendant Officers in the complaint. Defendants filed an Answer to the Operative Complaint on July 31, 2024. It was determined prior to filing that a lawsuit had been filed on behalf of the surviving minor children of Decedent by Law Offices of Dale Galipo (referred to at times as the "Salgado Plaintiffs"). The cases were eventually

consolidated. Plaintiffs' counsel served Plaintiffs Initial Disclosures, conducted written discovery obtaining police records, photographs and other voluminous documents and exhibits. Miranda Plaintiffs' counsel engaged vigorously in the litigation process, working in conjunction with counsel for the Salgado Plaintiffs. Miranda Plaintiffs' counsel engaged in all depositions (over 10 in total), defended the depositions of all six plaintiffs, attended the depositions of all Salgado Plaintiffs, and worked in conjunction with counsel for the Salgado Plaintiffs in retaining experts (police practices expert and pathology / bullet trajectory analysis expert). Miranda Plaintiffs' counsel then engaged in opposing Defendants' Motion for Summary Judgment. Miranda Plaintiffs' counsel then engaged in mediation, wherein the matter reached a settlement. (See Declaration of Kent M. Henderson regarding the foregoing and the efforts / work expended by Plaintiffs' counsel in this matter).

The case involved complicated, disputed issues regarding of alleged resistance and failure to surrender of Decedent, claims of qualified immunity, claims of Decedent's alleged actions of supposed "suicide by cop," etc. The case required an analysis of the autopsy results compared to the testimony of the Defendant Officers and other evidence. To this end, counsel for Miranda Plaintiffs actively participated in the taking of the deposition of county medical examiner Dr. Juan Carillo, MD. The Los Angeles County District Attorneys' Office conducted an investigation of the shooting and as of the filing of the suit (and settlement) has not yet made a determination of whether to file criminal charges as to the HPPD Defendant Officers.

The $500,000.00 global settlement was divided as follows among the Miranda Plaintiffs: $200,000.00 for Plaintiff, WILLIAM OMAR CASTILLO MIRANDA; $125,000.00 for Plaintiff, OSMAR ANTONIO CASTILLO BLANDON; $100,000.00 for minor Plaintiff, O.C.E.; $45,000.00 for Plaintiff, JUANA MARIA MIRANDA; $20,000.00 for Plaintiff, EUGENIA GUADELUPE ESPINOZA SALMERON; and $10,000.00 for Plaintiff, KARLA VANESSA BLANDON.

The overall costs in the case are to be divided amongst the five adult Miranda Plaintiffs. Minor Plaintiff, O.C.E. will not pay any share of costs out of his share of settlement proceeds. This division was agreed to by the Miranda Plaintiffs collectively, but also reflects the facts and also the various legal strengths of the individual Plaintiff's claims. For instance, minor Plaintiff O.C.E. is being assigned 1/5 (20%) of the overall settlement which is the third most of any Plaintiff. One of the reasons O.C.E. is being assigned $100,000.00 gross settlement is that there was a serious challenge made by Defendants to his best claim for relief – Negligent Infliction of Emotional Distress, whereas Plaintiffs, WILLIAM OMAR CASTILLO MIRANDA (father) and OSMAR ANTONIO CASTILLO BLANDON (half-brother, who directly witnessed (eyes and ears) the shooting of Decedent), Plaintiff O.C.E. was inside the apartment and experienced the shooting only by hearing it. Some of the other plaintiffs were assigned much smaller amounts than O.C.E. because they were not present when Decedent was shot [but still had 14th Amendment Substantive Due Process claims].

This case was vigorously litigated and Plaintiffs' counsel advanced and expended $28,890.72 in total recoverable costs made up of $21,338.22 in litigation costs and $7,552.50 in expert costs. (Henderson Dec.). Minor Plaintiff O.C.E. is not being charged any portion of these costs. The settlement of the minor Plaintiff is through the use of structured settlement / annuity as set forth below.

## II. THE PROPOSED SETTLEMENT AND DISTRIBUTION

### A. The Overall Settlement

Plaintiff, O.C.E. (half-brother DOB: 01/22/2009, current age 16) is the half-brother of Decedent, WILLIAM SALGADO. The instant claim of O.C.E. arises from the fatal shooting of WILLIAM SALGADO by HPPD Defendant Officers on October 30, 2022. The claims by minor Plaintiff, O.C.E. include violation of Substantive Due Process (42 U.S.C. §1983 (14th Amendment)), and Negligent Infliction of Emotional Distress against all Defendants.

