# EXHIBIT NO. 2

# QUALIFIED ASSIGNMENT AND RELEASE

"Claimant": C▮▮ C▮▮

"Assignor": City of Huntington Park

"Assignee": **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION**

"Annuity Issuer": **NEW YORK LIFE INSURANCE COMPANY**

"Effective Date":

This Qualified Assignment and Release (the "Agreement") is made and entered into by and between the parties hereto as of the Effective Date with referenced to the following facts:

A. Claimant has executed a settlement agreement or release dated _____, (the "Settlement Agreement") that provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant or payee(s), as stated in Section 15 (the "Periodic Payments")

Claimant and Assignor acknowledge that the Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(1) or (2) and 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").

B. The parties desire to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Code.

C. The Assignee desires to assume the Assignor's liability to make the Periodic Payments and the Assignor desires to assign such liability to the Assignee.

**NOW, THEREFORE,** in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1. The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Section 15. The Claimant hereby accepts the Assignee's assumption of the Assignor's liability to make the Periodic Payments and hereby releases the Assignor from all such liability.

2. The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Claimant has no rights against the Assignee greater than that of a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased, nor may any of them be anticipated, sold, assigned or encumbered.

3. The obligation assumed by Assignee with respect to any required Periodic Payment shall be discharged upon the mailing, on or before the due date of such Periodic Payment, of a valid check in the amount of such Periodic Payment, to (a) the address of the Claimant or payee(s), as set forth in Section 15 of this Agreement or as designated from time to time by the Claimant or payee(s) in a written notice to the Assignee; or (b) to any successor, assign or substitute payee as may be designated by a court of competent jurisdiction.

4. After the death of the Claimant or payee(s), any remaining Periodic Payments shall be made as scheduled to the Beneficiary(ies) designated in Section 15, or as later designated in writing by the Claimant or payee(s). Any change must be acceptable to Assignee, and is subject to any payment made or action taken by Assignee prior to acceptance. If there is no Beneficiary(ies) named or living, the remaining Periodic Payments will be paid to the Claimant's or payee's estate.

5. The Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

6. The Assignee may fund the Periodic Payments by purchasing a "qualified funding asset" within the meaning of Section 130(d) of the Code in the form of an annuity contract issued by the Annuity Issuer. All rights of ownership and control of such annuity contract (including the payments and proceeds with respect thereto) shall be and remain vested in the Assignee exclusively.

7. The Assignee may have the Annuity Issuer send payments under any "qualified funding asset" purchased hereunder directly to the Claimant or payee(s) specified in Section 15. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the Claimant or payee(s) with any rights of ownership or control over the "qualified funding asset" or against the Annuity Issuer.

8. The Assignee makes no representations with respect to the tax consequences of this Agreement.

9. The Assignee acknowledges that the guarantee by New York Life Insurance Company of the obligation assumed herein is effective as of the date hereof.

10. In the event the Settlement Agreement is declared terminated by a court of competent jurisdiction or in the event that Section 130(c) of the Code has not been satisfied, this Agreement shall terminate. The Assignee shall then assign ownership of any qualifying funding asset purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

11. Any notice to a party to this Agreement shall be in writing and shall be deemed to have been given when mailed to the party's address set forth herein, or such other address as such party may specify in writing pursuant to Section 3.

12. This Agreement shall be binding upon the respective representatives, heirs, successors (including any Beneficiary(ies) designated hereunder by Claimant) and assigns of the parties hereto and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

13. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware.

14. Unless terminated earlier pursuant to Section 10 hereof, this Agreement shall terminate upon the payment in full of all of the Periodic Payments.

## DESCRIPTION OF PERIODIC PAYMENTS

15. The payments described below are the obligations of the Assignor under the Settlement Agreement described in paragraph A of this Qualified Assignment and Release. Assignor requests the New York Life Insurance and Annuity Corporation to assume the obligations to make these future periodic payments.

PAYEE:                    SEE ATTACHED ADDENDUM NO. 1

MAILING ADDRESS:

BENEFICIARY(IES):

(If a beneficiary is not designated, payments due after the death of the Payee shall therefore be made to the Payee's Estate.)

PERIODIC PAYMENTS: (Attach and initial an addendum if needed)

SEE ATTACHED ADDENDUM NO. 1

Assignor: __City of Huntington Park__          Assignee: __New York Life Insurance and Annuity Corporation__

By: _____          By: _____
    *Authorized Representative*              *Authorized Representative*

Title: _____          Title: _____

Address: _____          Address:  51 Madison Avenue
_____                    New York, NY  10010

                                         Approved as to form and Content:

Claimant: _____          _____
    *Signature of Claimant*                   *Claimant's Attorney(s)*

# Addendum No. 1
## Description of Periodic Payments

Payee (1):      O█████ C█████
Payee Address:
Beneficiary:    Payee's estate.
Benefit(s):     1. **Guaranteed Lump Sum** - $15,000.00 paid as a lump sum on 01/22/2027 guaranteed.
                2. **Guaranteed Lump Sum** - $17,000.00 paid as a lump sum on 01/22/2029 guaranteed.
                3. **Guaranteed Lump Sum** - $18,000.00 paid as a lump sum on 01/22/2031 guaranteed.
                4. **Guaranteed Lump Sum** - $20,522.65 paid as a lump sum on 01/22/2033 guaranteed.

**Initials**

Claimant: _____

Assignor: _____

Assignee: _____