The Plaintiff is: O.C.E. (current Age: 16 years old; Date of Birth [01-22-2009]), Guardian Ad Litem: EUGENIA GUADELUPE ESPINOZA SALMERON (mother);

The overall total settlement is that Defendants will pay $500,000.00 total, gross settlement to all Plaintiffs and their counsel, of which minor Plaintiff, O.C.E. will receive $100,000.00 gross settlement and $60,000.00 net settlement, and in exchange for said settlement payment, Plaintiffs will dismiss the current action. The breakdown of the settlement proceeds is set forth below.

**B. The Proposed Settlement Distribution for Minor Plaintiff**

Plaintiff, O.C.E. will receive $100,00.00 gross ($60,000.00 net) of the overall $500,000.00 gross global settlement, to be distributed as follows:

**Minor Plaintiff O.C.E.** Total Gross Settlement: $100,000.00 -- (20% of the overall gross settlement). Attorneys' fees $40,000.00 (40%). Litigation (including expert) costs: $ 0.00 (0% of total costs). Net to Minor O.C.E. (to fund structure/annuity): [100,000.00 gross settlement – $40,000.00 attys' fees – $0.00 litigation costs = $ 60,000.00]; and

The Net Proceeds of the Settlements (after attorneys' fees and costs) will be distributed as follows:

As to **Minor Plaintiff O.C.E.** the net $60,000.00 will be payable to "New York Life Insurance Company" to fund a structured settlement annuity with a payout schedule as follows:

**Payable to Plaintiff O.C.E.**

Guaranteed Lump Sums:
$15,000.00 paid as a lump sum on 01/22/2027 guaranteed
$17,000.00 paid as a lump sum on 01/22/2029 guaranteed
$18,000.00 paid as a lump sum on 01/22/2031 guaranteed
$20,522.65 paid as a lump sum on 01/22/2033 guaranteed (See Henderson Dec and Exhibit Nos. 1 and 2 thereto)

The structured settlement / annuity for O.C.E. is with New York Life Insurance and Annuity Corporation which is rated A++ Size XV by A.M. Best Credit Ratings (See Henderson Dec. and Exhibit Nos. 1 and 3 thereto).

**C. Description of the Attorneys' Fees and Costs**

The extensive litigation included: Carrazco Law, A.P.C. (hereinafter "Carrazco Law") taking and defending numerous depositions, including the Defendant officers, guardian and the autopsy surgeon. (See Henderson Dec.). Carrazco Law shared expenses for (in conjunction with Law Offices of Dale Galipo) and provided materials to the Plaintiffs' police practices expert (Scott Defoe) including a crucial photograph taken by the Miranda Plaintiffs that showed the decent at his point of rest after the shooting.

Additionally, Carrazco obtained the records regarding the shooting through discovery efforts, responded to written discovery, propounded written discovery, obtained the autopsy and autopsy photographs, conducted additional investigation, prepared clients for deposition, took and/or participated in the depositions of Defendants, took and/or participated in expert depositions (Plaintiff and Defendant), opposed the Defendants' Motion for Summary Judgment, prepared the Mediation Brief for the Mediation, advised clients and attended the Mediation, and prepared the current petitions. Carrazco also shared expenses for (in conjunction with Law Offices of Dale Galipo) the retention of, the Plaintiffs' police practices expert (Scott Defoe) and pathology / bullet trajectory analysis expert (Bennett Omalu, MD).

Carrazco Law also vigorously opposed Defendants' Motion for Summary Judgment. The Opposition to the MSJ required compiling the evidence for the Separate Statement and numerous hours of preparation of the Points and Authorities and supporting documents and exhibits. The Declaration of Kent M. Henderson has

additional information regarding the legal work performed by Carrazco in this matter, which Declaration is incorporated by reference herein as though fully set forth at this point.

The attorneys' fees are being charged at 40% ($40,000.00 as to the Minor Plaintiff O.C.E.) as allowed under the Carrazco retainer agreements and given the special skill and difficult nature of these type of civil rights cases. (See Henderson Dec.).

Carrazco Law advanced and expended $28,890.72 in total recoverable costs made up of $21,338.22 in litigation costs [filing fees, deposition transcript costs, copies of records, etc.] and $ 7,552.50 in expert costs. (See Henderson Dec.).

As more fully set forth below, the settlement includes a Qualified Assignment/structured settlement annuity with payment schedules for periodic payments for minor Plaintiff O.C.E. The $500,000.00 overall gross, global settlement is inclusive of all attorney's fees and costs of litigation. Minor Plaintiff, O.C.E.'s portion of the gross, global settlement ($100,000.00) is not being charged any amount for costs incurred in this matter. The proposed settlement distribution of the net settlement amounts is set forth above.

**TOTALS:**

Therefore, Plaintiff, O.C.E. hereby requests an order directing disbursements to be made from the settlement proceeds as follows:

| | Check No./ Payable to | Amount |
|---|---|---|
| 1. | New York Life Insurance Company | $60,000.00 |

(Annuity Draft/Annuity Company)
[for O.C.E. settlement]

| | | |
|---|---|---|
| 2. | Carrazco Law, A.P.C. (Attorneys' fees only) | $40,000.00 |
| **TOTAL:** | | $100,000.00 |

## III. DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c). In general, all transactions involving the claims of minors and their proceeds are subject to court approval.

The Local Rules provide the applicable procedural framework. Local Rule 17-1.2 provides that no claim involving a minor "shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue

under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Finally, Local Rule 17-1.5 provides that in all cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." This application also requests that the Court fix the amount of attorneys' fees at the amounts set forth above.

**B. Disclosures pursuant to California Rule of Court 7.950**

1. Petitioner, EUGENIA GUADELUPE ESPINOZA SALMERON is the Guardian Ad Litem for minor Plaintiff, O.C.E.

2. Minor Claimant O.C.E. is the biological half-brother of Decedent in this case, WILLIAM OMAR CASTILLO MIRANDA.

3. The Minor O.C.E.'s gender is male and he was born on January 22, 2009. R.A. is currently 16 years old.

4. The nature of O.C.E.'s claims in this lawsuit are set forth in the operative Complaint filed in this action. Plaintiff, O.C.E. brought claims for violation of Substantive Due Process (42 U.S.C. §1983 (14th Amendment)), and Negligent Infliction of Emotional Distress against all Defendants. Plaintiff. O.C.E. reached a settlement of this matter through negotiation by counsel for the parties.

5. Plaintiff, O.C.E.'s damages in this case arise from (1) the loss of familial relations with his biological half-brother and from contemporaneous witnessed (heard) the shooting of his biological half-brother, under federal and state law. (Henderson Dec.).

6. Medical treatment is not relevant. Plaintiff, O.C.E., has not received medical treatment in connection with this case.

7. Medical billing is not relevant. Plaintiff, O.C.E., has not received medical treatment in connection with this case.

8. Out of the total $500,000.00 global settlement, Minor Plaintiff O.C.E. is receiving: $100,000.00 gross settlement (20% of total global settlement). (Henderson Dec.).

9. The net proceeds for R.A. are $60,000.00. $40,000.00 was deducted for attorneys' fees (40%) and minor Plaintiff O.C.E. is not paying any share of the costs incurred in this matter from their gross settlement. [$100,000.00 – $40,000.00 = $60,000.00]. (Henderson Dec.).

10. The net proceeds for O.C.E. of $60,000.00 will be used to fund a structured settlement/annuity to be distributed over time. The structure settlement/annuity will make payments directly to Plaintiff O.C.E. as follows:

<u>Guaranteed Lump Sums</u>:
$15,000.00 paid as a lump sum on 01/22/2027 guaranteed
$17,000.00 paid as a lump sum on 01/22/2029 guaranteed
$18,000.00 paid as a lump sum on 01/22/2031 guaranteed
$20,522.65 paid as a lump sum on 01/22/2033 guaranteed

11. Attached as "Exhibit No. 1" to this petition is the Minor's Compromise Addendum regarding minor Plaintiff O.C.E. with the periodic payment schedule and the reference to the financial size of the Life Insurance Company that will issue the periodic

payments (New York Lif Insurance Company rated A++ financial size XV by A.M. Best) is incorporated herein in its entirety by reference. O.C.E.'s Guardian ad Litem agrees to this structure and believes that it is in the best interests of her son, O.C.E.

12. The moving Guardian ad Litem does not have any claims against the minor plaintiffs in connection with the subject incident.

13. California Welfare and Institutions Code Section 14124.73 does not apply.

14. This motion does not seek an order for payment of money to a special needs trust. (Henderson Dec.).

**C. Disclosures pursuant to California Rule of Court 7.951**

1. This petition was prepared by Carrazco Law, A.P.C., located at 2400 Main Street, Suite 200, Irvine, CA 92614. Carrazco Law, A.P.C. was previously located (until March of 2025) at 18301 Irvine Boulevard, Tustin, CA 92780. (Henderson Dec.).

2. Carrazco Law, A.P.C. did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. (Henderson Dec.).

3. Carrazco Law, A.P.C, represents all Plaintiffs (6 in total) including minor Plaintiff O.C.E., but are not employed by any other party or any insurance carrier involved in the matter. (Henderson Dec.).

4. Carrazco Law, A.P.C., has not to date received any compensation for services in connection herewith from any person. (Henderson Dec.).

5. Carrazco Law, A.P.C. accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement a lawsuit. The retainer agreement also provides that Plaintiff's counsel may take the greater of 40 percent of all gross amounts recovered or the attorneys' fees awarded by petition to prevailing party under 42 U.S.C. Section 1988 (the latter is not relevant as the case settled rather than there being a verdict and judgement). Plaintiffs' counsel is taking a 40% attorneys' fee in this matter. (Henderson Dec.). The attorneys' fees total $40,000.00 as to the minor Plaintiff O.C.E.'s $100,000.00 gross settlement and the costs total $28,890.72, of which minor Plaintiff O.C.E. is not being charged any share of the costs. This leaves a $60,000.00 net settlement to minor Plaintiff O.C.E. which amount will be used to fund a structured settlement / annuity for the benefit of the minor Plaintiff O.C.E.

**E. <u>Petitioner's Endorsement</u>**

Petitioner, EUGENIA GUADELUPE ESPINOZA SALMERON has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understand the transactions proposed in this petition, and request that the Court approve it.

Petitioner recommends these transactions and the proposed distribution to the Minor, O.C.E. to the Court as being fair, reasonable, and in the best interests of Minor

O.C.E., and request the Court approve them and make such other and further orders as may be just and reasonable.

Petitioner specifically requests that the Court enter an order approving the proposed annuity described in Exhibit Nos. 1 and 2. Petitioner submits that these disbursements are reasonable and in her son's best interests, and requests that the Court approve them and make such other and further orders as may be just and reasonable.

**F. Attorneys' fees and minor plaintiffs**

Local Rule 17-1.5 provides that in call cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." See also Local Rule 83-5.3 (identical rule effective June 1, 2012, superseded by current rule). The attorneys' fees that are requested to be approved represent an amount due under the existing retainer agreement, 40%.

This case involved a substantial amount of risk, a great deal of work and was vigorously litigated by a hardworking team of attorneys from Carrazco Law, A.P.C. Plaintiffs' counsel obtained outstanding results for their clients in this case. As a result of the attorneys' efforts, O.C.E. will enjoy annuity payments spread over a number of years. As a result of the work of Plaintiffs' counsels the City of Huntington Park and its Huntington Park Police Department Police officers responsible for his half-brother's death was the subject of an important civil rights settlement, which (it is hoped) will deter future police misconduct of this kind. Put simply, the result in this case served the public interest.

If O.C.E's counsel were not awarded a fully compensatory fee in such cases, then this would discourage similarly situated attorneys from taking these types of cases. Specifically, it would provide a disincentive for skilled attorneys to take cases involving minor plaintiffs, which if anything require a higher level of legal expertise and experience than cases involving adult plaintiffs. Civil rights cases are difficult enough for attorneys to take and win, without the additional disincentive of a reduced fee at the end. In sum, a larger reduction of the attorneys' fees would inhibit the provision of high quality of legal services to civil rights victims who are minors. In turn, minor plaintiffs, such as O.C.E. would not be able to attract competent counsel who could achieve similar results.

Accordingly, Plaintiff, O.C.E.'s attorneys request the approval of the full amount of the requested attorneys' fees and costs.

## III. CONCLUSION

For the reasons above, the Court should enter the [Proposed] Order Approving Minors Compromise for Minor, O.C.E. submitted concurrently herewith.

DATED: July 25, 2025

**CARRAZCO LAW, A.P.C.**

/s/ *Kent M. Henderson*

By: ______________________________

ANGEL CARRAZCO, JR.
KENT M. HENDERSON
CHRISTOPHER L. HOLM
Attorneys for Plaintiffs

\\

\\

**ENDORSEMENT OF PETITION:**

I, EUGENIA GUADELUPE ESPINOZA SALMERON, as Guardian Ad Litem of my son, O.C.E., have reviewed the foregoing Petition for Approval of Minors' Compromise and I know and approve of its contents.

DATED: July 25, 2025

EUGENIA GUADELUPE ESPINOZA SALMERON,
as Guardian ad Litem of O.C.E.